NO SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 2 2 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Janice Kearney<br>Samantha Rodriguez<br>Gwendolyn Bird<br>Laurie Goldstein<br>On behalf of themselves and all others<br>similarly situated<br>　　Plaintiffs<br>v.<br>Cavalry Portfolio Services LLC<br>Cavalry SPV I LLC<br>Thomas Law Offices PLLC<br>Choi Law Office PLLC<br>Danielle C. Choi<br>Schacter Portney, LLC<br>Craig Faye<br>John Does # 1 - 10<br>　　Defendants | Case No.: _____ |

WEINSTEIN, J.

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiffs Janice Kearney, Gwendolyn Bird, Samantha Rodriguez and Laurie Goldstein, on behalf of themselves and all others similarly situated, bring suit against Defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* and N.Y. Gen. Bus. Law § 349 *et seq.* for systematically filing and prosecuting thousands of collection lawsuits without having standing to do so.

### A.   JURISDICTION AND VENUE

1.　　The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*, (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court

1

has supplemental jurisdiction under 28 U.S.C. §1367 over plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.     Venue in this District is proper because all or a substantial part of the events or omissions giving rise to their claims occurred in Kings County, New York for Plaintiff Janice Kearney; and Richmond County New York for Plaintiff Gwendolyn Bird.

3.     Plaintiff Janice Kearney is an individual who resides in Kings County, New York. Plaintiff Gwendolyn Bird is an individual who resides in Richmond County, New York. Plaintiff Samantha Rodriguez is an individual who resides in Bronx County, New York. Plaintiff Laurie Goldstein is an individual who resides in Westchester County, New York.

4.     Defendant CAVALRY PORTFOLIO SERVICES LLC is a corporation organized under the laws of the State of Delaware, with its principle place of business at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.     Defendant CAVALRY SPV I LLC is a corporation organized under the laws of the State of Delaware, with its principle place of business at 500 Summit Lake Drive, Valhalla, NY 10595. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

6.     Defendant CHOI LAW OFFICE PLLC is a corporation organized under the laws of the State of Delaware, with its principle place of business at 500 Summit Lake Drive, Suite 4A, Valhalla, NY 10595. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

2

7.    Defendant DANIELLE C. CHOI is an individual who, on information and belief, is a resident of the State of New York. Her principal place of business is located at 500 Summit Lake Drive, Suite 4A, Valhalla, NY 10595. She may be served at his place of employment, or wherever she may be found.

8.    Defendant SCHACTER PORTNEY, LLC is a corporation organized under the laws of the State of New Jersey, with its principle place of business at 3490 U.S. Route 1, Princeton, NJ 08540. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

9.    Defendant CRAIG FAYE is an individual who, on information and belief, is a resident of the State of New York. His principal place of business is Schacter Portney, LLC located at 500 Summit Lake Drive, Suite 4A, Valhalla, NY 10595. He may be served at his place of employment, or wherever she may be found.

## B.    NATURE OF THE CLAIMS

10.    This lawsuit involves the filing of thousands of illegal collection lawsuits filed and litigated by all Defendants in the name of Cavalry Portfolio Services. Through the coercion of illegal debt collection litigation filed under the name of Cavalry Portfolio Services, all Defendants inflicted damage on thousands of unsuspecting consumers in New York State. This damage to the class includes taking money from consumers under threat of litigation and judgment when the debt collector never had the legal right to file suit in the first instance. The damage also includes the time spent and costs incurred by consumers to defend against meritless collection lawsuits that should never have been filed and should never have been prosecuted.

11.   Cavalry SPV I, LLC (SPV I) purchases hundreds of thousands of charged of consumer accounts for pennies on the dollar. SPV I owns title to the debts.

12.   Cavalry Portfolio Services ("CPS") is the servicer for SPV I. CPS is assigned rights to seek to collect the debt, but is not assigned title or ownership to the debt, which remains with SPV I.

13.   SPV I collects debts directly or indirectly through its servicer CPS. SPV I has CPS file collection suits on its behalf SPV I but in the name CPS. Therefore, SPV I is jointly and severally liable for the debt collection violations of CPS committed in filing suit in its own name when seeking to collect a debt for SPV I. As such, the term Cavalry Defendants means CPS and SPV I, jointly and severally.

14.   The Cavalry Defendants retained law firms to file collection lawsuits in the name of CPS. On information and belief, until October, 2010 the Cavalry Defendants retained the Thomas Law Offices PLLC and its attorney Anne Thomas (collectively "Thomas") to file and prosecute collection lawsuits in the name of CPS. This action is not brought against Thomas given the time period since Thomas was attorney of record for CPS. Subsequent to Thomas, the Cavalry Defendants retained the Choi Law Office PLLC its attorney Danielle C. Choi (collectively "Choi") and, most recently, retained Schacter Portney, LLC and its associate Craig Faye, Esq. (collectively "Schacter") to collect debts through litigation in the name of CPS. Defendants Choi and Schacter (collectively the "Law Firms") are each "debt collectors" under the FDCPA, as are

4

the Cavalry Defendants.[1]

15.    The illegality of the collective debt collection activities of all Defendants in this action are demonstrated by the four corners of the pleadings they file in the collections lawsuit they bring in the name of CPS, and the documents they reference in the collections lawsuits.

## C.    THE NAMED PLAINTIFFS

16.    In describing the debt collection litigation brought against the named plaintiffs, it is assumed, arguendo, that the sales and assignment documents are accurate. This is not to suggest that there are not defects in evidence in these collection lawsuits, such as incomplete assignments, or failure to tie a general assignment to a specific consumer, or to provide evidence of the putative credit agreement.

17.    Attached to the complaint and incorporated by reference are the pleadings, discovery and collections letters for each of the named plaintiffs that are pertinent to this class action.[2]

### a.  *Samantha Rodriguez.*

18.    On January 30, 2004, a default judgment was entered in Orange County Court of Florida in favor of DaimlerChrysler and against Samantha Rodriguez for $9,519.18, with post-judgment interest to accrue at 7%.

19.    On August 28, 2010, CPS, through Thomas, filed a lawsuit in Bronx Civil Court seeking

---

1 Incidentally, the addresses the Law Firms (and Thomas) operate out of the same building as the Cavalry Defendants, bespeaking the point the Law Firms are just an extension the debt collection operation of the Cavalry Defendants.

2 It should be pointed out that some of the pleadings in the collections lawsuits are signed on one date, but the court stamp on the document or the court's electronic records demonstrate it was in fact filed at a later date. This is especially true of complaints. Where there is a discrepancy this complaint will generally use the date where the court records actually indicate a pleading was filed.

to enforce the Florida judgment. By way of its lawsuit, CPS sought 9% interest on the Florida judgment even though the very judgment CPS attaches to its complaint stated that post-judgment interest was to accrue at just 7% interest.

20.     On October 19, 2010, Choi was substituted for Thomas as counsel for CPS.

21.     CPS never served Ms. Rodriguez with the summons and complaint. Instead, CPS filed a false affidavit of service with the clerk, and based on that false affidavit was able to obtain a default judgment.

22.     Specifically, on December 6, 2010 the process server, Benjamin Lamb of the process serving company Samserv, Inc., contended he delivered the summons and complaint to an unidentified man at 1749 Grand Concourse, Apt. 8F, Bronx, NY. The process server states that the unnamed man confirmed Ms. Rodriguez lived at that address, and that she was not in the military.

23.     On February 25, 2011 CPS, through Choi, filed a Statement for Judgment, seeking to obtain a default judgment based on the false affidavit of service. The Statement for Judgment and attached Affidavit of Facts sought to obtain judgment in the name of CPS for the amount of the debt, plus costs and disbursements.[3]

24.     Based on the false affidavit of service and the representation of CPS in its application for judgment, the clerk entered default judgment against Ms. Rodriguez on March 4, 2011 for $14,528.28.

---

3  The amount of the judgment CPS sought to obtain was also inflated based on its own numbers. The Affidavit of Facts stated, "As of February 2, 2011, there was due and owing the Plaintiff, Cavalry Portfolio Services, the amount of $14,323.28." As a simple matter of math, CPS was inflating the amount due by $576.23 for judgment of $9,519.18 accruing post-judgment interest at 7% since January 30, 2004. CPS demanded judgment in its own name for $14,525.28, which included "costs and disbursements in this action" of $202.00.

25. In Friday, July 15, 2011, Ms. Rodriguez was applying for housing. During the course of the application, Ms. Rodriguez was informed that she could no be approved for housing because of a judgment listed on her credit report by CPS. This was the first time Ms. Rodriguez knew anything of the collections lawsuit against her by CPS.

26. First thing on Monday, July 18, 2011, Ms. Rodriguez went straight to the Bronx Civil Courthouse to find out what was going on. In her *pro se* Affidavit in Support of an Order to Show Cause to Vacate a Judgment for Failure to Answer filed on July 18, 2011, Ms. Rodriguez stated why she desperately needed to vacate the default judgment. (The grammatical errors are in the original).

> i didnt receive paper work i do not reside at 1749 grandcourse since june,2010
> unfortunatly been residing in a shelter due to an domestic violence issue .on Friday
> 7/15 i went for an interview for an apartment which brought me upto date
> Knowledge of this case on my credit report when searching my credit by the
> Apartment interviewer and now i have been denied apt because of this on my
> credit. im trying to get my life back together and out of the shelter.

27. The default judgment by CPS was preventing Ms. Rodriguez from being able to get herself and her 14 year old daughter out of the shelter that they had been living since Ms. Rodriguez fled from a domestic violence situation, and into a more permanent housing.

28. On July 28, 2011 CPS, through Choi, filed an Affirmation in Opposition to the pro se order to show cause, and attached the Samserve, Inc. affidavit of service. It is incredible that CPS would rely on the affidavit of Samserv. Ms. Rodriguez stated under oath she did not reside at the address where Samserv claimed she was residing. Therefore, there could not have been an individual named "John" to confirm her living at an address which she was not living at. Moreover, Samserv has been sued in a class action lawsuit for systematically filing false

7

affidavits of service. That suit has survived a motion to dismiss. *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413 (S.D. N.Y. 2010). The complaint in Sykes documented widespread fraud in the affidavits of service executed by Samserv. It was unreasonable for CPS to attempt to rely on the affidavit of a Samserv process server when faced with a sworn statement of contravention. In any case, the opposition to the motion to vacate judgment is an attempt to retain a judgment in the name of CPS, who never had standing to file suit at the outset.

29.     On August 3, 2011 Bronx Civil Judge Lizabeth Gonzalez vacated the default judgment and directed Ms. Rodriguez to file an answer, which she did later the same day.

30.     On August 31, 2011, the Bronx Civil Court Judge ordered CPS to answer discovery requests, and specifically ordered CPS to provide a complete chain of assignment. The case was adjourned to November 23, 2011.

31.     On September 2, 2011 CPS, through Choi, filed with the Court the documents it was ordered to serve on Ms. Rodriguez. CPS enclosed the following documents, which, themselves, demonstrate that CPS never had standing to file suit in the first place.

32.     The Affidavit of Claim ¶ 5 stated "the Account was purchased by Cavalry SPV I, LLC on 12/21/2007 and *the servicing and collection rights* for the account *were assigned* by Cavalry SPV I, LLC to Cavalry Portfolio Services, LLC." (emphasis added)

33.     A document entitled Assignment, "effective as of December 28, 2007," stated SPV I assigns to CPS "all of Assignor's [SPV I's] rights to pursue collection or judicial enforcement of obligations under each of the Assignor's accounts…, including engagement of attorneys and commencement of legal actions reasonably required to enforce said legal actions…"

34.    In contrast, the Bill of Sale and Assignment of Accounts says that the underlying creditor, DaimlerChrysler, "hereby absolutely sells, transfers, assigns, sets-over and conveys to Cavalry SPV I, LLC… (a) *all of Seller's* [DaimlerChrysler] *right, title and interest* in and to each of the Accounts."

35.    Under New York law, for an assignee to have standing and capacity to sue, the assignee must be the "real party in interest,"[4] which means that the assignee "must have some title, legal or equitable, to the thing assigned."[5] Merely granting the power to sue on or enforce a claim or set of claims is not enough for a valid assignment.[6] Essential to an assignment is that the assignor is *entirely* divested of all control over the thing assigned.[7]

36.    In *Spencer v. Standard Metals & Chemicals Corporation*, the seminal case on what constitutes a valid assignment, the New York Court of Appeals held that an instrument giving an attorney the "power to commence or prosecute any suit or action or other legal proceedings for the recovery of damages, debts, demands, choses in action, causes or things whatsoever," did not suffice to show that legal title to the claim had actually been assigned.[8]

37.    Here, there is even less support for the conclusion that legal title to Defendant's account had been assigned to Plaintiff. First, the Affidavit of Claim states merely that "the servicing and

---

4 *See Carvel Farms Corp. v. Bartomeo*, 272 N.Y.S.2d 507, 510 (Sup. Ct. 1965) (despite CPLR § 1004 supplanting the explicit use of "real party in interest" in § 210 of the old Civil Practice Act, the real party in interest requirement was not "stricken from the law" and it has since become a requirement of substantive law).
5 *Spencer v. Standard Metals & Chemicals Corporation*, 237 N.Y. 479, 480-81 (1924). *Spencer* interpreted the phrase "real party in interest" under § 210 of the old Civil Practice Act. § 210's successor provision, CPLR § 1004, provides an enumerated list of representatives who may bring suit by or against a party.
6 *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17-18 (1997) ("The grant of a power of attorney, however, is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name") (citing *Titus v. Wallick*, 306 U.S. 282, 289 (1939)).
7 *Richstone v. Chubb Colonial Life Insurance*, 1999 WL 287332 *6 (May 7, 1999, S.D.N.Y.).
8 *Spencer*, at 481-82.

9

collection rights for [Defendant's] account were assigned by Cavalry SPV I, LLC to Cavalry Portfolio Services, LLC." If an instrument granting an attorney the power to commence or prosecute any suit or action for the recovery of debts is held to be an incomplete assignment, then granting servicing and collection rights are also a grant of something less than full assignment.[9]

38.     The purported Assignment document merely assigns "Assignor's rights to pursue collection and judicial enforcement of obligations under each of Assignor's accounts." This does not suffice to show anything more than a similar assignment to that given in *Spencer*, which was held to be an incomplete assignment.

39.     The Affidavit of Claim ¶ 4 continued to obtain accruing interest "at a rate of 9%" when the Florida judgment limited interest to 7%.

40.     On November 23, 2011, CPS's collection lawsuit was dismissed with prejudice as CPS was not ready for trial.

41.     Ms. Rodriguez suffered actual damages as a result of the actions of Defendants. These actual damages include, without limitation, expenses incurred in defending the collection lawsuit, including the payment of postage for the mailing of pleadings and discovery, payment for copies, the payment for transportation to and from the courthouse, the loss of time in having to attend the court hearings. Actual damages include extreme mental and emotional distress, including anger, frustration, anxiety, feelings of powerlessness; a delay in being able to move herself and her young daughter out of the domestic violence shelter and into more permanent

---

9 *See Spencer*, at 481-82; *Advanced Magnetics*, at 17-18 (instrument granting assignee power to commence actions related to a securities offering is not a valid assignment).

housing; and increased family stress with her daughter as a result of having to live in the shelter for a needlessly extended period of time. The judgment CPS obtained was the fruit from the poisonous tree of CPS filing suit in its own name when it had no standing to do so.

### b. *Janice Kearney*

42.     On or about June 10, 2010, CPS filed suit against Janice Kearney in the Civil Court of the City of New York, Kings County. As with all the complaint at issue in this class action, CPS threatened "Judgment against Defendant(s) for [a sum certain], with costs and disbursements of this action, and interest therein."

43.     As CPS did not have standing to file suit, the threat to enter judgment was a threat to take an action prohibited by law, and mischaracterized the character and status of the putative debt.

44.     On August 18, 2010, Ms. Kearney answered the complaint.

45.     On or about October 19, 2010, Defendant Choi served Ms. Kearney with an affidavit of debt with a bill of sale regarding the debt allegedly owed by Ms. Kearney.

46.     On October 22, 2010, Choi filed as substitute counsel for Thomas in the instant case.

47.     On January 5, 2011, CPS, through Choi, filed a motion for summary judgment.

48.     On February 14, 2011, Kearney filed an affirmation in opposition to CPS's motion for summary judgment, stating that the documents establishing CPS's ownership of the debt were incomplete and inconclusive.

49.     On March 1, 2011, CPS, through its attorney Choi, mailed its Reply to Kearney's Response opposing summary judgment. CPS, through its attorney Choi, incorporated by reference (¶ 5) the "Affidavit of Claim with Bill of Sale, Assignment, and redacted list of accounts transferred, evidencing the chain of *ownership* of the subject debt concluding with"

11

CPS. (emphasis added).

50.     The assignment documents CPS and Choi reference in their Reply is typical of the type of assignment documents that demonstrate, on their face, that CPS never had standing to file suit.

51.     There is a putative Bill of Assignment of March 20, 2009 from Chase Bank USA, NA ("Seller") to Riverwalk Holdings, Ltd ("Buyer"). The Bill of Assignment states Chase "hereby assigns… *all rights, title and interest* of Seller [Chase] in and those certain receivables, judgments or evidence of debts…" (emphasis added). Similarly, a separate Bill of Sale from Riverwalk to SPV I dated October 29, 2009, hereby "assigns… *all rights, title and interest* of Seller [Riverwalk] in and those certain receivables, judgments or evidence of debts…"

52.     No problem so far; "all, rights, title and interest" have been assigned from Chase to Riverwalk to SPV I.

53.     However, the "Affidavit of Claim" demonstrates the shortcoming of the assignment from SPV I to CPS. Item # 5 of the Affidavit states, "the Account *was purchased by Cavalry SPV I,* LLC on 10/30/2009 and *the servicing and collection rights for the account were assigned* by Cavalry, SPV I, LLC to Cavalry Portfolio Services, Inc." Therefore, the CPS Affidavit itself does not state that title of the debt was assigned, but only the "servicing and collection rights." Item # 4 of the Affidavit states the principal balance continues to accrue interest at a 24% rate.

54.     On March 16, 2011, plaintiff's motion for summary judgment was denied by Hon. Katherine Levine of the Civil Court of the City of New York, Kings County. Judge Levine ruled CPS failed to prove "the assignment of the debt from the original creditor to" CPS.

55.     On April 14, 2011, plaintiff filed a certificate of readiness for trial which stated that all pleadings had been served and there was no more necessary discovery to be completed.

56.     The collection lawsuit is still pending as of the date of the filing of this action.

57.     The pertinent pleadings and discovery responses in the Kearney collection lawsuit are attached and incorporated by reference.

58.     Ms. Kearney suffered actual damages as a result of the actions of Defendants. These actual damages include, without limitation, expenses incurred in defending the collection lawsuit, including the payment of postage and copies, the payment for transportation to and from the courthouse and/or to and from her attorney's office. Actual damages also includes the loss of time in having to attend the court hearings or to have to go to meet with her attorney so sign affidavits in opposition to CPS's motion for summary judgment, or otherwise prepare a defense to the collection action that should never have been filed in the first instance.

### c.  *Gwendolyn Bird*

59.     On August 9, 2010, CPS, through Thomas, filed a collection lawsuit against Gwendolyn Bird in the Civil Court of the City of New York, Richmond County.

60.     On August 14, 2010 Bird filed an answer and served discovery requests.

61.     On October 22, 2010, Choi substituted Thomas as counsel for CPS.

62.     On April 11, 2011 CPS, through Choi, filed a Notice of Motion for Summary Judgment.[10] The Motion for Summary Judgment contained attachments which demanded judgment and fees for CPS while at the same time demonstrating that CPS had no legal right to make the demands. The attachments to the motion included the following. The Affirmation In Support motion demanded judgment to be rendered in the name of CPS. The attached complaint demanded

---

10 The Notice of Motion is (back) dated March 17, 2011. However, the court's stamp indicates it was not actually filed until April 11, 2011.

Last printed 2/22/2012 7:14:09 AM

judgment in the name of CPS, as well as costs and disbursements.

63.    Most importantly, the Affidavit of Claim, Bill of Sale and Assignment that CPS attached to its Motion for Summary Judgment demonstrated that CPS had no standing to file or to continue its collection suit as to Ms. Bird for the same reasons CPS could not as to Ms. Rodriguez or Ms. Kearney. The Bill of Sale states that HSBC ("Seller") "does hereby sell, assign and convey to Purchaser [SPV I], its successors and assigns, *all right, title and interest* of Seller in and to" certain accounts. (emphasis added)

64.    In contrast, the Assignment between SPV I ("Assignor") and CPS ("Assignee") is more limited. SPV I does not assign "all right, title and interest" to CPS. Instead:

> [Assignor SPV I]… transfers and assigns [to Assignee CPS]… all of Assignor's *rights to pursue collection or enforcement of judicial enforcement of obligations* for each of the Assignor's accounts… *including engagement of attorneys and commencement of legal actions*, for the consideration of the "Service Fee" as defined in Amendment Number 1 to the Servicing and Management Agreement dated June 13, 2003, attached thereto as Exhibit A and incorporated herein.
>
> This assignment of Accounts shall be governed by the laws of the State of New York without regard to the conflict-of-laws rules thereof.
>
> (emphasis added)

65.    For the reasons explained for Samantha Rodriguez, this limited type of assignment is insufficient under New York assignment law to allow CPS to sue in its own name.

66.    The Assignment references a Service and Management Agreement ("SMA") dated June 13, 2003 between SPV I and CPS. The Assignment claims the SMA is attached, but in fact it was not. In the interest of a complete record, attached is the SMA to which the Assignment apparently refers, and that was filed in the public record in another matter. The SMA does nothing to increase the assignment right of CPS.

Last printed 2/22/2012 7:14:00 AM

67.     On May 13, 2011, Bird filed an affirmation in opposition to the motion for summary judgment, stating that CPS submitted incomplete and invalid proof of assignment of the debt.

68.     On May 23, 2011, Richmond County Civil Judge Orlando Marrazzo, Jr. denied CPS's motion for summary judgment.

69.     On September 7, 2011, Schachter Portnoy LLC (Craig Faye, Esq.) was substituted for Choi as counsel for CPS.

70.     Ms. Bird's collection lawsuit is still pending. Attached and incorporated by reference are the pertinent pleadings and discovery responses from the collection lawsuit.

71.     Ms. Bird suffered actual damages as a result of the actions of Defendants. These actual damages include, without limitation, expenses incurred in defending the collection lawsuit, including the payment of postage and copies, the payment for transportation to and from the courthouse and/or to and from her attorney's office, the loss of time in having to attend the court hearings or to have to go to meet with her attorney to prepare a defense to the collection action.

### d.  *Laurie Goldstein*

72.     Plaintiff Laurie Goldstein has had the misfortune of being wrongfully sued by CPS not once, but twice. The two suits are set out below.

### *1) Cavalry Portfolio Services v. Laurie Goldstein, Index No. 3087-11*

73.     On January 21, 2011, CPS, through Choi, filed a collection lawsuit in Westchester County Supreme Court against Laurie Goldstein in Index No. 3087-11.

74.     CPS never served Ms. Goldstein with the summons and complaint. Instead, CPS filed a

false affidavit of service with the clerk.

75.     Based on the false affidavit of service, CPS moved for entry of a default judgment. On March 14, 2011 CPS executed an Affidavit of Facts, falsely contending that CPS was entitled to judgment against Ms. Goldstein. CPS sought judgment in its own name, with costs and disbursements.

76.     On the application of CPS, the clerk issued a judgment in favor of CPS and against Ms. Goldstein for $11,412,37, including $535.00 in costs.[11]

77.     On July 22, 2011, CPS, through Choi, issued an income execution, and served it directly on Ms. Goldstein's employer.

78.     On October 10, 2011 and October 27, 2011 CPS, through Schacter Portney, LLC, sent Ms. Goldstein collection letters stating that the account had been transferred to them from Choi. The letter instructed Ms. Goldstein to contact Schacter to arrange payment. The letters were signed for the firm by Craig Faye, Esq.  The October 10, 2011 letter stated the balance due on that date was $11,412,37, but the letter sent just 17 days later on October 27, 2011, increased the amount due by $812.86, to $12,556.38.

79.     On information and belief, Schacter Portney, LLC and Craig Faye, Esq. (collectively "Schacter") are substituting generally for collection lawsuits filed in the name of CPS.

80.     On November 17, 2011, Ms. Goldstein filed an order to show cause why the default judgment entered on June 6, 2011 should not be vacated for failure to serve, and to dismiss suit. Ms.

---

11  Costs included $200.00 in "costs allowed by Statute"; $40.00 for service of the summons and complaint; $210.00 for the filing of the summons and complaint; $40.00 for the prospective Marshal's fees; and $45.00 for the clerk's fee to enter judgment.

Last printed 2/22/2012 7:11:00 AM

Goldstein's affidavit demonstrated why the process server's affidavit was objectively false.

81.     The process server's affidavit alleged the process server served Ms. Goldstein personally, that the person served confirmed she was in fact Ms. Goldstein, and that the person further stated that she was not in the military. Specifically, the process server described Ms. Goldstein as follows: brown hair, age 27, height 5'4" – 5'6", weight 110 – 120. This description is objectively false.

82.     As Ms. Goldstein stated in her affidavit in support of her order to show cause:

> I do not look 27 and am actually 55.
> I have dirty blonde hair, not brown hair.
> My weight is 240 pounds, not 110 – 120.
> My height is 5'3", not 5'4" to 5'6"

83.     Ms. Goldstein's drivers license also shows her born in 1956 (not 1985), and her height to be 5'3" (not 5'4" to 5'6").

84.     Not to be deterred by facts, on December 14, 2011, CPS, through Schacter, filed an Affirmation in opposition to the order to show cause. The Affirmation used the false affidavit of service in an attempt to maintain the judgment obtained via sewer service despite the objective evidence that the process server could not have been describing Ms. Goldstein in his affidavit. The Affirmation also attached the Summons, which demanded judgment be entered in the name of CPS.

85.     On January 31, 2012 Westchester County District Court Judge Mary Smith granted Ms. Goldstein's order to show cause in part and set the matter down for a traverse hearing. That hearing is currently set for February 24, 2012.

86.     Attached and incorporated by reference are the pertinent pleadings, discovery responses, and collection letters in Index No. 3087-11.

Last printed 2/22/2012 7:14:00 AM

87.     On information and belief, the assignment documents between SPV I and CPS for the debt sought to be collected via Index No. 3087-11 contains the same limitations on assignment as those for the other named plaintiffs: the right to collect is assigned, but title and ownership of the subject account is not assigned.

### 2)  *Cavalry Portfolio Services v. Laurie Goldstein, Index No. 11101-11*

88.     On May 13, 2011, CPS, through Choi, filed a second collection lawsuit in Westchester County Supreme Court against Laurie Goldstein in Index No. 11101-11. The complaint demanded judgment to be entered in the name of CPS, with costs and disbursements.

89.     Item # 2 in the verified complaint states, falsely, that CPS's primary business activity is the "purchase" of consumer receivables. This is false because, as we have seen, CPS does not purchase the accounts. CPS makes the representation that it has "purchased" the subject account to make it more difficult for consumers to challenge the collections lawsuit and thus making the consumer more likely to pay CPS.

90.     On June 28, 2011, Ms. Goldstein filed her answer.

91.     On August 3, 2011 CPS, through Choi, served answers to Ms. Goldstein's discovery requests. Those discovery responses, the relevant sections of which are attached, demonstrate that CPS has no standing to file or to prosecute the collection lawsuit.

92.     The key documents are the Affidavit of Claim, the Bill of Sale and Assignment of Loans, and the Assignment.

93.     The Affidavit of Claim is a August 8, 2011 affidavit of a CPS employee. The employee states that CPS "performs recovery services for its affiliate" SPV I. The employee states that

18

account was "purchased" by SPV I on 4/23/3010 and "the servicing and collection rights for the account were assigned" to CPS.

94.     The Bill of Sale and Assignment of Loans dated April 23, 2010 states FIA Card Services, NC ("Assignor") "absolutely sells, transfers, assigns, sets-over, quickclaims and conveys to... [SPV I, "Assignee"]... *all of Assignors right, title and interest* in and to each of the loans identified in the loan schedule... together with the right to all principal, interest or other proceeds of any kind with respect to the Loans remaining due and owing..." (emphasis added)

95.     In contrast, the Assignment between SPV I ("Assignor") and CPS ("Assignee") is more limited. SPV I does not assign "all right, title and interest" to CPS. Instead:

> [Assignor SPV I ]... transfers and assigns [to Assignee CPS]... all of Assignor's *rights to pursue collection or enforcement of judicial enforcement of obligations* under each of the Assignor's accounts... *including engagement of attorneys and commencement of legal actions*, for the consideration of Assignor's covenants in the Servicing and Management Agreement dated as of June 13, 2003.
>
> This assignment of Accounts shall be governed by the laws of the State of New York without regard to the conflict-of-laws rules thereof.
>
> (emphasis added)

96.     For the reasons explained for Samantha Rodriguez, this limited type of assignment is insufficient under New York assignment law to allow CPS to sue in its own name. The Servicing and Management Agreement of June 13, 2003 that the Assignment appears to be referencing is attached by the undersigned (it was not attached in the collection lawsuit). The SMA does nothing to increase the assignment right of CPS, however.

97.     The Affidavit of Claim as well as the "screen shot" CPS produced indicate that CPS is seeking continued post-default, pre-judgment interest of 24.99%.

Last printed 2/22/2012 7:14:50 AM

98.     The pertinent court documents and discovery responses from this 2nd collection lawsuit against Ms. Goldstein are attached and incorporated by reference.

99.     Defendants' actions in both collections cases damaged Ms. Goldstein. She has incurred expenses for copies, for postage, and for transportation (including gas, toll, parking, and/ or public transportation). Ms. Goldstein has spent countless hours going to and from court, preparing discovery requests or answers, preparing pleadings (including an order to show cause to vacate judgment, a petition to proceed without paying court fees for filing a Request for Judicial Intervention, and filing an answer). This has taken valuable time and resources away from Ms. Goldstein as she seeks to obtain steady employment during these difficult economic times. Any amounts that CPS is successful in obtaining in its garnishment would also be actual damages. The ability to issue notices of garnishment is the fruit from the poisonous tree of a judgment rendered in the name of a debt collector with no standing to sue in the first place.

### D.    Class Action Allegations

100.    This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendants' records:

    **a.**  have mailing addresses within New York State; and

    **b.**  within one year before the filing of this action (for FDCPA claims) or within three years before the filing of this action (for GBL 349 claims);

        (1) had a lawsuit pending against them by CPS; or

        (2) were sent a written communication (including a pleading) or had a pleading filed in connection with a collection lawsuit against them in a New York Court that:

Last printed 2/22/2012 7:14:00 AM

(a) was not returned by the postal service as undelivered; and

(b) was in a form materially identical or substantially similar to the exhibits attached to this complaint; or

(c) was made in connection with or related to a lawsuit filed by CPS; or

(d) threatened a lawsuit to be filed by CPS; or

(e) demanded judgment in the name of CPS; or

(f) demanded attorneys fees, costs or disbursements for CPS;

101.   Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

**a.**   The fact that there are thousands of collection suits that are the heart of this FDCPA lawsuit, the classes are so numerous that joinder of all members is impractical.

**b.**   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether the exhibits attached to this complaint violate the FDCPA or N.Y. Gen. Bus. Law § 349 *et seq*.

**c.**   The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the written communications or who had lawsuits filed against them, (i.e., the class members), which is a matter capable of ministerial determination from the Defendants' records.

21

    **d.**  Plaintiff will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    **e.**  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

102.    Written communications, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

103.    A class action is superior for the fair and efficient adjudication of the class members' claims.

104.    Congress specifically envisions class actions as a principal means of enforcing the FDCPA. See 15 U.S.C. § 1692k.

105.    The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, whose rights will not be vindicated in the absence of a class action.

106.    Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

107.    Defendant hereby seeks a pre-motion conference for class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure, but requests deadlines for filing the motions be stayed until the substantial completion of class discovery.

### COUNT # 1:  Violations  of  the  federal  Fair  Debt  Collection Practices Act.

108.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted

and realleged herein.

109.    The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

110.    Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. N.Y. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

111.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a debt.

112.    The obligation alleged to be owed by named plaintiffs is a "debt" as defined by 15 U.S.C. § 1692a(5) because they were incurred primarily for family, personal or household purposes.

23

113.   Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) their principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

114.   SPV I is a "debt collector" because it purchases hundreds of thousands of alleged consumer debts after they are in default with the putative original creditor. SPV I attempts to collect these debts indirectly through servicers and debt collection law firms who send hundreds of thousands of collection letters, report monthly hundreds of thousands off accounts on the credit reports of consumer, make hundreds of thousands of collection telephone acts, and pursuing at least tens of thousands of collection lawsuits.

115.   CPS is a debt collector because it is attempts to collect alleged debts owned by others – including SPV I –by reporting hundreds of thousands of alleged accounts to the credit reporting agencies each month, by sending out hundreds of thousands of collection letters, by making hundreds of thousands of telephone calls. In this case, CPS has filed thousands of lawsuits in its own name in New York seeking to collect alleged defaulted debts. CPS is not the purchaser, owner or assignee of these debts, and does not does not own and retain all beneficial rights in interests therein.

116.   The Law Firms are each a debt collector because they file and litigate hundreds if not thousands of collection lawsuits, and sends tens of thousands of collection letters. The individual attorneys sign (or allege they sign) the pleadings, discovery instruments, and collection letters for the collection lawsuits filed by their firms. The individual attorneys made the debt collection attempts that give rise to this suit directly and indirectly through their firms.  On information and belief, the individual attorneys made the decisions to take the actions by their firms that form the

basis of this complaint, who made the decision to file and to continue collection lawsuits for debts not owned by CPS, who developed the debt collection operations and policies of the law firms, and who exercised control over the operation and management of the collection activities of the law firms.

117.    John Does # 1 - 10 are persons, currently known to Plaintiff, who made the decisions to take the actions that form the basis of this complaint, who made the decision to file and to continue collection lawsuits where CPS had no standing, who developed the debt collection operations and policies of CPS, SPV I, or the Law Firms, and exercised control over the operation and management of CPS, SPV I, or the Law Firms, or their subservicers.

118.    The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

119.    Defendants materially violated the following sections of the FDCPA: 15 USC 1692d, 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law, or which is not intended to be taken; using false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to

Last printed 2/22/2012 7:14:00 AM

collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### E.   Count # 2: New York General Business Law Section 349 *et seq.*

120.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

121.   New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state..."

122.   An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h).

123.   As enumerated above, Defendants violated N.Y. Gen. Bus. Law § 349 *et seq.* by using deceptive acts and practices in the conduct of their businesses. This includes threatening, filing, prosecuting, and maintaining hundreds of lawsuits seeking to collect time barred debts.

124.   Defendants' conduct has a broad impact on consumers at large. Defendants' conduct impacts the hundreds of consumers in the state of New York who have had time barred collection lawsuits threatened, filed, prosecuted, or maintained against them.

125.   Defendants committed the above described acts willfully and/or knowingly.

126.   Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiff and

Last printed 2/22/2012 7:14:00 AM

class members and unless enjoined will cause further irreparable injury. Actual damages include, without limitation, amounts paid as a result of the time barred lawsuits, the fees, costs, and lost time accrued in defending or responding to these time barred collection suits.

127.    As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq*, Plaintiff and class members have suffered compensable harm and are entitled to preliminary and permanent injunctive relief, as to recover actual and treble damages, costs and attorney's fees.

### F.  JURY DEMAND.

128.    Plaintiff demands a trial by jury.

### G.  PRAYER

129.    WHEREFORE, Plaintiff and members of the class request the following relief joint and severally against Defendants:

   **a.**  An order certifying this case as a class action under FRCP 23;

   **b.**  A declaration that Defendants have committed the violations of law alleged in this action;

   **c.**  An order enjoining and directing Defendants to cease violating N.Y. Gen. Bus. Law § 349 *et seq.*;

   **d.**  Statutory damages pursuant to 15 U.S.C. § 1692k and N.Y. Gen. Bus. Law § 349(h);

   **e.**  An order awarding disbursements, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k and N.Y. Gen. Bus. Law § 349 *et seq.*

   **f.**  A judgment for actual, statutory, and treble damages;

27

**g.** Prejudgment and post judgment interest as allowed by law;

**h.** General relief;

**i.** All other relief, in law and in equity, both special and general, to which Plaintiff and the class may be justly entitled.

Dated:  Brooklyn, New York
        February 22, 2012

Respectfully submitted,

/s/

Ahmad Keshavarz
ATTORNEY FOR PLAINTIFFS
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

Last printed 2/22/2012 7:14:00 AM

# Samantha Rodriguez

## THIS IS A COURT PAPER—A SUMMONS

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED)!! IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!**

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: BRONX**

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF CHRYSLER FINANCIAL SERVICES, LLC
, Plaintiff

-against-

SAMANTHA RODRIGUEZ
1749 GRAND
CONCOURSE
BRONX, NY 10453

Defendant(s)

Purchased: **075827**
Index No.

**SUMMONS**

Plaintiff's address: 7 Skyline Drive, 3rd
Floor, Hawthorne, NY 10532

Basis of venue is the residence of
defendant(s) and the county where
the transaction took place

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of BRONX, at the office of the Clerk of said Court, at the BRONX County Courthouse, located at 851 Grand Concourse , Bronx, NY 10451, in the County of BRONX, and State of New York, within the time provided by law, as noted below, and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $14,323.28, with interest thereon, together with the costs and disbursements of this action.

Defendant's Address          1749 GRAND CONCOURSE , BRONX, NY 10453

Dated: **FEE PAID**

**AUG 2 8 2010**

**CIVIL COURT
BRONX COUNTY**

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st Floor, Hawthorne, New York 10532
Phone: (866) 434-2993
Attorney for Plaintiff
File No. 12414294
New York City Department of Consumer Affairs License No. 1253949

NOTE: The law provides that:

1.  If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

2.  If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of the this Court within which to appear and answer.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

# TRANSACCION DE CREDITOR DEL CONSUMIDOR

## ESTE ES UN DOCUMENTO LEGAL – UNA CITACION

!NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! !LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO)! !SI USTED NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES PROPIEDAD Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTS)! SI USTED NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIAMENTS. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

**CORTE CIVIL DE LA CIUDAD DE NUEVA YORK**
**CONDADO DE: BRONX**

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC
, Demandante

-contra-

SAMANTHA RODRIGUEZ

Demandado(s)

Index No.

**CITACION**

La razon de haber designado esta corte es demandado(s) vive en el condado y en el transacion transpire en el condado

Al demandado(s) arriba mencionados:

USTED ESTA CITADO a comparecer en la Corte de la Ciudad de Nueva York, Condado de BRONX, a la oficina del jefe principal de Corte en 851 Grand Concourse , Bronx, NY 10451, en el Condado, Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley sequin abajo indicado y a presenter su repuesta a la demanda al jefe de la corte; si usted no comparece a contester, se rendira sentencia contra usted en la suma $14,323.28 con interses en dicha cantidad, incluyendo las costas de esta causa.

Oficina del demandante: 7 Skyline Drive, 3rd Floor, Hawthorne, NY 10532

Dirreciones de
demandado:                1749 GRAND CONCOURSE , BRONX, NY 10453

Fecha: July 27, 2010

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st Floor, Hawthorne, New York 10532
Phone: (866) 434-2993
Abagados del Demandante
File No. 12414294
New York City Department of Consumer Affairs License No. 1253949

**NOTA: La ley provida que:**

1. Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responder dentro de VEINTE dias despues de la entrega; o

2. Si esta citacion es entragada a otra persona que no era usted personalmente, o si era entregada afera de la Ciudad de Nueva York, o por media publicacion, o por otros medios que no eran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al jefe de esta corte.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: BRONX

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

Index No.

, Plaintiff

**VERIFIED COMPLAINT**

-against-

SAMANTHA RODRIGUEZ

, Defendant(s)

---

Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLER FINANCIAL SERVICES, LLC, by and through its attorney, Anne Thomas, Esq. of Thomas Law Offices, PLLC, complaining of the Defendant(s), alleges:

**FIRST:** That at all times hereinafter mentioned, the Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLER FINANCIAL SERVICES, LLC, is a limited liability company with a place of business in the State of New York and that Plaintiff is duly licensed with the New York City Department of Consumer Affairs, License No. 1126494.

**SECOND:** Plaintiff's primary business activity is the purchase of consumer receivables.

## AS AND FOR A FIRST CAUSE OF ACTION

**THIRD:** Plaintiff, through assignment, is the lawful owner of a consumer credit contract executed by the Defendant(s). There is due and owing from the Defendant(s) the sum $14,323.28 on a foreign judgment duly entered in State of Florida, County of Orange on 1/30/2004. Annexed hereto is a true and accurate copy of said judgment. Payment has been demanded by Plaintiff but has not been made.

**FOURTH:** The Defendant(s) did breach the aforesaid consumer credit contract and owes Plaintiff the sum of $10,099.18 plus interest of $4,224.10. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A SECOND CAUSE OF ACTION

**FIFTH:** There is due and owing from the Defendant(s) the sum of $10,099.18, plus interest of $4,224.10, on a certain book account. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A THIRD CAUSE OF ACTION

**SIXTH:** The Plaintiff sues the Defendant(s) for goods sold and delivered and/or services rendered by Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay the agreed amount. Payment has been demanded by Plaintiff and has not been made.

<u>**AS AND FOR A FOURTH CAUSE OF ACTION**</u>

**SEVENTH:** The Plaintiff sues the Defendant(s) for the reasonable value of the goods sold and delivered, and/or services rendered by the Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay a reasonable price for same. Payment has been demanded by Plaintiff and has not been made.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION**</u>

**EIGHTH:** The Defendant(s), being indebted to the Plaintiff in the sum of $10,099.18, plus interest of $4,224.10, upon an account stated between them, did promise to pay the Plaintiff said sum upon demand. Payment has been demanded by Plaintiff and has not been made.

**WHEREFORE,** Plaintiff demands Judgment against the Defendant(s) for the sum of $14,323.28, with costs and disbursements of this action, and interest thereon .

Dated: July 27, 2010

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st floor
Hawthorne, New York 10532
Phone: (866) 434-2993
Attorney for Plaintiff
CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF CHRYSLER FINANCIAL SERVICES, LLC
File No. 12414294

## (EXEMPLIFICATION CERTIFICATE)

STATE OF FLORIDA

COUNTY OF ORANGE

I, LYDIA GARDNER, Clerk of the Circuit Court, in and for

the County of Orange, State of Florida, and Custodian of the Records and of the Seal of

said Court, DO HEREBY CERTIFY that the attached and foregoing is a true and correct

copy of: FINAL JUDGMENT    Case No. **03CC13990**

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal

this, the __24__ day of __MARCH_____, A.D., __2010____

LYDIA GARDNER_____
Clerk of the Circuit Court,
Orange County, Florida.

Deputy Clerk

STATE OF FLORIDA

COUNTY OF ORANGE

I, __**WILFREDO MARTINEZ**__, one of the Judges of the Ninth

Judicial Circuit of the State of Florida, and Presiding Judge of the County Court of

Orange County, Florida, DO HEREBY CERTIFY that the foregoing attestation is in

Due form and made by the proper officer.

WITNESS my hand this _29_ day of _____**MARCH**_____A.D., __2010____

County Judge

STATE OF FLORIDA

COUNTY OF ORANGE

I, LYDIA GARDNER, Clerk of the Circuit Court of Orange County,

State of Florida, DO HEREBY CERTIFY that the Honorable **WILFREDO MARTINEZ**

who signed the foregoing Certificate, is a duly commissioned and qualified Judge of the Ninth

Judicial Circuit of the State of Florida for Orange County.

IN TESTIMONY WHREOF, I have hereunto set my hand and official seal of the said

Court this **29** of **MARCH** A.D. **2010.**

LYDIA GARDNER
Clerk of the Circuit Court,
Orange County, Florida.

Deputy Clerk

IN THE COUNTY COURT
IN AND FOR ORANGE
COUNTY, FLORIDA

CASE NO. 03-13990
DIVISION: 72

INSTR   20040080859
OR BK 07298   PG 0173
MARTHA O. HAYNIE, COMPTROLLER
ORANGE COUNTY, FL
02/09/2004  08:54:10 AM
REC FEE 0.00
LAST PAGE

DAIMLERCHRYSLER SERVICES NORTH AMERICA L.L.C.
f/k/a CHRYSLER FINANCIAL COMPANY L.L.C.

                                        Plaintiff,

vs.
SAMANTHA RODRIGUEZ

_____ Defendant.

### FINAL JUDGMENT

        The Court finding the Defendant is indebted to the
Plaintiff in the sum of $9519.18, it is:

        ADJUDGED that the plaintiff, DAIMLERCHRYSLER SERVICES NORTH
AMERICA L.L.C. f/k/a CHRYSLER FINANCIAL COMPANY L.L.C. recover from the
Defendant, SAMANTHA RODRIGUEZ the principal sum of $9519.18, with costs
of $130.00, making a subtotal of $9649.18, and attorney fees of
$ 450.00         that shall bear interest at the rate of  7% per annum
as provided by F.S. 55.03 and in addition prejudgment interest of
$0.00, for all of the above let execution issue.

        DONE AND ORDERED at ORLANDO, ORANGE County,

Florida, this 30 day of _____, 2004.

                                _____
                                        J U D G E

Copies to:                      PLAINTIFF'S ADDRESS (FS 55.10)

BRAY AND SINGLETARY, P.A.         DAIMLERCHRYSLER SERVICES NORTH AMERICA
Attorney for Plaintiff            (ACCTS AFTER 1/1/94-DEF.)
P.O. Box 53197                    660 WHITE PLAINS RD 2ND FLOOR
Jacksonville, FL  32201           TARRYTOWN, NY  10591
904-355-9921

SAMANTHA RODRIGUEZ
SS#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
4411 SADDLE CREEK PLACE
ORLANDO, FL 32829

VERIFICATION

STATE OF NEW YORK
COUNTY OF WESTCHESTER

Matteo Velardo, Jr., being duly sworn, deposes, and says:  I am the Assistant Vice President of
CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL SERVICES, LLC, the Plaintiff, in the within action; I
have read the foregoing Complaint, and know the contents thereof; that the contents of the
foregoing Complaint are true of my knowledge, except as to those matters therein stated to be
alleged upon information and belief, and as to those matters, I believe them to be true.  The
grounds and basis for my belief as to all matters not stated upon my personal knowledge are:
the files maintained by the Plaintiff, including all correspondence and other writings furnished to
me by Plaintiff and interviews with employees of the Plaintiff.

Subscribed and sworn to before me
on this July 28, 2010.

_____
Cavalry Portfolio Services, LLC
By: Matteo Velardo, Jr.
Assistant Vice President

Notary Public

**VINCENT BARUBE**
**Notary** Public, State of New York
No. 01SA6155905
Qualified in Westchester County
Commission Expires November 20, 2010

140 Clinton Street
Brooklyn, NY 11201
Telephone: (718) 875-1133 Fax: (718) 875-5577
License #: 0929611

# CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX

File Number: 504515
Batch: Manual 200

---------------------------------------------------X

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF CHRYSLER FINANCIAL SERVICES LLC

**Plaintiff**

-against-

SAMANTHA RODRIGUEZ

**Defendant**

---------------------------------------------------X

**Affidavit of Service**

**Attorney:** Choi Law

**Index Number:** 75827BCV10

**Index Date:** 8/23/2010

**State of New York**

**County of Kings**

BENJAMIN LAMB, residing in NEW YORK COUNTY, being duly sworn, deposes and states that she is over the age of eighteen years, not a party to this action, and has personal and firsthand knowledge of all matters stated herein.

That on Sunday, the 21st day of November, 2010, at approximately the time of 4:50 pm deponent served the within SUMMONS AND VERIFIED COMPLAINT at 1749 GRAND CONCOURSE APT 8F, BRONX, NY, 10453 apartment 8F a Residence on defendant SAMANTHA RODRIGUEZ (herein after referred to as recipient)

by delivering therat a true copy of each to REFUSED NAME, MR. JOHN, an individual of suitable age and discretion. That individual was also asked by deponent whether said permises was the recipient's actual place of Residence, reply was affirmative.

The person served was Male with Black hair and Brown skin, 21-35 years old, 5'9"-6'0",Over 200 Lbs, had a beard, had a mustache.

On Tuesday, the 30th day of November, 2010 I served a copy of the papers stated herein by mail in a first class post paid envelope that bore the legend "Personal and Confidential" and did not indicate on the outside that the content was from an attorney or concerned an action against the recipient. The envelope was properly addressed to the defendants last known address at: 1749 GRAND CONCOURSE APT 8F, BRONX, NY, 10453 apartment 8F. Said envelope was deposited in an official depository under the exclusive care and custody of the U.S. Postal Service.

I asked the person served and upon information and belief I aver that the defendant is not in the military service and is not dependent on any person in the military service as that term is defined in either the State or Federal Statutes.

Sworn to before me this _6_ day of _Dec_, 2010

William Brook
NOTARY PUBLIC, State of New York
No. 01ML5045548
Qualified in Nassau County
Commission Expires June 19, 2011

BENJAMIN LAMB
License No. 1071492

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

, Plaintiff

-against-

SAMANTHA RODRIGUEZ

, Defendant(s)

Index No. 75827BCV10

**STATEMENT FOR JUDGMENT**
Failure to Appear or Plead
**An action against a natural person based upon
non-payment of a contractual obligation.**

Judgment Rendered in Favor of Cavalry Portfolio Services,
LLC, Plaintiff, With Offices at 500 Summit Lake Drive
Suite 400, Valhalla, New York 10595-1340

| | |
|---|---|
| Amount claimed in Complaint | $14,323.28 |
| Amount awarded after Inquest Clerk | N/A |
| Interest | N/A |
| **SUB TOTAL:** | $14,323.28 |
| $.00 | |
| Service of Summons and Complaint | $25.00 |
| Filing of Summons and Complaint | $42.00 |
| Filing of Judgment | $95.00 |
| Prospective Sheriff's or Marshal's Fees | $40.00 |
| Military Affidavit | N/A |
| **COSTS TAXED AT:** | $202.00 |
| **GRAND TOTAL:** | $14,525.28 |

**STATE OF NEW YORK
COUNTY OF WESTCHESTER**

The undersigned, an attorney at law in the State of NY, affirms, deposes, and says: that she/he is the attorney of record for the Plaintiff herein; th
the disbursements here specified are correct and true, and have been or will necessarily be made or incurred herein and are reasonable in amoun
Defendant(s) have failed to appear, answer or move, and the time to do so has expired; Plaintiff is entitled to judgment by default; that the plaintiff
waives its right to attorney fees; Deponent deposited a copy of the Summons in separate post-paid envelopes in an official depository of the US Post
Service in Valhalla, NY addressed to each defaulting defendant(s) last known address set forth below, on the following dates respectively: 12/11/201
in an envelope marked "Personal and Confidential" not indicating it was from an attorney or concerned the alleged debt; That more than twenty day
have elapsed and the same not having been returned undeliverable by the US Postal Service. Pursuant to the affidavits on file herein deponent alleg
that defendants are not in any military services. The foregoing affirmations are made under penalties of perjury.

Dated: February 2, 2011

Danielle C. Choi, Esq.,
Choi Law Office, PLLC
500 Summit Lake Dr., Suite 4A, Valhalla, NY 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff, Cavalry Portfolio Services, LLC
File no. 12414294

JUDGMENT entered this _____ day of _____ 2011.
**The SUMMONS and COMPLAINT in this action having been served on:**
SAMANTHA RODRIGUEZ - 1749 GRAND CONCOURSE APT 8F, BRONX, NY 10453

the Defendant herein, and the time of said Defendant to Appear or Answer having expired, and said Defendant not having appeared or answered
herein.
**NOW, ON MOTION OF** Danielle C. Choi, Esq., Choi Law Office, PLLC, 500 Summit Lake Dr., 1st floor, Valhalla, NY, 10595-1340 attorney fo
the Plaintiff-Judgment Creditor, it is hereby
**ADJUDGED,** that CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLE
FINANCIAL SERVICES, LLC, 500 Summit Lake Drive Suite 400, Valhalla, New York 10595-1340, the Plaintiff-Judgment Creditor, address state
above, do recover of the above named Defendant(s) Samantha Rodriguez 1749 Grand Concourse, Apt 8f Bronx, Ny 10453    , the sum of $14,323.2
the amount claimed, and $202.00, costs and disbursements, amounting in all to the sum of $14,525.28 and that Plaintiff-Judgment Creditor hav
execution therefore.

CLERK

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: BRONX

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

, Plaintiff

-against-

SAMANTHA RODRIGUEZ

, Defendant(s)

Index No. 75827BCV10

**AFFIDAVIT OF FACTS**
Constituting the Claim, the Default, and the
Amount Due.

STATE OF NEW YORK
COUNTY OF WESTCHESTER

Stephanie Cappelli, being duly sworn, deposes, and says:  that the deponent is the Legal Administrator of the Plaintiff, CAVALRY
PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLER FINANCIAL SERVICE
LLC, in the within action; that the deponent has personal knowledge of the facts constituting the claim, the default, and the amount due; th
said personal knowledge is based upon the file maintained by the deponent and documents contained therein;  that this is an action for:

1)   money due to Plaintiff on a book account;

2)   money due to Plaintiff for goods sold and delivered and/or services rendered by Plaintiff upon the promise by the Defendant(s) to p
an agreed upon amount;

3)   money due to Plaintiff for the reasonable value of the goods sold and delivered and/or service rendered by Plaintiff;

4)   money due to Plaintiff because of breach of contract.

As of February 2, 2011, there was due and owing the Plaintiff, Cavalry Portfolio Services, LLC, the amount of $14,323.28

**WHEREFORE,** your deponent demands Judgment against the Defendant(s) in the amount of $14,323.28, with interest from February
2011, together with the costs and disbursements of this action, amounting in all to a sum of $14,525.28

Dated: February 2, 2011

Stephanie Cappelli
Cavalry Portfolio Services, LLC
500 Summit Lake Drive Suite 400
Valhalla, New York 10595-1340
Phone: (800) 501-0909

Sworn to before me this 2 February 2011.

Notary Public, State of NY
My commission expires:

LOUIS DARDIGNAC
Notary Public, State of New York
No. 01DA5057380
Qualified in Rockland County
My Commission Expires March 25, 2014

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: BRONX**

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

                                    , Plaintiff

                -against-

SAMANTHA RODRIGUEZ

                            , Defendant(s)

---

Index No. 75827BCV10

**AFFIDAVIT OF**
**NON-MILITARY SERVICE**

**STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

I, Danielle C. Choi, Esq., being duly sworn, deposes and says:

1.  I am over the age of 18 and reside at Choi Law Office, PLLC, 500 Summit Lake Dr., Suite 4A, Valha
    NY 10595-1340 (Business).

2.  This affidavit is made pursuant to the United States Soldiers and Sailor's Relief Act of 1940, as amend
    50 U.S.C.A. App. Secs 501et. seq. for the purpose of the entry of a judgment against SAMANT
    RODRIGUEZ, defendant(s) in the above entitled action.

3.  I provided the United States Department of Defense Manpower Data Center website with the pertin
    information, about the defendant, such as date of birth and social security number, which I know becau
    reviewed the defendant's credit report provided to me by plaintiff. I requested a military investigation to
    conducted.

4.  Based upon the response I received from the Department of Defense Manpower Data Center, attach
    hereto, dated _____, I am convinced that the defendant is not in any branch of the United St
    military.

                                    _____
                                    Signature

                                    _____
                                    Danielle C. Choi, Esq.
                                    Printed Name

Sworn to before me this _FEBRUARY 2011_

_____
Notary Public, State of NY
My commission expires:

**LOUIS DARDIGNAC**
**Notary Public, State of New York**
**No. 01DA5057380**
**Qualified in Rockland County**
**My Commission Expires March 25, 2011**

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: BRONX**

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

                     , Plaintiff

-against-

SAMANTHA RODRIGUEZ

                   , Defendant(s)

Index No. 75827BCV10

**AFFIDAVIT**

---

**STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

Danielle C. Choi, Esq., being duly sworn, deposes, and says:

Upon information and belief, the cause of action forming the basis of plaintiff's request for entry of judgment accrued in the state of
on or about 11/29/2002. Upon information and belief, the statute of limitations for consumer credit transactions in MI is 6 years.
such, based upon a reasonable inquiry, I have reason to believe that the statute of limitations did not expire at the time when this act
was commenced and that the action was timely under both the NY and MI statutes of limitations.

Dated: February 2, 2011

                                   Danielle C. Choi, Esq.
                                   Choi Law Office, PLLC
                                   500 Summit Lake Dr., Suite 4A
                                   Valhalla, NY 10595-1340

Sworn to before me this 2 February 2011.

Notary Public, State of NY
My commission expires:

LOUIS DARDIGNAC
Notary Public, State of New York
No. 01DA5057380
Qualified in Rockland County
My Commission Expires MArch 25, 20 14

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

                , Plaintiff

-against-

SAMANTHA RODRIGUEZ

           , Defendant(s)

Index No. 75827BCV10

**AFFIDAVIT OF WITNESS
OF PLAINTIFF
(DEBT BUYER)**

STATE OF NEW YORK
COUNTY OF WESTCHESTER

Stephanie Cappelli, being duly sworn, deposes, and says:  that the deponent is the Legal Administrator of the Plaintiff, CAVAL
PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLER FINANCIAL SERVIC
LLC. In that position I am the custodian of the books and records of the debt buyer, and am aware of the procedures used for the import
storage of records transferred from the creditor and the assignment of electronically stored business records.

**Chain of Title:**

Based upon the attached affidavit(s) of sale, on 12/21/2007, Chrysler Financial Services, LLC sold a pool of charged-off accounts b
Purchase Agreement and a Bill of Sale to Cavalry SPV I, LLC. As part of that sale, electronic records of individual accounts kept in the in
ordinary course of business of Chrysler Financial Services, LLC were transferred to Cavalry SPV I, LLC. The defendant's account subjec
this lawsuit was included in the purchase, and Cavalry SPV I, LLC received account records of the defendant.  The account was
subsequently transferred to Cavalry Portfolio Services, LLC for servicing. These records were incorporated into the debt buyer's records
kept in the regular course of business.

The defendant's account subject of this lawsuit was included in the purchase, and each debt buyer received account records of the defend
These records were incorporated into the debt buyer's records and kept in the regular course of business.

I believe that there are no errors in these accounts.  The above statements are true to the best of my knowledge.

Dated: February 2, 2011

                Stephanie Cappelli
                Cavalry Portfolio Services, LLC
                500 Summit Lake Drive Suite 400
                Valhalla, New York 10595-1340
                Phone:  (800) 501-0909

Sworn to before me this 2 February 2011.

Notary Public, State of NY
My commission expires:

**LOUIS DARDIGNAC
Notary Public, State of New York
No. 01DA5057380
Qualified in Rockland County
My Commission Expires MArch 25, 2014**

Bronx County Civil Court
Civil Judgment

**Plaintiff(s):**
CAVALRY PORTFOLIO SERVICES, LLC AAO CAVALRY SPV I, LLC,
AAO CHRYSLER FINANCIAL SERVICES, LLC

vs.

**Defendant(s):**
SAMANTHA RODRIGUEZ

**Index Number:** CV-075827-10/BX

Judgment Issued: On Default

On Motion of:

CHOI LAW OFFICE, PLLC
500 SUMMIT LAKE DRIVE SUITE 4A,
Valhalla, NY 10595-

| | | | | | |
|---|---|---|---|---|---|
| Amount claimed | $14,323.28 | Index Number Fee | $45.00 | Transcript Fee | $0.00 |
| Less Payments made | $0.00 | Consumer Credit Fee | $95.00 | County Clerk Fee | $0.00 |
| Less Counterclaim Offset | $0.00 | Service Fee | $25.00 | Enforcement Fee | $40.00 |
| Interest | $0.00 | Non-Military Fee | $0.00 | Other Disbursements | $0.00 |
| Attorney Fees | $0.00 | Notice of Trial Fee | $0.00 | Other Costs | $0.00 |
| Cost By Statute | $0.00 | Jury Demand Fee | $0.00 | | |

| Total Damages | $14,323.28 | Total Costs & Disbursements | $205.00 | Judgment Total | $14,528.28 |
|---|---|---|---|---|---|

The following named parties, addressed and identified as creditors below:

Plaintiff creditor(s) and address

(1) CAVALRY PORTFOLIO SERVICES, LLC AAO CAVALRY SPV I, LLC, AAO CHRYSLER FINANCIAL SERVICES, LLC
7 SKYLINE DRIVE, 3RD FLOOR, HAWTHORNE, NY 10532-

Shall recover of the following parties, addresses and identified as debtors below:

Defendant debtor(s) and address

(1) SAMANTHA RODRIGUEZ
(Mailing) 1749 GRAND CONCOURSE APT 8F, Bronx, NY 10453-

Judgment entered at the Bronx County Civil Court, 851 Grand Concourse, Bronx, NY 10451, in the STATE OF NEW YORK in the total amount of **$14,528.28 on 03/04/2011 at 12:54 PM.**

Judgment sequence 1

*Carol Alt*
CHIEF CLERK
Carol Alt, Chief Clerk Civil Court

# Civil Court of the City of New York

County of **Bronx Part 34C**

**Index Number  CV-075827-10/BX**

CAVALRY PORTFOLIO SERVICES, LLC AAO CAVALRY SPV I, LLC

        -against-

SAMANTHA RODRIGUEZ

**ORDER TO SHOW CAUSE**

To Vacate a Judgment, restore case to the Calendar, and vacate any liens and income executions involving this defendant on this case and or to dismiss

**APPEARANCE IS MANDATORY**

UPON the annexed affidavit of SAMANTHA RODRIGUEZ, sworn to on July 18, 2011, and upon all papers and proceedings herein:

Let the Claimant(s)/Plaintiff(s) or Claimant(s)/Plaintiff(s) attorney(s) show cause at:

    **Civil Court of the City of New York**
    **851 Grand Concourse**
    **Bronx, NY 10451**
    **Part  34C**        **Room 504**
    on *August 3, 2011* /at _9:30_ AM

or as soon thereafter as counsel may be heard, why an order should not be made:

**VACATING** the Judgment, restoring to the calendar, vacating any liens and income executions and/or granting such other and further relief as may be just.

**PENDING** the hearing of this Order to Show Cause and the entry of an Order thereon, let all proceedings on the part of the Claimant(s)/Plaintiff(s), Claimant(s)/Plaintiff(s) attorney(s) and agent(s) and any Marshal or Sheriff of the City of New York for the enforcement of said Judgment be stayed.

**SERVICE** of a copy of this Order to Show Cause, and annexed Affidavit, upon the:

Claimant(s)/Plaintiff(s) or named attorney(s):
(Judge to Initial)

Sheriff or Marshal:
(Judge to Initial)

| | |
|---|---|
| _____ by Personal Service by " In Hand Delivery" | _____ by Personal Service by " In Hand Delivery" |
| __X__ by Certified Mail, Return Receipt Requested | _____ by Certified Mail, Return Receipt Requested |
| _____ by First Class Mail with official Post Office Certificate of Mailing | _____ by First Class Mail with official Post Office Certificate of Mailing |

on or before _July 25, 2011_ , shall be deemed good and sufficient.

**PROOF OF SUCH SERVICE** shall be filed with the Clerk in the Part indicated above on the return date of this Order to Show Cause.

**Attorney(s):  Mail to:**
**Choi Law Office PLLC**
(Counsel for Pltf)
**500 Summit Lake Drive**
**Suite 4A**
**Valhalla, NY 10595-1340**

Sheriff/Marshal:

_____

_____

_____

    July 18, 2011

        **DATE**

Hon. Robert R. Reed, Civil Court Judge (NYC)

mg

vg 8/3/11

CIVIL COURT OF THE CITY OF NEW YORK                   Index No. cv-075827-
10/bx
COUNTY OF BRONX

---

CAVALRY PORTFOLIO SERVICES, LLC,

                                   Plaintiff,                **AFFIDAVIT IN SUPPORT OF AN**
                                                             **ORDER TO SHOW CAUSE**
                                                             **To Vacate a Judgment**
                                                             **For Failure to Answer**
v.

SAMANTHA RODRIGUEZ,                                          Movant's address:
                                                             1749 grandconcourse, Apt. 8f
                                   Defendant.                bronx, NY, 10453

---

State of New York, County of Bronx ss.:

SAMANTHA RODRIGUEZ, being duly sworn, deposes and says:

1. I am a defendant and I am making this request in support of the Order to Show Cause to
   vacate a default judgment in this case.

2. I did not file an answer to the Complaint with the court because of the following excusable
   default:

   a. I never received the court papers.

   b. i didnt recieve paper work i do not reside at 1749 grandconcourse since june,2010
      unfortunatly been residing in a shelter due to an domestic violence issue .on friday
      7/15 i went  for an interview for an apartment which brought me upto date
      knowledge of this case on my credit report when searching my credit by the
      apartment interviewer and now i have  been denied the apt because of this on my
      credit. im trying to get my life back together and out of the shelter.

3. I have the following meritorious defense(s):

   a.  The court lacks personal jurisdiction because the Summons and Complaint were not served properly.

   b.  I do not owe the money.

   c.  The statute of limitations has expired on this debt.

   d.  The Plaintiff waited too long to bring this case (laches).

   e.  i was not served directly with papers. this sueing is 7-8yrs later .

i know i do not owe14,323.28 dollars car was an updated year car and repo from me 1yr later in florida car was still brand new i know the dealers have sold this car right away cause it was a car of yr and got their moneys worth.

4.  I receive child support benefits, which are exempt from collection.

5.  I receive public assistance benefits, which are exempt from collection.

6.  I have not asked for a previous Order to Show Cause in this case.

### Relief

7.  WHEREFORE, I request that the judge vacate any judgment, deem the attached Proposed Answer timely filed, grant me permission to serve these papers in person, and place the case on the calendar.

_Samantha Rodrigues_
**Signature of Samantha Rodriguez, Defendant**

**Sworn to before me this _____ day**
**of _____.**

_COURT_
_REV. ASSIST_

**Signature and Title**
**of Court Employee or Notary**

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: BRONX**

ORIGINAL

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

, Plaintiff

-against-

SAMANTHA RODRIGUEZ

Index No. 75827BCV10

AFFIRMATION IN OPPOSITION TO
DEFENDANT'S MOTION TO VACATE
FINAL JUDGMENT

---

Danielle C. Choi, Esq., an attorney admitted to practice law in the State of New York hereby affirms the following to be true under the penalties of perjury:

1. I am a member of Choi Law Office, PLLC, attorney for Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLER FINANCIAL SERVICES, LLC, and as such I am fully familiar with the facts and circumstances of the within action.

2. This affirmation is submitted in opposition to the Defendant's motion for an Order: vacating the default judgment entered on 3/4/2011 against the Defendant; and dismissing the Plaintiff's action against the Defendant.

3. The within action was commenced because of a breach and default on a Chrysler automobile loan and a balance existing thereunder, said automobile deficiency balance owed to Plaintiff's assignor by the Defendant. Annexed hereto as Exhibit A is a copy of Plaintiff's Summons and Complaint relative to the matter along with the subject default judgment and Substitution of Counsel form.

4. At present, Defendant seeks to vacate the underlying default judgment on grounds that are not alone sufficient to grant the redress presently sought by the Defendant.

5. The Defendant was served by Samserv Process Servers via substituted service to "Mr. John" on 11/21/2010, Pursuant to the affidavit, it can be easily determined that the Defendant was served through substituted service as a copy of the Summons and Complaint was served upon "Mr. John", a competent household member over 14 years of age residing therein. Annexed hereto as Exhibit B is an Affidavit of Service from Samserv Process Servers.

6. To date, the Defendant has failed to provide any evidence whatsoever to establish that she was not served or that she did not reside at the address of service at the time of service.

7. Moreover, the Defendant was served at her last known place of abode, therefore, service is valid.

8. Assuming the Court was to deem the allegations of the Defendant as a reasonable excuse for the default, the Court still must deny the Defendant's motion for he/she has completely failed to assert a meritorious defense to the underlying action.

9. Annexed hereto as Exhibit C are true and accurate copies of various documents relative to the debt's creation and amount owed to Plaintiff including: a credit application; a retail installment contract; and various repossession documents, statements from the original creditor.

10. At all times prior to making the within motion, the Defendant was well aware of the pending legal action and voluntarily chose to ignore same.

WHEREFORE, it is respectfully requested that the Court deny the Defendant's motion in its entirety, and grant such other and further relief as it may deem just proper.

Dated: July 28, 2011

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff
File No.: 12414294

# EXHIBIT C

12414294

## RETAIL INSTALLMENT CONTRACT
### NEW YORK - SIMPLE INTEREST

| | | |
|---|---|---|
| SAMANTHA RODRIGUEZ<br>6 CAMERON PLACE<br>BRONX NY 10453 | ELIZABETH RODRIGUEZ<br>6 CAMERON PLACE<br>BRONX NY 10453 | YONKERS AVENUE DODGE, INC.<br>500 YONKERS AVE<br>YONKERS NY 10704 |

Creditor (collectively "us" and "we") agrees to sell, and buyer and co-buyer, if any, (collectively "Buyer", "you" and "your") after being quoted both a cash and credit price, agrees to buy from Creditor on a credit price basis ("Total Sale Price"), subject to the terms and conditions set forth on both the front and back of this contract, the vehicle ("Vehicle") described below. You acknowledge delivery and acceptance of the Vehicle.

**DESCRIPTION OF VEHICLE**

| NEW | USED | 2001 | DODGE | NEON | 1B3ES46C01D604699 | Description of Trade-in N/A | | N/A |

**1. Cash Price**
- a. Vehicle (including accessories, delivery, installation charges, if any) ... 15629.99
- b. Sales Tax ... 1434.59
- c. Documentary Fee ... 75.00
- d. Service Contract (optional) ... N/A
- e. Cash Price (1a + 1b + 1c + 1d) ... $ 17244.59

**2. Downpayment**
- a. Downpayment ... 300.00
- b. Manufacturer's Rebate ... 2000.00
- c. Gross Allowance on Trade-in $ N/A
- d. Pay-off on Trade-in $ N/A
- e. Net Allowance on Trade-in $ N/A
- f. Downpayment (2a + 2b + 2e) ... $ 2500.00
  If 2e is less than 2d, disclose on Line 3a and enter $0 for the Downpayment.

**3. Unpaid Balance of Cash Price (1e - 2f)** ... 14844.59
- Unpaid Trade-in Lien Amount to be Financed Paid to: N/A

**4. Other Charges Including Amounts Paid to Others on Your Behalf**
- a. Paid to Public Officials for:
  - (i) Other Taxes ... N/A
  - (ii) Filing Fees ... N/A
  - (iii) Lien Fees ... N/A
  - (iv) Certificate of Title Fees ... N/A
  - (v) Registration Fees ... 100.00
- b. Paid to:
  UNIVERSAL UNDERWRITERS
  For SERVICE CONTRACT (1499.00)
- c. Paid to: N/A
  For:
- d. Paid for: N/A
  For:
- e. Paid to: YONKERS AVENUE DODGE, INC.
  For INSPECTION FEE ... 18.90
- f. Paid to: N/A
  For:
- g. Paid to Insurance Companies for Insurance for:
  - (i) Optional Mechanical Breakdown ... N/A
  - (ii) Optional Credit Life ... N/A
  - (iii) Optional Credit Accident & Health ... N/A
- h. Subtotal (4a + 4b + 4c + 4d + 4f) ... 1617.90

**5. Amount Financed (3 + 3a + 4g)** ... $ 16461.59

*Seller may receive and retain a portion of certain of these amounts.*

**ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. 13.90 %

**Payment Schedule** Your payment schedule will be:

**FINANCE CHARGE**

Prepayment. If you pay off early...

Late Charge. If a payment is not paid in full...

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

CREDIT LIFE, CREDIT DISABILITY, GUARANTEED AUTOMOTIVE PROTECTION COVERAGE AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

| CREDIT LIFE | PREMIUM $ N/A | MECHANICAL BREAKDOWN | PREMIUM $ N/A |
| INSURER(S) | | INSURER | TERM |

| CREDIT DISABILITY | PREMIUM $ N/A | TYPE | TERM |
| INSURER N/A | | INSURER | |
| INSURED(S) | | | |

NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to a completely filled-in copy at the time you sign it. 3. Under the law, you have the following rights, among others: (a) To pay off in advance the full amount due and to obtain a partial refund of the credit service charge (finance charge); (b) To redeem the property if repossessed for default; (c) To require, under certain conditions, a resale of the property if repossessed. 4. According to law you have the privilege of purchasing the insurance on the motor vehicle provided for in this contract from an agent or broker of your own selection.

YOU AGREE THAT YOU SIGNED THIS CONTRACT AND RECEIVED A COMPLETELY FILLED-IN COPY ON 03/26 (YR. 200 )

### RETAIL INSTALLMENT CONTRACT

| Buyer's Signature | Elizabeth Rodriguez | Co-Buyer's Signature |

THIS CONTRACT IS ACCEPTED BY THE CREDITOR (SELLER) AND ASSIGNED TO CHRYSLER FINANCIAL COMPANY L.L.C. ("ASSIGNEE") IN ACCORDANCE WITH THE TERMS OF THE ASSIGNMENT SET FORTH ON THE REVERSE HEREOF.

YONKERS AVENUE DODGE, INC.

2001

ORIGINAL

NOTICE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

The preceding NOTICE applies if the Vehicle is a used vehicle as shown on the front of this contract and if this contract is a contract of sale under the FTC Used Motor Vehicle Trade Regulation Rule.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies to goods or services obtained primarily for personal, family, or household use.

## ARBITRATION CLAUSE

### IMPORTANT ARBITRATION DISCLOSURES
The following Arbitration Clause significantly affects your rights in any dispute with us.
Please read these disclosures and the Arbitration Clause carefully before you sign this contract.

## ASSIGNMENT

12414294



**MV-82**

## VEHICLE REGISTRATION/TITLE APPLICATION
This form is also available on DMV's web site - www.nysdmv.com

Batch
File No
☐ Orig   ☐ Activity   ☐ Renewal
☐ Dup   ☐ Activity W/RR   ☐ Renew W/RR

**OFFICE USE ONLY**

| Old Plate | | Old Class | | # of Items | | Ins. Co. Code | | Exp. Date | |
| BoxNon Case Number(s) | | | | New Plate | | | | Issue Class | |

Special Conditions: AT  BV  CF  CO  CP  EN  EX  FT  PK  RC  RE  SA  SO  SR  SS  SV  TE  TL  TO  TP  FR  TA  XR  XB  XA  OY  PA  WO

Sales Tax Information   Status   Value ($)   Jurisdiction   Rate   Out of State   Audit

NY DEALER ONLY  Did you issue plates to this vehicle? ☐ Yes ☐ No   If "Yes", enter the following:   Plate Number **AEP5334**   Reg. Class   Date Temp Issued **03/26/200**   Facility ID Number **7043506**   Is there a lienholder? ☐ Yes ☐ No   If "Yes", enter the information in Dealer Only box below.

### INSTRUCTIONS → COMPLETE BOXES ①②③④⑤⑥⑦  COMPLETE BOXES ③ AND ⑤ ONLY IF NECESSARY. PLEASE PRINT CLEARLY.

**① WHAT DO YOU WANT TO DO?** (See Form MV-82.1, Registering a Vehicle in New York State, for more information.)
- ☐ REGISTER this vehicle for the first time   ☐ TRANSFER Plate Number _____ to this vehicle   ☐ CHANGE a title (see box ⑦)
- ☐ RENEW plate s #   ☐ CHANGE registration for Plate Number _____ (see box ①)   ☐ TITLE ONLY for a 1973 or newer vehicle
- ☐ REPLACE lost registration items   ☐ LEASE BUY-OUT Plate Number _____

**② CLIENT ID NO.** (from Driver license or first registrant listed below)
2 1 3 7 5 1 5 4

NAME CHANGE? ☐ YES ☐ NO (see box ①)   ADDRESS CHANGE? ☐ YES ☐ NO   Is this registration for a corporation or partnership? ☐ Yes ☐ No

**NAME OF REGISTRANT** (Last, First, Middle)
RODRIGUEZ ELIZABETH

How was the vehicle obtained?  ☐ New  ☐ Leased New  ☐ Used  ☐ Leased Used

DATE OF BIRTH: Month **0 2** Day **1 0** Year **1 9 6 1**   DAY PHONE NO. (Optional) Area Code (**718**) **904-2762**   SEX ☐ M ☐ F

**ADDRESS WHERE YOU GET YOUR MAIL**   Apt. No.   City or Town **BRONX**   State **N Y**   Zip Code **18453**   County **BRONX**
6 CAMERON PLACE

**ADDRESS WHERE YOU LIVE** if different from mailing address - do not give a P.O. box   Apt. No.   City or Town   State   Zip Code   County

**③** IF YOU ARE NOT THE OWNER of this vehicle, the owner must complete this section. Proof of ownership and proof of owner's name and date of birth are required.
NOTE - You do not have to fill in this section if you attach a completed Registration Authorization (MV-95), or if you are renewing the vehicle, and the owner is the same.

OWNER CLIENT ID NO. (from Driver License)
2 2 7 6 8 3 6 5 4

**NAME OF CURRENT OWNER** (Last, First, Middle)   DATE OF BIRTH Month Day Year   OWNER'S DAY PHONE NO. (Optional) Area Code

**ADDRESS WHERE OWNER GETS MAIL**   Apt. No.   City or Town   State   Zip Code   County

AUTHORIZATION: The registrant named in box ② is authorized to register the vehicle described in box ④.   Date **03/26/2001**
(Owner/Authorized Signature-Co-signer Signature if applicable)

**④ VEHICLE IDENTIFICATION NUMBER**
1B3ES46C41D204899

**VEHICLE DESCRIPTION** Year/Model **2001 DODGE**

Body Type For Cars: ☐ 2-Door ☐ 4-Door ☐ Convertible ☐ Sedan Wagon ☐ Suburban ☐ Other

Body Type For Other Vehicles: ☐ Pick-up ☐ Van ☐ Motorcycle ☐ Tow ☐ Truck ☐ Trailer ☐ Other

Type of Power (Fuel): ☐ Gas ☐ Diesel ☐ Electric ☐ Flex ☐ CNG ☐ Propane ☐ None ☐ Other

Color **SILVE**   Vehicle Weight **2585**

For trailers & commercial vehicles Max. Gross Weight   Reading Code **5**   Odometer Reading in Miles **10**

Vehicle's ODOMETER has been for how many miles (5, 6 or 7 - do not include tenths)? **6**

For trailers & commercial vehicles: Axles / Distance **4**

NY DEALER ONLY   Lienholder Number   Lienholder Name and Mailing Address **CHRYSLER FINANCIAL COMPANY L.L.C. 500 WHITE PLAINS RD TARRYTOWN NY 10591**   LR

OFFICE USE: Mileage Brand / Prior Owner   Issuance Items   Title   Lien   Lien Number   Approved By   Struct Reported   Date   Old Fee   Operator   Proof Submitted (Name and Ownership)   State   Reg/Title No

MV-82 (10/00)   PAGE 1 OF 2

| CHANGES | NAME CHANGE - Print name exactly as it appears on the current registration and/or title |
|---|---|
| To change information on a current registration and/or title, be sure to enter the new information on page 1 of this form. (See Form MV-82.1, Registering a Vehicle in New York State, for more information.) | CHANGES: Describe any vehicle changes and the reasons for the changes. |

**ADDITIONAL VEHICLE INFORMATION ⟶ QUESTIONS 1-3 MUST BE COMPLETED.**

1. I certify that, to the best of my knowledge, this vehicle ☐ has been, or ☐ has not been wrecked, destroyed or damaged to such an extent that the total retail cost, or actual cost, of parts and labor to rebuild or reconstruct the vehicle to the condition it was in before an accident, and for legal operation on the road or highways, is more than 75% of the retail value of the vehicle at the time of loss. (Checking the "has been" box means the vehicle must have an anti-theft examination before being registered and that the title issued will have the statement "Rebuilt Salvage" on it.)

2. Is this vehicle owned and registered by you for your own personal use? ☐ Yes ☐ No
   If "Yes", go to question 3 below. If "No", check any of the following boxes that apply:
   ☐ It is a passenger vehicle to be used for hire with a driver and operated in:
     ☐ New York City    ☐ A jurisdiction other than NYC, that regulates taxis    ☐ A jurisdiction that does not regulate taxis
   ☐ It is a passenger vehicle that is rented or leased without a driver, and is registered in
     ☐ My name    ☐ The name of the leasing or rental company
   ☐ It requires a commercial operating authority permit:
     ☐ NYS DOT Permit No. ___    ☐ I.C.C. Permit No. ___    ☐ US DOT Permit No. ___
   ☐ It is government-owned.
   ☐ It is used as an ☐ ambulance ☐ ambulette   Check this box if ☐ payment is received to carry passengers
   ☐ It is a commercial tow truck with a GVWR of at least 8,600 lbs.    ☐ It is used as a hearse
   ☐ It is used only as a farm vehicle (Form MV-260F, Part I, must be attached).    ☐ It is used only as an agricultural truck

3. Has this vehicle been modified to change its registration class? ☐ Yes ☐ No   If "Yes", explain ___

4. Is this vehicle a pick-up truck with an unladen weight of 5,000 pounds or less, used exclusively for non-commercial purposes, with no advertising anywhere on it? ☐ Yes ☐ No   Do you want? ☐ Passenger Plates ☐ Commercial Plates

**CERTIFICATION:** The information I have given on this application is true to the best of my knowledge. I certify that the vehicle is fully equipped as required by the Vehicle and Traffic Law, and has passed the required New York State inspection within the past 12 months, or has qualified for a time extension (Form VS-1077) and will be inspected within 10 days. I also certify that appropriate insurance coverage is in effect, and that the vehicle will be operated in accordance with the Vehicle and Traffic Law. If I am applying for replacement registration items, I certify that the registration is not currently under suspension or revocation. If I have plates in a series reserved for a special group, I certify that I am still eligible to receive them, and that I have only one set of these plates. If I am using a credit card for payment of any fees in connection with this application, I understand that my signature below also authorizes use of my credit card.

Print Name Here ▸ *Elizabeth Rodriguez*    Sign Here ▸ *Elizabeth Rodriguez*

Additional Signature
Sign Here ▸

**IMPORTANT:** Making a false statement in any registration application or in any proof or statements in connection with it, or receiving or substituting in connection with this application, is a misdemeanor under Section 392 of the Vehicle and Traffic Law, and may also result in the revocation or suspension of the registration pursuant to regulations established by the Commissioner. The Department makes no representation that it will issue a certificate of title or transferable registration until the Commissioner is satisfied that the applicant is entitled to a certificate of title or transferable registration, and until all documentation required to establish ownership of the vehicle is submitted and deemed to be satisfactory. Pending review of this application, neither the Commissioner of the Department of Motor Vehicles nor any of his or her employees, deputies or agents assumes any liability or responsibility for repairs performed, improvements made or work done to the vehicle referenced in this application.

**CREDIT CARD AUTHORIZATION IF CARDHOLDER IS NOT THE APPLICANT:**

My signature authorizes ___ Sign Here ▸ ___
to use my credit card for payment of any fees in connection with this application.

**To Be Completed by a Registered New York State Dealer Only – List any additional Lienholders**

| Lienholder Number ___ | Lienholder Name ___ |
|---|---|
| Mailing Address ___ (Number and Street) | ___ (City) ___ (State) ___ (Zip Code) |
| Lienholder Number ___ | Lienholder Name ___ |
| Mailing Address ___ (Number and Street) | ___ (City) ___ (State) ___ (Zip Code) |

**NY DEALER CERTIFICATION:** I certify that all information provided on this application is true. I take responsibility for the integrity of the papers delivered to the Motor Vehicles office.    (Signature of Dealer or Authorized Representative)

MV-82 (10/00)          PAGE 2 OF 2

## AFFIRMATION OF SERVICE BY MAIL

**STATE OF NEW YORK, COUNTY OF WESTCHESTER**

Danielle C. Choi, Esq., being duly sworn, affirms, and says under penalties of perjury:  affirmant is not a party to the action, is over the age of 18 years, and maintains an office for the regular transaction of business at 500 Summit Lake Dr., Suite 4A, Valhalla, New York; affirmant served the within Affirmation in Opposition to Defendant's Motion to Vacate Judgment upon SAMANTHA RODRIGUEZ, 1749 GRAND CONCOURSE APT 8F, BRONX, NY 10453,   Pro Se Defendant in this action, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York on July 28, 2011.

Dated:  July 28, 2011

Danielle C. Choi, Esq.

Index No. 75827BCV10

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: BRONX**

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC

                                    , Plaintiff

          -against-

SAMANTHA RODRIGUEZ

                    , Defendant(s)

---

---

**AFFIRMATION IN OPPOSITION**

---

**Danielle C. Choi, Esq.**
**Choi Law Office, PLLC**
Attorney for Plaintiff
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone:  (866) 434-2993

CIVIL COURT OF THE CITY OF NEW YORK
BRONX COUNTY: PART

Motion Calendar No. 75827/10

---X

*Cavalry Portfolio Services LLC AAO cavalry SPV I LLC* Plaintiff,

-against-

*Samantha Rodriguez* Defendant.

DECISION and ORDER
Index No.

Present: Hon. Lizbeth González
JCC

------------------------------------X

Recitation, as required by CPLR §2219(a), of the papers considered in reviewing the underling motion:

| | |
|---|---|
| Notice of Motion and annexed Exhibits and Affidavits | ........................ |
| Order to Show Cause and annexed Affidavits | ........................ ✓ |
| Affirmation in Opposition and annexed Exhibits | ........................ ✓ |
| Reply Affidavit | ........................ |
| Other | ........................ |

Civil Court
of the
City of New York

AUG 0 3 2011

ENTERED
BRONX COUNTY

The defendant's motion to vacate the default judgment entered against the defendant herein is granted on default / on consent. The judgment is hereby vacated. The defendant is directed to file an answer with the clerk within 20 days. Upon such filing, the clerk shall restore this action to the trial calendar and notify the parties of the return date in writing.

Upon compliance with the terms of this Order, any liens, levies, restraints or executions issued by plaintiff against any property or bank accounts of the defendant shall be vacated. Any funds, including fees, in the possession of the plaintiff, City Marshall or any other agent shall be returned to defendant forthwith. In the event defendant fails to comply with this Order, the judgment shall continue in full force and effect and all stays shall be deemed vacated. This constitutes the decision and Order of the Court.

Dated: _8|3|11_

So ordered,

Hon. Lizbeth González, JCC

**HON. LIZBETH GONZÁLEZ
JUDGE, CIVIL COURT**

**Civil Court of the City of New York**
County of **Bronx**

Index No: **CV-075827-10/BX**

CAVALRY PORTFOLIO SERVICES, LLC AAO CHRYSLER
FINANCIAL SERVICES, LLC
      -against-
SAMANTHA RODRIGUEZ

**ANSWER IN PERSON**
CONSUMER CREDIT TRANSACTION

Defendant, SAMANTHA RODRIGUEZ, at 2136 CROTONA PARKWAY APT 5M, Bronx, NY 10460- ,
answers the Complaint as follows:

**Dated : 08/03/2011**
*(Check all that apply)*

**FILED**
**CLERK'S OFFICE**
**AUG 03 2011**
**CIVIL COURT**
**BRONX COUNTY**

1      General Denial: I deny the allegations in the complaint

**SERVICE**

2   XX   I did not receive a copy of the summons and complaint

3      I received the Summons and Complaint, but service was not correct as required by law

**DEFENSES**

4   XX   I do not owe this debt

5      I did not incur this debt. I am the victim of identity theft or mistaken identity.

6      I have paid all or part of the alleged debt.

7   XX   I dispute the amount of the debt.

8   XX   I do not have a business relationship with Plaintiff. ( Plaintiff lacks standing.)

9      The NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect a debt.

10      Plaintiff does not allege a debt collection license number in the Complaint.

11   XX   Statute of Limitations ( the time has passed to sue on this debt: more than six years.)

12      The debt has been discharged in bankruptcy.

13   XX   The collateral (property) was not sold at a commercially reasonable price.

14   XX   Unjust enrichment (the amount demanded is excessive compared with the original debt.)

15   XX   Violation of the duty of good faith and fair dealing.

16      Unconscionability (the contract is unfair.)

17   XX   Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)

18      Defendant is in the military.

19   XX   Other: NO POST SALE ACCOUNTING OR PRESALE NOTICE

**OTHER**

20      Please take notice that my only source of income is _____, which is exempt from collection.

**COUNTERCLAIM**

21      Counterclaim(s): $     Reason:

**This case is scheduled to appear on the calendar as follows:** August 31, 2011 in Part 11C - Non-Jury - Self-
**Represented - Consumer Debt,**
**Room 504 at 10:30 AM Both sides notified:** _____
TO

I.D. Presented Type
No I.D. Provided

       Choi Law Office PLLC
       500 Summit Lake Drive

DANIELLE C. CHOI*
NELSON MENDES**

300 Summit Lake Drive
Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993
Facsimile: (888) 841-0014

New York City Department of Consum
Affairs License No. 13706
*Member of NY, NJ and CT Ba
**Member of NY B

September 2, 2011

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: BRONX
851 Grand Concourse

Bronx, NY 10451

RE:   CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
      ASSIGNEE OF CHRYSLER FINANCIAL SERVICES, LLC vs. SAMANTHA RODRIGUEZ,
      Docket No. 75827BCV10
      Account: 12414294

Dear Sir/Madam:

Pursuant to the judge's Order dated August 31, 2011, Plaintiff submits herewith its Affidavit of Claim with Bill of Sale, Assignment, redacted list of accounts transferred, copies of the Defendant's driver's license submitted to the dealership at the time she opened the underlying account, and various documents establishing the Defendant opened this account. Plaintiff has now complied with the Judge's order.

Sincerely,

Danielle C. Choi, Esq.
Choi Law Office, PLLC

**This is an attempt to collect a debt and any information provided will be used for that purpose.
This correspondence is from a debt collector.**

**AFFIDAVIT OF CLAIM**

STATE OF NEW YORK ）
　　　　　　　　　　　 ) SS
COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC, as assignee of Chrysler

vs.

SAMANTHA RODRIGUEZ

I, Stephanie Cappelli, being duly sworn on oath, depose and say:

1. I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

2. I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

3. That the defendant, SAMANTHA RODRIGUEZ, the account holder(s), opened an account with Chrysler on 3/26/2001, which account became delinquent and was charged off on 11/29/2002 (the "Account").

4. As of 9/2/2011, the balance due and owing by the account holder(s) on the account is $15175.13, which balance is comprised of $14323.28 of principal balance and $646.85 + $0 + $205 of other charges. The principal balance continues to accrue interest as of the date hereof at a rate of 9%. The account holder(s) have been credited for all payments, set-offs or other credits due.

5. That the Account was purchased by Cavalry SPV I, LLC on 12/21/2007 and the servicing and collection rights for the account were assigned by Cavalry SPV I, LLC to Cavalry Portfolio Services, LLC.

6. In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and if called as a witness, I could testify to the matters set forth herein based on that review.

7. In connection with the purchase of the account, Chrysler transferred copies of its electronic business records to Cavalry SPV I, LLC, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format.

8. Upon information and belief, no Defendant is an infant or incompetent or an active member of the United States Armed Forces who would be entitled to stay relief.

9. Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Subscribed and sworn to before me on 9/2/2011

_____
Legal Administrator

Choi Law Office, PLLC
12414294

_____
Notary Public, State of New York

LOUIS DARDIGNAC
Notary Public - State of New York
No. 01DA5057380
Qualified in Rockland County
My Commission Expires March 25, 2014

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS

DaimlerChrysler Financial Services Americas LLC, a limited liability company organized under the laws of Michigan with an office at 27777 Inkster Road, Farmington Hills, MI 48334 ("Seller") hereby absolutely sells, transfers, assigns, sets-over and conveys to Cavalry SPV I, LLC, a limited liability company organized under the laws of Delaware with an office at 7 Skyline Drive, Hawthorne, NY 10532, ("Buyer") without recourse and without representations or warranties, express or implied, of any type, kind or nature except as set forth in the Agreement (hereinafter defined):

      (a) all of Seller's right, title and interest in and to each of the Accounts identified in the Account schedule attached hereto as Exhibit A (the "Accounts"), and

      (b) all principal, interest or other proceeds of any kind with respect to the Accounts, but excluding any payments or other consideration received by or on behalf of Seller on or prior to November 20, 2007, with respect to the Accounts.

This Bill of Sale is being executed and delivered pursuant to and in accordance with the terms and provisions of that certain Purchase and Sale Agreement made and entered into by and between the Seller, and the Buyer dated December 21, 2007, (the "Agreement"). The Accounts are defined and described in the Agreement and are being conveyed hereby subject to the terms, conditions and provisions set forth in the Agreement.

This Bill of Sale shall be governed by the laws of the State of Michigan without regard to the conflicts-of-laws rules thereof.

DATED: December 21, 2007

SELLER: DaimlerChrysler Financial Services Americas LLC

By: _____

Name: PASQUALE MILANTONI

Title: Vice President

STATE OF Michigan )

) ss.

COUNTY OF Oakland )

On this the 21 day of December, 2007, before me the undersigned officer, personally appeared Financial Pasquale Milantoni who acknowledged him/herself to be the Vice President of DaimlerChrysler Financial Services Americas, LLCa Michigan limited Liability Company, signer and sealer of the foregoing instrument, and that he/she as such officer, being authorized so to do, acknowledged the execution of the same to be his/her free act and deed as such officer and the free act and deed of said corporation.

IN WITNESS WHEREOF, I hereunto set my hand.

_____

Commissioner of the Superior Court

Notary Public

NANCY E. MARKS
Notary Public, Oakland County, Michigan
Acting in Oakland County, Michigan
My Commission Expires May 29, 2008

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that DaimlerChrysler Financial Services Americas LLC, a Michigan limited liability company ("Seller"), with respect to those certain purchased Accounts, described in that certain Purchase and Sale Agreement dated December 21, 2007 (the "Agreement") between Seller and Cavalry SPV I, LLC, a Delaware limited liability company ("Buyer"), hereby names, constitutes and appoints Buyer, or any of its authorized agents, employees or representatives, its duly authorized attorney and agent with limited power and authority as it relates to the Accounts to (i) endorse checks and other negotiable instruments which may be received by Buyer; (ii) perfect, maintain, and release any security interests; (iii) transfer and obtain any titles, evidence of ownership or Account Documents; (iv) settle any insurance claims or litigation and apply for any insurance, warranty or sales tax refunds; and (v) to perform any and all acts relating to the Accounts which the undersigned was entitled to do as the owner of said Accounts. Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Agreement.

EXECUTED this 21st day of December, 2007,

Seller: DaimlerChrysler Financial Services Americas LLC

By:

Name: _Pasquale Milantoni_

Title: _Vice President_

STATE OF _Michigan_ )
) ss.
COUNTY OF _Oakland_ )

On this the _21_ day of December, 2007, before me the undersigned officer, personally appeared _Pasquale Milantoni_ who acknowledged him/herself to be the _Vice President_ of _DaimlerChrysler Financial Services Americas LLP a Michigan Limited Liability Corporation_ signer and sealer of the foregoing instrument, and that he/she as such officer, being authorized so to do, acknowledged the execution of the same to be his/her free act and deed as such officer and the free act and deed of said corporation.

IN WITNESS WHEREOF, I hereunto set my hand.

~~Commissioner of the Superior Court~~
Notary Public

NANCY E. MARKS
Notary Public, Oakland County, Michigan
Acting in Oakland County, Michigan
My Commission Expires May 29, 2008

## ASSIGNMENT

The undersigned Cavalry SPV I, LLC ("Assignor"), effective as of December 28, 2007, hereby transfers and assigns to Cavalry Portfolio Services, LLC, a limited liability company organized under the laws of the State of Delaware ("Assignee") without recourse and without representations or warranties, express or implied, of any type, kind or nature, except those contained in the Servicing and Management Agreement by and among Assignor and Assignee dated as of June 13, 2003, all of Assignor's rights to pursue collection or judicial enforcement of obligations under each of the Assignor's accounts purchased pursuant to that Purchase and Sale Agreement dated December 21, 2007, by and between Assignor and DaimlerChrysler Financial Services Americas LLC, including engagement of attorneys and commencement of legal actions reasonably required to enforce said obligations, for the consideration set forth in such Servicing and Management Agreement by and among Assignor and Assignee, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged.

This assignment of Accounts shall be governed by the laws of the State of New York without regard to the conflict-of-laws rules thereof.

ASSIGNOR:
**Cavalry SPV I, LLC**

By:
Name: Donald E. Strauch
Title: Executive Vice President

Exhibit A

| ACCOUNT | PORTFOLIO | ORIGINAL CREDITOR | ORIGINAL | BALANCE | PURCHASED | NAME_U |
|---|---|---|---|---|---|---|
| 12414294 | 0257 | Chrysler | 101008791 | 9558.18 | 12/21/2007 | RODRIGUEZ;SAMANTHA |

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: BRONX**

---

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE
OF CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLER
FINANCIAL SERVICES, LLC

**Index No. 75827 BCV10**

, Plaintiff

-against-

SAMANTHA RODRIGUEZ

**SUBSTITUTION OF**
**COUNSEL**

, Defendant(s)

---

It is hereby stipulated and agreed by and between the undersigned attorneys, that Danielle C. Choi, Esq., be substituted as counsel and attorney of record for the plaintiff in the above entitled action in place and stead of Anne Thomas, Esq., as of the date hereof.

Dated: October 25, 2010

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st Floor
Hawthorne, NY 10532

Substituted Counsel

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr.
Suite 4A
Valhalla, NY 10595-1340
Phone: (866) 434-2993
File No. 12414294
Substituting Counsel

---

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF
CAVALRY SPV I, LLC, AS ASSIGNEE OF CHRYSLER FINANCIAL
SERVICES, LLC
By: Matteo Velardo Jr.
Asst. Vice President - Legal Operations
500 Summit Lake Drive, Suite 400
Valhalla, New York 10595
Phone: (800) 501-0909

STATE OF NEW YORK
COUNTY OF WESTCHESTER

BEFORE ME, On this 25 October 2010 before me, the undersigned, a Notary Public in and for said State, personally appeared Matteo Velardo Jr. personally known to me or proved to me on the basis of satisfactory evidence, to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledge to me that he/ she/ they executed the same in his/her, their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

WITNESS my hand and official seal the date aforesaid.

NOTARY PUBLIC:

WALTER E. SAMS
Notary Public, State of New York
No. 49903
Qualified in Suffolk County
Commission Expires Dec. 30 20__

Civil Court of the City of New York    Index Number _____ CV 108 762 7-10

County of **Bronx**    Motion Cal. # _____    Motion Seq. # _____

Part **IIC**

## DECISION/ORDER

**Cavalry**

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

**Samantha Rodriguez**

Defendant(s)/Respondent(s)

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | _____ |
| Order to Show Cause and Affidavits Annexed..... | _____ |
| Answering Affidavits .............................. | _____ |
| Replying Affidavits................................. | _____ |
| Exhibits ............................................. | _____ |
| Other.................................................. | _____ |

Upon the foregoing cited papers, the Decision/Order on this Motion to **Dismiss**

**with prejudice**    is as follows:

**Plaintiff is not ready for trial which was scheduled for November 23, 2011 at 9:30 am**

Civil Court
of the
City of New York

NOV 23 2011

**ENTERED**
BRONX COUNTY

Date

Judge, Civil Court

**HON. FERNANDO TAPIA**

# Janice Kearney

**CONSUMER CREDIT TRANSACTION**

**IMPORTANT!! YOU ARE BEING SUED!!**

**ORIGINAL**

### THIS IS A COURT PAPER—A SUMMONS

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED)!! IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!**

## CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF: KINGS

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK HOLDINGS, LTD, AS ASSIGNEE OF WASHINGTON MUTUAL BANK

, Plaintiff

-against-

JANICE L KEARNEY
1517 PARK PL APT 17F
BROOKLYN, NY
112133150

Defendant(s)

Purchased:
Index No.

**067256**

**SUMMONS**

Plaintiff's address: 7 Skyline Drive, 3rd Floor, Hawthorne, NY 10532

Basis of venue is the residence of defendant(s) and the county where the transaction took place

To the above named Defendant(s):

 **YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of KINGS, at the office of the Clerk of said Court, at the KINGS County Courthouse, located at 141 Livingston Street , Brooklyn, NY 11201, in the County of KINGS, and State of New York, within the time provided by law, as noted below, and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $2,672.97, with interest thereon, together with the costs and disbursements of this action.

Defendant's Address        1517 PARK PL APT 17F, BROOKLYN, NY 112133150

Dated: June 10, 2010

**FILED**
CIVIL COURT
KINGS COUNTY

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st Floor, Hawthorne, New York 10532
Phone: (866) 434-2993
Attorney for Plaintiff
File No. 13691078
New York City Department of Consumer Affairs License No. 1253949

**NOTE:** The law provides that:

1.     If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

2.     If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of the this Court within which to appear and answer.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

# TRANSACCION DE CREDITOR DEL CONSUMIDOR
## !IMPORTANTE! !HA SIDA DEMANDADO!
### ESTE ES UN DOCUMENTO LEGAL – UNA CITACION
!NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! !LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO)! !SI USTED NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES PROPIEDAD Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTS)! SI USTED NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIAMENTS. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

**CORTE CIVIL DE LA CIUDAD DE NUEVA YORK**
**CONDADO DE: KINGS**

| | |
|---|---|
| CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK HOLDINGS, LTD, AS ASSIGNEE OF WASHINGTON MUTUAL BANK<br>, Demandante | Index No. <br><br>**CITACION** |
| -contra-<br><br>JANICE L KEARNEY | La razon de haber designado esta corte es demandado(s) vive en el condado y en el transacion transpire en el condado |

Al demandado(s) arriba mencionados:

   USTED ESTA CITADO a comparecer en la Corte de la Ciudad de Nueva York, Condado de KINGS, a la oficina del jefe principal de Corte en 141 Livingston Street , Brooklyn, NY 11201, en el Condado, Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley sequin abajo indicado y a presenter su repuesta a la demanda al jefe de la corte; si usted no comparece a contestar, se rendira sentencia contra usted en la suma $2,672.97 con intereses en dicha cantidad, incluyendo las costas de esta causa.

Oficina del demandante: 7 Skyline Drive, 3rd Floor, Hawthorne, NY 10532

Direcciones de
demandado:           1517 PARK PL APT 17F , BROOKLYN, NY 112133+50

Fecha:  June 10, 2010

                                     Anne Thomas, Esq.
                                     Thomas Law Offices, PLLC
                                     7 Skyline Drive, 1st Floor, Hawthorne, New York 10532
                                     Phone:  (866) 434-2993
                                     Abagados del Demandante
                                     File No. 13691078
                                     New York City Department of Consumer Affairs License No. 1253949

**A: La ley provida que:**

1.   Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responder dentro de VEINTE dias despues de la entrega; o

2.   Si esta citacion es entregada a otra persona que no era usted personalmente, o si era entregada afera de la Ciudad de Nueva York, o por media publicacion, o por otros medios que no eran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA dias para comparecer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al jefe de esta corte.

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF RIVERWALK HOLDINGS, LTD,
AS ASSIGNEE OF WASHINGTON MUTUAL
BANK

Index No.

**VERIFIED COMPLAINT**

, Plaintiff

-against-

JANICE L KEARNEY

Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK HOLDINGS, LTD, AS ASSIGNEE OF WASHINGTON MUTUAL BANK, by and through its attorney, Anne Thomas, Esq. of Thomas Law Offices, PLLC, complaining of the Defendant(s), alleges:

**FIRST:** That at all times hereinafter mentioned, the Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK HOLDINGS, LTD, AS ASSIGNEE OF WASHINGTON MUTUAL BANK, is a limited liability company with a place of business in the State of New York and that Plaintiff is duly licensed with the New York City Department of Consumer Affairs, License No. 1126494.

**SECOND:** Plaintiff's primary business activity is the purchase of consumer receivables.

## AS AND FOR A FIRST CAUSE OF ACTION

**THIRD:** Plaintiff, through assignment, is the lawful owner of a consumer credit contract executed by the Defendant(s).

**FOURTH:** The Defendant(s) did breach the aforesaid consumer credit contract and owes Plaintiff the sum of $2,083.80 plus interest of $589.17. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A SECOND CAUSE OF ACTION

**FIFTH:** There is due and owing from the Defendant(s) the sum of $2,083.80, plus interest of $589.17, on a certain book account. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A THIRD CAUSE OF ACTION

**SIXTH:** The Plaintiff sues the Defendant(s) for goods sold and delivered and/or services rendered by Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay the agreed amount. Payment has been demanded by Plaintiff and has not been made.

## AS AND FOR A FOURTH CAUSE OF ACTION

**SEVENTH:** The Plaintiff sues the Defendant(s) for the reasonable value of the goods sold and delivered, and/or services rendered by the Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay a reasonable price for same. Payment has been demanded by Plaintiff and has not been made.

## AS AND FOR A FIFTH CAUSE OF ACTION

**EIGHTH:** The Defendant(s), being indebted to the Plaintiff in the sum of $2,083.80, plus interest of $589.17, upon an account stated between them, did promise to pay the Plaintiff said sum upon demand. Payment has been demanded by Plaintiff and has not been made.

**WHEREFORE,** Plaintiff demands Judgment against the Defendant(s) for the sum of $2,672.97, with costs and disbursements of this action, and interest thereon .

Dated: June 10, 2010

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st floor
Hawthorne, New York 10532
Phone: (866) 434-2993
Attorney for Plaintiff
CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF RIVERWALK HOLDINGS, LTD, AS ASSIGNEE OF
WASHINGTON MUTUAL BANK
File No. 13691078

VERIFICATION

STATE OF NEW YORK
COUNTY OF WESTCHESTER

Kristina D Pagni, being duly sworn, deposes, and says: I am the Legal Administrator of CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK HOLDINGS, LTD, AS ASSIGNEE OF WASHINGTON MUTUAL BANK, the Plaintiff, in the within action; I have read the foregoing Complaint, and know the contents thereof; that the contents of the foregoing Complaint are true of my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The grounds and basis for my belief as to all matters not stated upon my personal knowledge are: the files maintained by the Plaintiff, including all correspondence and other writings furnished to me by Plaintiff and interviews with employees of the Plaintiff.

Subscribed and sworn to before me
on this June 10, 2010.

Cavalry Portfolio Services, LLC
By: Kristina D Pagni
Legal Administrator

Notary Public

Notary Public, State of New York
No. 01BA...
Qualified in ... County
Commission ... March 25, 20...

Civil Court of the City of New York
County of Kings

| | |
|---|---|
| CAVALRY PORTFOLIO SERVICES, LLC As Assignee Of<br>CAVALRY SPV I, LLC<br>    -against-<br>JANICE L KEARNEY | **ANSWER IN PERSON**<br>**CONSUMER CREDIT TRANSACTION** |

Defendant, JANICE L KEARNEY, at 1517 PARK PL APT 17F, Brooklyn, NY 11213-   , answers the
Complaint as follows:

**Dated : 08/18/2010**
*(Check all that apply)*

1      General Denial: I deny the allegations in the complaint

**SERVICE**

2      I did not receive a copy of the summons and complaint

3  **X**  I received the Summons and Complaint, but service was not correct as required by law.

**DEFENSES**

4      I do not owe this debt

5      I did not incur this debt. I am the victim of identity theft or mistaken identity.

6      I have paid all or part of the alleged debt.

7  **X**  I dispute the amount of the debt.

8      I do not have a business relationship with Plaintiff.  ( Plaintiff lacks standing.)

9      The NYC Department of Consumer Affairs shows no record of plaintiff having a license to collect a debt.

10      Plaintiff does not allege a debt collection license number in the Complaint.

11      Statute of Limitations ( the time has passed to sue on this debt: more than six years.)

12      The debt has been discharged in bankruptcy.

13      The collateral (property) was not sold at a commercially reasonable price.

14  **X**  Unjust enrichment (the amount demanded is excessive compared with the original debt.)

15      Violation of the duty of good faith and fair dealing.

16      Unconscionability (the contract is unfair.)

17      Laches (plaintiff has excessively delayed in bringing this lawsuit to my disadvantage.)

18      Defendant is in the military.

19      Other:

**OTHER**

20      Please take notice that my only source of income is _____ , which is exempt from collection.

**COUNTERCLAIM**

21      Counterclaim(s): $       Reason:

**This case is scheduled to appear on the calendar as follows:** September 22, 2010 in **Part 11 - Self Represented,
Room 1101 at 9:30 AM Both sides notified:** _____

To:

       Thomas Law Offices PLLC
       7 Skyline Drive, 1st Floor
       Hawthorne, NY 10532-

# THOMAS LAW OFFICES PLLC

**ANNE M. THOMAS ***
**DANIELLE C. CHOI ***

7 SKYLINE DRIVE
1ST FLOOR
HAWTHORNE, NY 10532

TELEPHONE: 866.434.2993
FACSIMILE: 888.841.0014

*MEMBER OF CT, NY AND NJ BARS
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NO. 1253949

**MEMBER OF CT AND NY BAR

October 19, 2010

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: KINGS
141 Livingston Street

Brooklyn, NY 11201

RE:

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF RIVERWALK HOLDINGS, LTD, AS ASSIGNEE OF WASHINGTON MUTUAL
BANK vs. JANICE L KEARNEY, **Docket No. 67256 KCV10**
Account: 13691078

Dear Sir/Madam:

Plaintiff's Counsel hereby served upon the Defendant Plaintiff's Affidavit of Debt with Bill of Sa
Assignment and redacted list of accounts transferred, Terms and Conditions of the underlying accou
monthly statements sent from the original creditor to the Defendant herein, redacted screenshot of Plaintif
database pertaining to Defendant's account, redacted copies of Defendant's Credit Bureau reports, w
Affidavit of Service of same upon the Defendant.

Plaintiff and its Counsel have hereby complied with the Judge's direction issued at the hearing on this mat
held on September 22, 2010.

Sincerely,

Danielle C. Choi, Esq.
Thomas Law Offices, PLLC

Enclosures

CC:    JANICE L KEARNEY

**This is an attempt to collect a debt and any information provided will be used
for that purpose. This correspondence is from a debt collector.**

STATE OF    NEW YORK    )
                        ) SS
COUNTY OF   WESTCHESTER )

RE: Cavalry Portfolio Services, LLC as assignee of Cavalry SPV I, LLC as assignee of Washington Mutual Bank (original creditor).

vs.

JANICE L KEARNEY

Before me, a notary public in and for Westchester County, personally appeared Kristina D. Pagni, who upon being duly sworn on oath, deposed and said:

1. I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

2. I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

3. That the defendant, JANICE L KEARNEY, the account holder(s), opened an account with Washington Mutual Bank on 7/27/2000, which account became delinquent and was charged off on 2/27/2009 (the "Account").

4. As of 10/19/2010, the balance due and owing by the account holder(s) on the account as of the date hereof is $2904.51, which balance is comprised of $2083.8 of principal balance and $820.71 of accumulated interest + $0 of costs + $0 of other charges. The principal balance continues to accrue interest as of the date hereof at a rate of 24%. The account holder(s) have been credited for all payments, set-offs or other credits due.

5. That the Account was purchased by Cavalry SPV I, LLC on 10/30/2009 and the servicing and collection rights for the account were assigned by Cavalry SPV I, LLC to Cavalry Portfolio Services, LLC

6. In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and If called as a witness, I could testify to the following based on that review.

7. Washington Mutual Bank compiles records related to its account holders in electronic format. Subsequent to the purchase of the account, Washington Mutual Bank transferred copies of its electronic business records to Cavalry SPV I, LLC, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format.

8. That the attached statement of account with respect to the Account of JANICE L KEARNEY is just, true and correct according to the books and records, that the documents attached to the complaint are true and correct copies of the original and if called as a witness at trial, I can testify as to its contents.

9. That the defendant is not believed to be an active member of any branch of the armed forces of the United States of America.

10. Upon information and belief, no Defendant is an infant or incompetent or a member of the United States Armed Forces who would be entitled to stay relief.

11. Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Subscribed and sworn to before me on 10/19/2010

_____
Legal Administrator

DAWN M ...... N'
Notary Public, S .   .  York
No. 01. ...      . t
Qualified in W ...     . ....ounty
Term Expires ...    8 2011

THOMAS LAW OFFICES, PLLC    NY
13691078

## EXHIBIT A

### BILL OF SALE

Riverwalk Holdings, Ltd ("Seller"), for value received and pursuant to the terms and conditions of Credit Card Account Purchase Agreement dated October 29, 2009 between Seller and **Cavalry SPV I, LLC** ("Purchaser"), its successors and assigns ("Credit Card Account Purchase Agreement"), hereby assigns effective as of the File Creation Date of **October 29, 2009** all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in Exhibit 1 attached hereto and made part hereof for all purposes.

| | |
|---|---|
| Number of Accounts: | 3320 |
| Total Unpaid Balances: | **$10,335,844.33** |
| States Purchased: | **National** |
| Purchase Price Percentage (%): | **.064** |
| **Amount Due Seller:** | **$661,494.04** |

This Bill of Sale is executed without recourse except as stated in the Credit Card Account Purchase Agreement to which this is an Exhibit. No other representation of or warranty of title or enforceability is expressed or implied.

**Riverwalk Holdings, Ltd**

By: _____

Date: _10/24/ 2009_

Title: _CEO & Managing Partner_

**Cavalry SPV I, LLC**

By: _____

Date: ___10/30/09___

Title ___CFO___

**CHASE ○**

## BILL OF SALE

Chase Bank USA, N.A. ("Seller"), for value received and pursuant to the terms and conditions of Credit Card Account Purchase Agreement dated  January 29, 2009 between Seller and Riverwalk Holdings, Ltd. ("Purchaser"), its successors and assigns ("Credit Card Account Purchase Agreement"), hereby assigns effective as of the File Creation Date of March 20, 2009 all rights, title and interest of Seller in and to those certain receivables, judgments or evidences of debt described in Exhibit 1 attached hereto and made part hereof for all purposes.

| | |
|---|---|
| Number of Accounts | 23722 |
| Total Unpaid Balances | $99,995,861.33 |
| Premium | ███████████ |
| Due Seller | |

Amounts due to Seller by Purchaser in hereunder shall be paid U.S. Dollars by a wire transfer to be received by Seller on March 25, 2009 (the "Closing Date") by 2:00 p.m. Seller's time, as follows:

Chase Bank USA, N.A
ABA
Beneficiary Name: Chase Bank USA, N.A.
Beneficiary Account: #

This Bill of Sale is executed without recourse except as stated in the Credit Card Account Purchase Agreement to which this is an Exhibit. No other representation of or warranty of title or enforceability is expressed or implied.

| Chase Bank USA, N.A. | Riverwalk Holdings, Ltd. |
|---|---|
| By: | By: |
| Date: March 20, 2009 | Date: March 20, 2009 |
| Title: Team Leader | Title: CEO / MANAGING PARTNER |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: KINGS

BROOKLYN CIVIL COURT

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE 2010 NOV -5  AM 10: 47
OF CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK
HOLDINGS, LTD, AS ASSIGNEE OF WASHINGTON
MUTUAL BANK

Index No. 67256 KCV10

, Plaintiff

-against-

**SUBSTITUTION OF
COUNSEL**

JANICE L KEARNEY

, Defendant(s)

It is hereby stipulated and agreed by and between the undersigned attorneys, that Danielle C. Choi, Esq., be substituted as counsel and attorney of record for the plaintiff in the above entitled action in place and stead of Anne Thomas, Esq., as of the date hereof.

Dated: October 22, 2010

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st Floor
Hawthorne, NY 10532

Substituted Counsel

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr.
Suite 4A
Valhalla, NY 10595-1340
Phone: (866) 434-2993
File No. 13691078
Substituting Counsel

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF
CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK HOLDINGS,
LTD, AS ASSIGNEE OF WASHINGTON MUTUAL BANK
By: Matteo Velardo Jr.
Asst. Vice President - Legal Operations
500 Summit Lake Drive, Suite 400
Valhalla, New York 10595
Phone: (800) 501-0909

STATE OF NEW YORK
COUNTY OF WESTCHESTER

BEFORE ME, On this 22 October 2010 before me, the undersigned, a Notary Public in and for said State, personally appeared Matteo Velardo Jr. personally known to me or proved to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledge to me that he/ she/ they executed the same in his/her, their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

WITNESS my hand and official seal the date aforesaid.

NOTARY PUBLIC: _____

WALTER E. SAMS
Notary Public, State of New York
No. 49903
Qualified In Suffolk County
Commission Expires Dec. 30  2013

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: KINGS

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF RIVERWALK HOLDINGS, LTD,
AS ASSIGNEE OF WASHINGTON MUTUAL
BANK

, Plaintiff

-against-

JANICE L KEARNEY

, Defendant(s)

Index No. 67256 KCV10

**REPLY**

---

Danielle C. Choi, Esq., an attorney admitted to practice law in the State of New York hereby affirms following to be true under the penalties of perjury:

1. I am a member of Choi Law Office, PLLC, attorney for Plaintiff, CAVALRY PORTFOLIO SERVIC LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF RIVERWALK HOLDIN LTD, AS ASSIGNEE OF WASHINGTON MUTUAL BANK, and as such I am fully familiar with facts and circumstances of the within action.

2. Plaintiff submits this Reply to Defendant's Affirmation in Opposition to Plaintiff's Motion for Summ Judgment.

3. The within action was commenced because of a breach and default on a Washington Mutual Bank cr card and a balance existing thereunder, said credit card balance owed to plaintiff's assignor by defendant.

4. At present, Defendant opposes Plaintiff's Motion for Summary Judgment on grounds that are not alon sufficient to grant the redress presently sought by the Defendant.

### A. Plaintiff is the lawful assignee of the subject debt.

5. On or about October 30, 2009, Cavalry SPV I, LLC, purchased the subject debt from FIA Card Servic N.A. On or about October 30, 2009, Cavalry SPV I, LLC, assigned the subject debt to Cavalry Portfol Services, LLC. Annexed to Plaintiff's Motion for Summary Judgment as "Exhibit F" are true and accurate copies of Plaintiff's Affidavit of Claim with Bill of Sale, Assignment, and redacted list of accounts transferred, evidencing the chain of ownership of the subject debt concluding with the Plaint herein. The subject account is clearly referenced in the redacted list of accounts transferred.

6. The "beneficiary account" noted on the Bill of Sale from Chase Bank USA, N.A. to Riverwalk Holdin Ltd, is clearly a reference to a bank account belonging to Chase Bank USA, N.A. and not the subject account in this action. See "Exhibit F" annexed to Plaintiff's Motion for Summary Judgment.

7. Annexed as "Exhibit E' to Plaintiff's Motion for Summary Judgment is an affidavit from the Vice President of Legal Operations of Cavalry Portfolio Services, LLC, wherein he swears that the debt is "lawful" and that all applicable federal and state laws have been "fully adhered" to.

## B. Plaintiff's records are admissible as business records.

8. Rule 4518(a) of the CPLR states in pertinent part:

> "Any writing or record…made as a memorandum or record of any act, transaction, occurrence c event, shall be admissible in evidence in proof of that act, transaction, occurrence, or event, if th judge finds that it was made in the regular course of business of any business and that it was th regular course of that business to make it, at the time of the act, transaction, occurrence or event or within a reasonable time thereafter…*All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility.*"

(emphasis added).

9. A duly authorized representative for Plaintiff made numerous averments to the record keeping of the subject business records, including that the Plaintiff "maintains its records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with entries made at or very near the time of any such occurrence." See Plaintiff's Affidavit of Claim "Exhibit F" to Plaintiff's Motion for Summary Judgment, specifically, Paragraphs numbered 1, 2, 6, 7, and 8.

10. Furthermore, Plaintiff notes that Defendant does not specifically deny any of the information which appears on the face of the business records, including the defendant's address on the monthly statement: or the payments made on the underlying account referenced therein.

11. Therefore, Plaintiff has provided sufficient admissible proof to demonstrate that its records qualify as business records pursuant to CPLR 4518(a).

### C. Plaintiff is entitled to interest, late fees, and overlimit fees under the plain language of the term and conditions of the underlying account.

12. It is utterly disingenuous of the defendant to insist that the terms and conditions of the underlying account do not clearly permit the accrual of interest, late fees, and overlimit fees. See the "Visa or Mastercard Account Agreement" as part of "Exhibit D" to Plaintiff's Motion for Summary Judgment, specifically, Section 4 entitled "Finance Charges" and Section 5 entitled "Other Fees."

13. Plaintiff additionally notes that Defendant, in her Affidavit in Support of her Affirmation in Opposition, merely denies signing the terms and conditions, but does not deny otherwise agreeing to the terms therein.

### D. Plaintiff was not under a duty to provide notice of assignment, or alternatively, did provide the debtor with adequate notice of assignment.

14. It is well settled that notice to the debtor is not required to vest title in the assignee (*see Callanan v. Edwards*, 32 N.Y. 483, [1865]).

15. Even if the Plaintiff was required to provide notice of the assignment to the debtor, it did so. On or about May 10, 2010, counsel for the Plaintiff sent to the defendant a thirty day notice pursuant to the Fair Debt Collection Practices Act pertaining to the subject account stating the chain of assignment.

**E. Plaintiff has met its burden of proof and sufficiently established its entitlement to Summary Judgment, and the defendant has failed to raise a genuine issue of material fact.**

16. Plaintiff has clearly established its prima facie case against the Defendant by providing affidavits plaintiff's agent and assistant vice president of legal operations and various additional exhibits. S exhibits evidence the valid assignment of the debt and demonstrate that credit was extended to Defendant by plaintiff's assignor, pursuant to a credit card agreement for which there is a balance du $2,672.97 as of the date of filing of the complaint.

17. As the Court of Appeals stated in *Zuckerman v. City of New York* (29 NY2d 557, 560, 427 NYS2d 5 596 [1980]), "[w]here the moving party has demonstrated its entitlement to summary judgment, the pa opposing a motion for summary judgment must demonstrate by admissible evidence the existence c factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so." The c exhibit attached to Defendant's Affirmation in Opposition consists of the Defendant's affidavit. S affidavit fails to dispute the validity of the terms and conditions included or her assent to its terms throu the use of the underlying account with Washington Mutual Bank. Therefore, Defendant's Affirmation Opposition has failed to demonstrate by admissible evidence the existence of a factual issue and is t insufficient to defeat Plaintiff's Motion for Summary Judgment.

WHEREFORE, it is respectfully requested that the Court deny the defendant's motion in its entirety, and grant such other and further relief as it may deem just proper.

Dated:   March 1, 2011

_____
Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff,
Cavalry Portfolio Services, LLC
File No.: 13691078

**AFFIRMATION OF SERVICE BY MAIL**

## STATE OF NEW YORK, COUNTY OF WESTCHESTER

Danielle C. Choi, Esq., being duly sworn, affirms, and says under penalties of perjury: affirmant is not a party t

action, is over the age of 18 years, and maintains an office for the regular transaction of business at 500 Summit Lak

Suite 4A, Valhalla, New York; affirmant served the within Reply to Affirmation in Opposition to Motion for Sum

Judgment upon KIMBERLY JOHNSON, ESQ., DC 37 LEGAL SERVICES 125 BARCLAY STREET, NEW YORK

10007-2179, Attorney for Defendant, in this action by depositing a true copy of same enclosed in a post-paid prc

addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Se

within the State of New York on March 1, 2011.

Dated: March 1, 2011

Danielle C. Choi, Esq.

Index No. 67256 KCV10

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: KINGS**

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF RIVERWALK HOLDINGS, LTD,
AS ASSIGNEE OF WASHINGTON MUTUAL
BANK

, Plaintiff

-against-

JANICE L KEARNEY

---

---

**REPLY**

---

**Danielle C. Choi, Esq.**
**Choi Law Office, PLLC**
Attorney for Plaintiff
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993

# Civil Court of the City of New York

County of KINGS

Part 32

Index Number _____
Motion Cal. # 34   Motion Seq. # _____

CAVALRY PORTFOLIO SERVICES LLC.

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

JANICE KEARNEY

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | 1 |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ............................... | |
| Replying Affidavits................................... | |
| Exhibits ............................................... | |
| Other................................................... | |

Upon the foregoing cited papers, the Decision/Order on this Motion to FOR SUMMARY JUDGMENT is as follows:

PLAINTIFF'S motion FOR SUMMARY JUDGMENT IS DENIED AFTER ORAL ARGUMENT. PLAINTIFF HAS FAILED TO PROVE THAT THERE ARE NO MATERIAL ISSUES OF FACT. PLAINTIFF FAILED TO PROVE THE NOTICE OF THE ASSIGNMENT OF THE DEBT TO THE DEFENDANT AND THE ASSIGNMENT OF THE DEBT FROM THE ORIGINAL CREDITOR TO THE PLAINTIFF

3/16/11
Date

Judge, Civil Court

HON. KATHERINE LEVINE

CIV-GP-85 (Revised, September, 1999)

# Gwendolyn Bird

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

Index No.: 015324/10

CAVALRY PORTFOLIO SERVICES, LLC., AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.,

*Plaintiff(s),*

# DECISION/ORDER

-against-

Present: HON. ORLANDO MARRAZZO, JR.,
Judge, Civil Court

GWENDOLYN BIRD.,

*Defendant(s).*

Civil Court
of the
City of New York

MAY 23 2011

ENTERED
RICHMOND COUNTY

## Jr., Marrazzo Orlando, J.

Recitation pursuant to CPLR § 2219(a) of the papers considered in review of this motion for summary judgment:

| Papers | Numbered |
|---|---|
| Notice of motion............................................................ | 1 |
| Affirmation in opposition.......................................... | 2 |

Plaintiff's motion for summary judgment is denied. In the light most favorable to the defendant herein material issues of fact exist that precludes this court from granting either side summary judgment.

Defendant is hereby ordered and directed to provide plaintiff with any outstanding discovery demands within 30 (thirty) days of this order. In the event of defendant's non-compliance, the defendant will be precluded from offering at trial any evidence on any matter as it pertains to outstanding discovery.

Plaintiff may file a notice of trial (and pay any applicable fees) after 30 (thirty) days of this order and restore this matter back to the court's trial calendar.

This constitutes the court's decision and order.

DATED: May 23, 2011
        Staten Island, New York

HON. Orlando Marrazzo, Jr.,
Civil Court Judge

ASN by _MM_    5/23/11    _in Court

RICHMOND COUNTY
ENTERED
Page 1 of 1
MAY - - 2011
City of New York
of the
Civil Court

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: RICHMOND**

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF
CAVALRY SPV I, LLC, AS ASSIGNEE OF
HSBC BANK NEVADA, N.A.

**NOTICE OF MOTION**

, Plaintiff(s),

-against-

Index No. 15324 RCV10

GWENDOLYN BIRD

, Defendant(s).

**SIRS:**

**PLEASE TAKE NOTICE,** that upon the annexed affirmation of CHOI LAW OFFICE, PLLC, dated the 17th day of March 2011, with supporting exhibits annexed thereto, the annexed affidavit of the plaintiff dated the 17th day of March 2011, with supporting exhibits annexed thereto, and upon all the pleadings and proceedings heretofore had herein, the undersigned will move this Court at the Civil Court, County of Richmond, Part 32C, Room 5, located at 927 Castleton Avenue, West New Brighton, County of Richmond, City and State of New York, on the 23rd day of May 2011, at 9:30 in the forenoon of that day, or as soon thereafter as counsel can be heard, for an Order, pursuant to CPLR Section 3212, granting the plaintiff, Cavalry Portfolio Services, LLC, summary judgment against the defendant and for such other and further relief as to the Court may seem just, proper, and equitable.

**PLEASE TAKE FURTHER NOTICE,** pursuant to CPLR Section 2214(b), answering affidavits, if any, are to be served upon the office of the undersigned at least at least seven days before the within motion is to be heard.

Dated:  March 17, 2011
Valhalla, New York

FILED
APR 11 2011
C...... ...RT
RI....MOND COUNTY

Yours, etc.
Danielle C. Choi, Esq.
Attorney for Plaintiff, Cavalry Portfolio
Services, LLC
500 Summit Lake Dr., Suite 4A
Valhalla, New York  10595
(866) 434-2993
File No.: 13716930

To: STEVEN RINSLER, ESQ.
   DC37 LEGAL SERVICES PLAN
   125 BARCLAY STREET
   NEW YORK, NY 10007
   *ATTORNEY FOR DEFENDANT*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: RICHMOND

_____

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF
CAVALRY SPV I, LLC, AS ASSIGNEE OF
HSBC BANK NEVADA, N.A.

                             , Plaintiff(s),

      -against-

GWENDOLYN BIRD

                            , Defendant(s).

**AFFIRMATION**

Index No. 15324 RCV10

_____

**DANIELLE C. CHOI ESQ.**, an attorney duly admitted to practice law in the State of New York, hereby affirms the following to be true under penalties of perjury:

I am a member of Choi Law Office, PLLC, attorney for the plaintiff, Cavalry Portfolio Services, LLC, as assignee of, Cavalry SPV I, LLC, as assignee of HSBC Bank Nevada, N.A., and as such am familiar with the facts and circumstances of the within action.

This affirmation is submitted in support of the plaintiff's motion for an Order granting it summary judgment pursuant to CPLR Section 3212, against the defendant, Gwendolyn Bird, in the amount of $1,124.86, and for such other and further relief as to the Court is just, proper, and equitable.

The within matter is based upon the failure of the defendant to pay monies owed to the plaintiff. Annexed hereto as Exhibit A is a true and accurate copy of the plaintiff's Summons and Verified Complaint and affidavit of service of same along with Substitution of Counsel form.

Issue was joined on or about August 14, 2010, with service of the defendant's Answer and Interrogatories on the plaintiff. Annexed hereto as Exhibit B is a true and accurate copy of the defendant's responsive pleading.

On or about November 1, 2010, plaintiff served upon the defendant its Answers to Interrogatories. Annexed hereto as Exhibit C is a true and accurate copy of same.

On or about November 29, 2010, plaintiff served upon the defendant its Demand for Discovery and Inspection, Request for Admissions and Interrogatories. Annexed hereto as Exhibit D is a true and accurate copy of same.

On or about December 14, 2010, Defendant served its Response to Notice to Admit upon the Plaintiff. Annexed hereto as Exhibit E is a true and accurate copy of same.

To date, Defendant has completely failed to respond in any way whatsoever to Plaintiff's Demand Discovery and Inspection and Plaintiff's Interrogatories.

Annexed hereto as Exhibit F is a duly executed affidavit by the plaintiff, Cavalry Portfolio Services LLC, wherein it can be stated unequivocally that the defendant is indebted to the plaintiff in the amount of $1,124.86.

The defendant, Gwendolyn Bird, has no meritorious defense to the plaintiff's claims, and as such, there are no genuine issues of material fact to be resolved by the Court.

**WHEREFORE**, it is respectfully requested that the Court grant the plaintiff's motion for an Order granting it summary judgment against the defendant, Gwendolyn Bird, in the amount of $1,124.86 and for such other and further relief as to the Court is just, proper, and equitable.

Dated:  March 17, 2011
      Valhalla, New York

                                           Danielle C. Choi, Esq.

# EXHIBIT A

## CONSUMER CREDIT TRANSACTION
### IMPORTANT!! YOU ARE BEING SUED!!
### THIS IS A COURT PAPER—A SUMMONS

ORIGINAL

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED)!! IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!

### CIVIL COURT OF THE CITY OF NEW YORK
### COUNTY OF: RICHMOND

009645

| | |
|---|---|
| CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF HSBC BANK NEVADA, N.A. <br><br> , Plaintiff <br><br> -against- <br><br><br> CARMELINA VESCE <br> 51 CHERRYWOOD CT <br> STATEN ISLAND, NY <br> 103081882 <br><br> Defendant(s) | Purchased: <br> Index No. <br><br> **SUMMONS** <br><br> Plaintiff's address: 7 Skyline Drive, 3rd Floor, Hawthorne, NY 10532 <br><br><br> Basis of venue is the residence of defendant(s) and the county where the transaction took place |

To the above named Defendant(s):

   **YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of RICHMOND, at the office of the Clerk of said Court, at the RICHMOND County Courthouse, located at 927 Castleton Avenue , Staten Island, NY 10310, in the County of RICHMOND, and State of New York, within the time provided by law, as noted below, and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $1,320.73, with interest thereon, together with the costs and disbursements of this action.

Defendant's Address     51 CHERRYWOOD CT , STATEN ISLAND, NY 103081882

Dated: April 22, 2010

Anne Thomas, Esq.
Thomas Law Offices, PLLC
7 Skyline Drive, 1st Floor, Hawthorne, New York 10532
Phone: (866) 434-2993
Attorney for Plaintiff
File No. 13598258
New York City Department of Consumer Affairs License No. 1253949

**NOTE:** The law provides that:

1.     If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

2.     If this summons is served by its delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of the this Court within which to

## TRANSACCION DE CREDITOR DEL CONSUMIDOR
### !IMPORTANTE!  !HA SIDA DEMANDADO!
### ESTE ES UN DOCUMENTO LEGAL – UNA CITACION
!NO LA BOTE! !CONSULTE CON SU ABOGADO ENSEGUIDA! !LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO)! !SI USTED NO SE PRESENTA EN LA CORTE CON ESTA CITACION LE PUEDEN CONFISCAR SUS BIENES PROPIEDAD Y PERJUDICAR SU CREDITO! !TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTS)! SI USTED NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIAMENTS. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

## CORTE CIVIL DE LA CIUDAD DE NUEVA YORK
## CONDADO DE: RICHMOND

---

CAVALRY PORTFOLIO SERVICES. LLC. AS
ASSIGNEE OF CAVALRY SPV I, LLC. AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.
, Demandante

-contra-

CARMELINA VESCE

, Demandado(s)

Index No.

CITACION

La razon de haber designado esta corte es demandado(s) vive en el condado y en el transacion transpire en el condado

---

Al demandado(s) arriba mencionados:

USTED ESTA CITADO a comparecer en la Corte de la Ciudad de Nueva York. Condado de RICHMOND. a la oficina del jefe principal de Corte en 927 Castleton Avenue , Staten Island. NY 10310, en el Condado. Ciudad y Estado de Nueva York. dentro del tiempo provisto por la ley sequin abajo indicado y a presentar su repuesta a la demanda al jefe de la corte; si usted no comparece a contester, se rendira sentencia contra usted en la suma $1.320.73 con intereses en dicha cantidad. incluyendo las costas de esta causa.

Oficina del demandante: 7 Skyline Drive. 3rd Floor. Hawthorne, NY 10532

Direcciones de demandado: 51 CHERRYWOOD CT , STATEN ISLAND. NY 103081882

Fecha:  April 22, 2010

Anne Thomas. Esq.
Thomas Law Offices, PLLC
7 Skyline Drive. 1st Floor. Hawthorne, New York 10532
Phone:  (866) 434-2993
Abagados del Demandante
File No. 13598258
New York City Department of Consumer Affairs License No. 1253949

q:  La ley provida que:

1. Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York. usted debe comparecer y responder dentro de VEINTE dias despues de la entrega: o

2. Si esta citacion es entregada a otra persona que no era usted personalmente. o si era entregada afera de la Ciudad de Nueva York. o por media publicacion. o por otros medios que no eran entrega personal a usted en la Ciudad de Nueva York. usted tiene TREINTA dias para comparecer y responder la demanda. despues de haberse presentado prueba de

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: RICHMOND

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.

Index No.

, Plaintiff

**VERIFIED COMPLAINT**

-against-

CARMELINA VESCE

, Defendant(s)

Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF HSBC BANK NEVADA, N.A., by and through its attorney, Anne Thomas, Esq. of Thomas Law Offices, PLLC, complaining of the Defendant(s), alleges:

**FIRST:** That at all times hereinafter mentioned, the Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF HSBC BANK NEVADA, N.A., is a limited liability company with a place of business in the State of New York and that Plaintiff is duly licensed with the New York City Department of Consumer Affairs, License No. 1126494.

**SECOND:** Plaintiff's primary business activity is the purchase of consumer receivables.

## AS AND FOR A FIRST CAUSE OF ACTION

**THIRD:** Plaintiff, through assignment, is the lawful owner of a consumer credit contract executed by the Defendant(s).

**FOURTH:** The Defendant(s) did breach the aforesaid consumer credit contract and owes Plaintiff the sum of $1,281.55 plus interest of $39.18. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A SECOND CAUSE OF ACTION

**FIFTH:** There is due and owing from the Defendant(s) the sum of $1,281.55, plus interest of $39.18, on a certain book account. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A THIRD CAUSE OF ACTION

**SIXTH:** The Plaintiff sues the Defendant(s) for goods sold and delivered and/or services rendered by Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay the agreed amount. Payment has been demanded by Plaintiff and has not been made.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND
--------------------------------------------------------------
CAVALRY PORTFOLIO SERVICES, LLC AS
ASSIGNEE OF CAVALRY SPV 1, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.,

                                          INDEX NO. 15324/10

                      Plaintiff,

                                      NOTICE OF APPEARANCE,
          -against-                      VERIFIED ANSWER AND
                                      INTERROGATORIES


GWENDOLYN BIRD,

                    Defendants

------------------------------------------------------------x

        PLEASE TAKE NOTICE, that the defendant, GWENDOLYN BIRD, by her attorney JOAN L. BERANBAUM, ESQ., STEVEN RINSLER, of Counsel, appears in this action and demands that you serve all papers in this proceeding upon the undersigned at the address herein.

        PLEASE TAKE FURTHER NOTICE, that the defendant in answering the complaint, respectfully alleges:

        1    Defendant denies the allegations contained in paragraph 4, 5, 6, 7 and 8 of the complaint.

        2.    Defendant lacks sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 1, 2 and 3 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        2.    The amount claimed in the complaint is not due and owing.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.      There have been payments made that have not been properly credited to defendant's account.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5.   The defendant has not received monthly statements from the plaintiff or its predecessors in years.  Therefore, no account stated was taken and had between plaintiff or its predecessors and the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6.   The defendant received no demand for payment from the plaintiff or its predecessors.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7.  There is no privity of contract between the plaintiff and defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8.  Upon information and belief, the named plaintiff has no standing and is not the proper party to bring the within action in that plaintiff has not provided a proper chain of assignment from the original creditor.  Accordingly, the plaintiff may not have the legal capacity to sue on this action and it should be dismissed pursuant to CPLR 3211 (a)(3).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9.  Upon information and belief, pursuant to Limited Liability Company Law Section 206 and the laws governing foreign LLCs, LLC Law Section 802(b), and publication for six successive weeks within the 120 days after the effectiveness of an LLC's article of organization is a condition precedent to the LLC's ability to maintain law suit in New York.  The plaintiff failed to allege in the complaint that such action had been taken prior to the commencement of the lawsuit.

Therefore, the case should be dismissed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10.    Upon information and belief, the statute of limitations has expired for collection on this alleged debt.

WHEREFORE, defendant demands judgment against the plaintiff dismissing the complaint, together with costs and disbursements of this action and for such other and further relief as to this court may seem just and proper.

PLEASE TAKE FURTHER NOTICE, that the defendant requests that the plaintiff, by officer, director, agent or employee thereof having information, answer under oath in accordance with Article 31 of the Civil Practice Law and Rules, each of the following interrogatories.

1.  Identify the agreement entered into between plaintiff or plaintiff's predecessor(s) in interest and defendant upon which plaintiff's cause of action is based. If written, attach a copy of each agreement.

2.  State when and where defendant executed the alleged agreement.

3.  State whether defendant was given a copy of the alleged agreement.  If yes, when?

4.  Itemize all payments received by plaintiff and/or plaintiff's predecessors in interest from defendant from the outset of the alleged agreement to the present.

5.  Set forth separately and itemize each and every charge included in the amount

sued upon, including but not limited to: finance charges, attorney's fees and late charges.

6.   State when finance charges began to accrue.

7.   State the annual percentage rate of the finance charge.

8.   Set forth copies of all written demands allegedly made to defendant by plaintiff and/or plaintiff's predecessors in interest, its collection agency or attorney for the amount sued upon, including all monthly or periodic statements from the outset of the agreement sued upon.

9.   Set forth a copy of the original debt assignment and all subsequent debt assignments between the plaintiff and the original creditor HSBC Nevada, N.A. .

10.   Set forth a copy of the plaintiff's NYCDCA debt collector license effective at the time of the commencement of this action and all subsequent NYCDCA debt collector license to date.

Dated: New York, New York

October 7, 2010

Yours, etc.

JOAN L. BERANBAUM, ESQ.
Steven Rinsler, of Counsel
DC 37 MUNICIPAL EMPLOYEES
LEGAL SERVICES PLAN
125 Barclay Street
New York, New York 10007
(212) 815-1860

# EXHIBIT C

# CHOI LAW OFFICE, PLLC

DANIELLE C. CHOI*
NELSON MENDES**
SHAYAN FAROOQI***

500 Summit Lake Dr.
Suite 4A
Valhalla, NY 10595-1340
Phone: (866) 434-2993
Facsimile: (888) 841-0014

*Member of CT and NY
**Member of NY
***Member of NY and NJ

November 1, 2010

STEVEN RINSLER, ESQ.
DC37 LEGAL SERVICES PLAN
125 BARCLAY STREET
NEW YORK, NY 10007

RE:     CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
        OF HSBC BANK NEVADA, N.A.
        Gwendolyn Bird
        File No.: 13716930
        Original Creditor: HSBC Bank Nevada, N.A.
        Total Balance Due:

Dear Mr. Rinsler, Esq.,

In connection with the above referenced matter, enclosed please find Plaintiff's Answers to

Defendant's Interrogatories. Should you have any questions, please do not hesitate to contact the

undersigned.

Sincerely,

Danielle C. Choi, Esq.

Choi Law Office, PLLC

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: RICHMOND

CAVALRY PORTFOLIO SERVICES, LLC, AS       Index No. 15324 RCV10
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.,

                    Plaintiff,        **PLAINTIFF'S ANSWERS TO**
                                         **INTERROGATORIES**

      -against-

GWENDOLYN BIRD,

                 Defendant(s).

Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A., by and through its attorney Danielle C. Choi, Esq.,
responding to Defendant's Interrogatories dated October 7, 2010, and as and for its Response to Demand
for Discovery and Inspection states:

## GENERAL OBJECTIONS

First Objection: Plaintiff objects to Defendant's Interrogatories to the extent that it requests
information gathered in anticipation of litigation in violation of the Work Product Doctrine.

Second Objection: Plaintiff objects to Defendant's Interrogatories to the extent that it requests
information not reasonably calculated to lead to the discovery of admissible evidence.

Third Objection: Plaintiff objects to Defendant's Interrogatories to the extent that it seeks
information in violation of the Attorney-Client privilege.

Without waiving said Objections, Plaintiff answers as follows:

1.       Identify the agreement entered into between plaintiff or plaintiff's predecessor(s) in interest
and defendant upon which plaintiff's cause of action is based. If written, attach a copy of each
agreement.

ANSWER: Annexed hereto as "Response 1" is a true and accurate copy of the terms and conditions of
the underlying account.

2.       State when and where defendant executed the alleged agreement.

ANSWER: On or about March 3, 2004, defendant entered into the subject consumer credit card
agreement with HSBC Bank Nevada, N.A., plaintiff's assignor.

3.       State whether defendant was given a copy of the alleged agreement. If yes, when?

ANSWER: Upon information and belief, defendant was provided a copy of the alleged agreement

4.   Itemize all payments received by plaintiff and/or plaintiff's predecessors in interest from defendant from the outset of the alleged agreement to the present.

ANSWER: Annexed hereto as "Response 4" is a true and accurate copy of Plaintiff's Statement of Account reflecting the current balance after payments. Plaintiff's Answer is a continuing discovery response and as such, Plaintiff reserves the right to amend and supplement said Answer up to and including the time of trial.

5.   Set forth separately and itemized each and every charge included in the amount sued upon, including but not limited to: finance charges, attorney's fees and late charges.

ANSWER: Annexed hereto as "Response 4" is a true and accurate copy of Plaintiff's Statement of Account reflecting the current balance after charges and fees. Plaintiff's Answer is a continuing discovery response and as such, Plaintiff reserves the right to amend and supplement said Answer up to and including the time of trial.

6.   State when finance charges began to accrue.

ANSWER: On or about March 3, 2004, defendant entered into the subject consumer credit card agreement with HSBC Bank Nevada, N.A., plaintiff's assignor. Additionally, annexed hereto as "Response 4" is a true and accurate copy of Plaintiff's Statement of Account reflecting the current rate of interest of 6%. Plaintiff's Answer is a continuing discovery response and as such, Plaintiff reserves the right to amend and supplement said Answer up to and including the time of trial.

7.   State the annual percentage rate of the finance charge.

ANSWER: Annexed hereto as "Response 4" is a true and accurate copy of Plaintiff's Statement of Account reflecting the current rate of interest of 6%. Plaintiff's Answer is a continuing discovery response and as such, Plaintiff reserves the right to amend and supplement said Answer up to and including the time of trial.

8.   Set forth copies of all written demands allegedly made to defendant by plaintiff and/or plaintiff's predecessors in interest, its collection agency or attorney for the amount sued upon, including all monthly or periodic statements from the outset of the agreement sued upon.

ANSWER: On or about May 10, 2010, the Plaintiff sent to the Defendant the requisite 30 day notice pursuant to the Fair Debt Collection Practices Act. Annexed hereto as "Response 8" is a true and accurate copy of same. Plaintiff's Answer is a continuing discovery response and as such, Plaintiff reserves the right to amend and supplement said Answer up to and including the time of trial.

9. Set forth a copy of the original debt assignment and all subsequent debt assignments between Plaintiff and original creditor HSBC Nevada, N.A.

ANSWER: Annexed hereto as "Response 9" are true and accurate copies of Plaintiff's Affidavit of Debt with Bill of Sale, Assignment, and redacted list of accounts transferred.

10. Set forth a copy of Plaintiff's NYSDCA debt collector license effective at the time of the commencement of this action and all subsequent NYCDCA debt collector license to date.

ANSWER: Plaintiff OBJECTS to Interrogatory No. 10 to the extent that it is beyond the scope of discovery.

Plaintiff's Answers to Interrogatories are a continuing discovery response and as such, Plaintiff reserves the right to amend and supplement said Answers up to and including the time of trial.

Dated: November 1, 2010

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr., Suite 4A
Valhalla, NY 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff,
Cavalry Portfolio Services, LLC
File No.: 13716930

To:   STEVEN RINSLER, ESQ.
      DC37 LEGAL SERVICES PLAN
      125 BARCLAY STREET
      NEW YORK, NY 10007
      Phone: (212) 815-1860

# Response 1





Response 4



GWENDOLYN BIRD

# Statement of Account

Cavalry Reference Number:      13716930
Original Account Number:       5440455013491074
Original Institution:          HSBC Bank Nevada, N.A.


| Date of Purchase | 11/20/2009 |
| --- | --- |
| Principal | $884.45 |
| Account Balance | $1,173.33 |
| Costs | $.00 |
| Other Charges | $.00 |
| Interest Rate | 6% |

Response 8

# THOMAS LAW OFFICES, PLLC

ANNE M. THOMAS *
DANIELLE C. CHOI **

7 SKYLINE DRIVE
1ST FLOOR
HAWTHORNE, NY 10532

TELEPHONE: 866.434.2993
FACSIMILE: 888.841.0014

*MEMBER OF CT, NY AND NJ BARS
NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NO. 1253949

**MEMBER OF CT AND NY BARS

May 10, 2010

GWENDOLYN BIRD
19 WRIGHT AVE

STATEN ISLAND, NY 103032316

RE:   CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
      ASSIGNEE OF HSBC BANK NEVADA, N.A.
      Original Creditor: HSBC Bank Nevada, N.A.
      File No: 13716930
      Total Balance Due To Date: $1,173.33

Dear GWENDOLYN BIRD,

Please take notice that the above referenced account has been placed with this office for collection by the
creditor set forth above, as a result to pay the aforementioned debt. There is now due and owing the sum of
$1,173.33.

We will assume that this debt is valid unless you dispute the same within thirty (30) days from your receipt of
this notice. If, for any reason, you dispute this debt or any portion thereof, you may notify us of same in
writing within thirty (30) days from receipt of this notice. We will then obtain verification of your
obligation or obtain a copy of a judgment, and we will mail you a copy of such verification or judgment.

We will provide you with the name and address of the original creditor, if different from the current creditor,
if you make written request for the same within 30 days from receipt of this notice.
Please send payment directly to this Office and include our file number on the same.

Should you be willing to resolve this matter amicably, Anne M. Thomas, Esq. can be reached at (866) 434-
2993 Ext. 1.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Sincerely,

Thomas Law Offices, PLLC

**This is an attempt to collect a debt and any information provided will be used for that purpose. This
correspondence is from a debt collector.**

# Response 9

**AFFIDAVIT OF CLAIM**

STATE OF     NEW YORK      )
                                          ) SS
COUNTY OF     WESTCHESTER )

RE: Cavalry Portfolio Services, LLC as assignee of Cavalry SPV I, LLC as assignee of HSBC Bank Nevada, N.A. (original credito

vs.

GWENDOLYN BIRD

Before me, a notary public in and for Westchester County, personally appeared Kristina D. Pagni, who upon being duly sworn on oatl deposed and said:

1. I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

2. I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

3. That the defendant, GWENDOLYN BIRD, the account holder(s), opened an account with HSBC Bank Nevada, N.A. on 3/3/2004 which account became delinquent and was charged off on 10/31/2009 (the "Account").

4. As of 10/26/2010, the balance due and owing by the account holder(s) on the account as of the date hereof is $1104.36, which balance is comprised of $884.45 of principal balance and $219.91 of accumulated interest + $0 of costs + $0 of other charges. The principal balance continues to accrue interest as of the date hereof at a rate of 6%. The account holder(s) have been credited for all payments, set-offs or other credits due.

5. That the Account was purchased by Cavalry SPV I, LLC on 11/20/2009 and the servicing and collection rights for the account we assigned by Cavalry SPV I, LLC to Cavalry Portfolio Services, LLC

6. In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at very near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make th Affidavit based upon information from that review, and If called as a witness, I could testify to the following based on that review.

7. HSBC Bank Nevada, N.A. compiles records related to its account holders in electronic format. Subsequent to the purchase of the account, HSBC Bank Nevada, N.A. transferred copies of its electronic business records to Cavalry SPV I, LLC, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format.

8. That the defendant is not believed to be an active member of any branch of the armed forces of the United States of America.

9. Upon information and belief, no Defendant is an infant or incompetent or a member of the United States Armed Forces who would be entitled to stay relief.

10. Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Subscribed and sworn to before me on 10/26/2010

_____
Legal Administrator

**LOUIS DARDIGNAC**
Notary Public, State of New York

## BILL OF SALE

HSBC CARD SERVICES (III) INC., HSBC BANK NEVADA N.A. ("Seller"), for value received and pursuant to the terms and conditions of the Purchase Agreement ("Agreement") dated July 10, 2009 between Seller and Cavalry SPV I, LLC. ("Purchaser"), does hereby sell, assign and convey to Purchaser, its successor and assigns, all right, title and interest of Seller in and to those certain purchased receivables listed on the Sale File attached as Exhibit A, without recourse and without representation of, or warranty of, collectibility, or otherwise, except to the extent provided for within the Agreement.

EXECUTED this 25th day of November, 2009

HSBC CARD SERVICES (III) INC.

By: _____
Name: Susan Solomon
Title: Vice President-Assistant Secretary

HSBC BANK NEVADA N.A.

By: _____
Name: Susan Solomon
Title: Senior Vice President

## ASSIGNMENT

The undersigned Cavalry SPV I, LLC ("Assignor"), effective as of November 23, 2009 hereby transfers and assigns to Cavalry Portfolio Services, LLC, a limited liability company organized under the laws of the State of Delaware ("Assignee") without recourse and without representations or warranties, express or implied, of any type, kind or nature, except those contained in the Servicing and Management Agreement between Assignor and Assignee (the "Servicing and Management Agreement"), all of Assignor's rights to pursue collection or judicial enforcement of obligations for each of the Assignor's accounts transferred to Assignor on this effective date of this Assignment pursuant to that Purchase Agreement dated July 10, 2009, by and between Assignor and HSBC Bank Nevada, N.A. and HSBC Card Services (III), Inc., as amended, including engagement of attorneys and commencement of legal actions, for the consideration of the "Service Fee" as defined in Amendment Number 1 to the Servicing and Management Agreement dated June 13, 2003, attached hereto as Exhibit A and incorporated herein.

This assignment of Accounts shall be governed by the laws of the State of New York without regard to the conflict-of-laws rules thereof.

ASSIGNOR:

**Cavalry SPV I, LLC**

By: _____

Name: Donald E. Strauch
Title:  Executive Vice President

## AFFIRMATION OF SERVICE BY MAIL

## STATE OF NEW YORK, COUNTY OF WESTCHESTER

Danielle C. Choi, Esq., being duly sworn, affirms, and says under penalties of perjury: affirmant is not a

the action, is over the age of 18 years, and maintains an office for the regular transaction of business

Summit Lake Drive, Suite 4A, Valhalla, New York 10595; affirmant served the within Plaintiff's Ans

Interrogatories upon STEVEN RINSLER, ESQ., DC 37 MUNICIPAL EMPLOYEES LEGAL SER

PLAN, 125 BARCLAY STREET, NEW YORK, NY 10007, attorney appearing for Defendant, GWEND

BIRD, in this action by depositing a true copy of same enclosed in a post-paid properly addressed wrappe

official depository under the exclusive care and custody of the United States Postal Service within the S

New York on November 1, 2010.

Dated: November 1, 2010

Danielle C. Choi, Esq.

# EXHIBIT D

ANIELLE C. CHOI*
ELSON MENDES**
HAYAN FAROOQI***

500 Summit Lake Dr.
Suite 4A
Valhalla, NY 10595-1340
Phone: (866) 434-2993
Facsimile: (888) 841-0014

New York City Department of C
Affairs License No.
*Member of CT and
**Member of
***Member of NY and

November 29, 2010

STEVEN RINSLER, ESQ.
DC37 LEGAL SERVICES PLAN 125 BARCLAY STREET
NEW YORK, NY 10007

RE:   **CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC,
AS ASSIGNEE OF HSBC BANK NEVADA, N.A. v. GWENDOLYN BIRD**

**Original Creditor: HSBC Bank Nevada, N.A.**
**Our File No.: 13716930**

Dear Mr. Rinsler;

In connection with the above referenced matter, enclosed please find Plaintiff's Notice to Produce Documents, Request for Admissions, and Interrogatories. Should you have any questions, or if your client wishes to discuss making structured monthly payments to my office for the purpose of paying off this debt, please do not hesitate to contact the undersigned. Thank you for your cooperation in this regard.

Sincerely,

Danielle C. Choi, Esq.
Choi Law Office, PLLC

**This is an attempt to collect a debt and any information provided will be used for that purpose.
This correspondence is from a debt collector.**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: RICHMOND

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.

Index No. 15324 RCV10

, Plaintiff

**DEMAND FOR DISCOVERY
AND INSPECTION**

-against-

GWENDOLYN BIRD

, Defendant(s)

---

Please take notice that pursuant to Article 31 of the CPLR, the undersigned attorney for the Plaint
hereby demands that the Defendant furnish to Plaintiff the following information within twenty (20) da
after the receipt thereof:

1.  Defendant furnish to Plaintiff any and all documents and papers referred to in its Answer or
    upon which its Answer is based, including but not limited to all documentation setting forth the
    amount of monies owed by Defendant on the within account.

2.  Defendant furnish to Plaintiff any and all documents and papers referred to in its Answer
    torupon which the Answer is based, including but not limited to all documentation in Plaintiff's
    possession, evidencing that the within account has been paid off.

3.  Defendant furnish to Plaintiff any and all monthly statements in Defendant's custody,
    possession, or control, whether original or electronic, referred to by Defendant in Paragraph 5
    of Defendant's Answer

4.  Defendant furnish to Plaintiff any and all documents, including but not limited to receipts
    and/or confirmation numbers arising out transactions evidencing Defendant's paying off within
    account.

5.  Defendant furnish to plaintiff all documents referring or relating to any and all bank accounts
    bearing the Defendant's name for 3/3/2004 through and including 4/17/2010.

6.  Defendant furnish to plaintiff proof of his/her address for 3/3/2004 through and including
    8/14/2010, including but not limited to, driver's license, lease agreements, tax returns and
    utility bills.

7.  Defendant furnish to plaintiff all correspondence or other communication from defendant or on
    his/her behalf to plaintiff and its assignors including any previous disputes or correspondence
    disputing the abovementioned account with the original creditor.

8.  Defendant furnish to plaintiff any and all documents relating to purchases made using the
    subject HSBC Bank Nevada, N.A. consumer credit bearing original account number

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF RICHMOND

--------------------------------------------------------------x

CAVALRY PORTFOLIO SERVICES, LLC AS
ASSIGNEE OF CAVALRY SPV 1, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.,

INDEX NO. 15324/10

Plaintiff,

RESPONSE TO NOTICE
TO ADMIT

-against-

GWENDOLYN BIRD.

Defendants

--------------------------------------------------------------x

PLEASE TAKE NOTICE, that the defendant, GWENDOLYN BIRD, responds to

the notice to admit as follows:

1.   Admit that Defendant applied for and received the benefit of a consumer

credit from HSBC Bank Nevada, N.A.

Defendant does not recall the account with HSBC.

2.   Admit that the Defendant did not make all of the payments required under

the terms and conditions.

Defendant does not recall receiving the terms and conditions nor does she

recall what payments, if any, were due.

3.   Admit that Defendant defaulted on the terms of said contract on or about

April 17, 2010   .

Defendant denies that a default occurred in April, 2010 and has no

1

recollection of a contract.

4.    Admit that there is a sum due and owed by the Defendant to the Plaintiff.

Defendant has no recollection of a balance due to Plaintiff.

5.    Admit that the balance sued in this action is due and owed by the Defendant

to the Plaintiff.

Defendant denies that the balance sued for is correct.

6.    Admit that the Defendant is not entitled to any credits, offsets, or deductions

except that have previously been deducted.

Defendant has no recollection of whether he is entitled to any credits, offsets

or deductions.

7.    Admit that there are no facts upon which the Defendant relies as the basis of

any defense in this action.

Defendant denies that there are no facts upon which she relies as the basis of

any defense in this action.

8.    Admit that there are no documents, writings, letters or papers of any sort

which the Defendant intends to utilize as evidence or as a basis of any defense in

this action.

Defendant denies this allegation.

9.    Admit that Defendant has made, or has allowed to be made, purchases on

the subject HSBC Bank Nevada, N.A. credit card.

Until I see the charges I cannot answer this question.

10.    Admit that Defendant has made payments toward paying off the subject

2

account.

Until I see the charges I cannot answer this question.

Dated:   New York, New York

December 14, 2010

To: CHOI LAW OFFICE, PLLC
    500 Summit Lake Dr. Suite 4A
    Valhalla, N.Y. 10595

Yours, etc.

JOAN L. BERANBAUM, ESQ.
STEVEN RINSLER, of Counsel
DC 37 MUNICIPAL EMPLOYEES
LEGAL SERVICES PLAN
125 Barclay Street
New York, N.Y. 10007
(212)815-1860

3

# EXHIBIT F

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF: RICHMOND

CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF
CAVALRY SPV I, LLC, AS ASSIGNEE OF
HSBC BANK NEVADA, N.A.

, Plaintiff(s),

**AFFIDAVIT**

-against-

GWENDOLYN BIRD

Index No. 15324 RCV10

, Defendant(s).

STATE OF NEW YORK
COUNTY OF ERIE

Matteo Velardo, being duly sworn deposes and states the following to be true under penalties of perjury:

1) I am the Vice President of Legal Operations for the plaintiff, Cavalry Portfolio Services, LLC, and as such I am fully familiar with and have personal knowledge of the facts and circumstances of the within action based upon my review of Plaintiff's records.

2) The within matter is predicated upon a sum of money, to wit, $1,124.86, owed to the plaintiff by the defendants, Gwendolyn Bird, said debt originated initially between the defendant herein and HSBC Bank Nevada, N.A., plaintiff's assignor.

3) On or about November 20, 2009, Cavalry SPV I, LLC, purchased the defendant's debt from HSBC Bank Nevada, N.A. At said time, the debt originated between the defendant and HSBC Bank Nevada, N.A. and had a balance of $884.45. On or about November 20, 2009, Cavalry SPV I, LLC assigned the subject debt to Cavalry Portfolio Services, LLC.

4) Annexed hereto as "Response 1" to Exhibit C are true and accurate copies of various document including Plaintiff's Affidavit of Debt, Bill of Sale, Assignment, and redacted list of account transferred evidencing the chain of ownership of the subject debt concluding with the plaintiff herein

5) Additionally, annexed hereto as Exhibit G are true and accurate copies of monthly statements from the original creditor sent to the defendant.

6) At all times prior hereto, the debt owed by defendant to plaintiff's assignor and thereafter plaintiff has been a lawful debt and plaintiff has fully adhered to applicable federal and state laws in the collection thereof.

**WHEREFORE,** it is respectfully requested that the Court grant the plaintiff's motion for an Order granti

it summary judgment against the defendant and for such other and further relief as to the Court is just, pro;

and equitable.

Dated: March 17, 2011
      Valhalla, New York

                                       Cavalry Portfolio Services, LLC
                            By: Matteo Velardo, Vice President – Legal Operations

BEFORE ME, the undersigned authority on this 17th day of March 2011, personally appeared Ma
Velardo to me well known to be the person described in and who signed the foregoing Affidavit.
acknowledged to me that he executed same free and voluntarily for the uses and purposes therein express

WITNESS my hand and official seal the date aforesaid.

NOTARY PUBLIC
My Commission Expires:_____ 9-4-11

KRISTINA MAGARINE
NOTARY PUBLIC
STATE OF NEW YORK
Reg. No. 01MA6173440
MY COMM. EXP. 9-4-11
QUALIFIED IN CHESTER COUNTY

# EXHIBIT G

# ORCHARD BANK®



GWENDOLYN BIRD - Valued Cardmember Since 2004

Page 1 of 1

| ACCOUNT SUMMARY | |
|---|---|
| ACCOUNT NUMBER | 5440-4550-1349-1074 |
| CASH CREDIT LIMIT † | $700 |
| CASH LIMIT AVAILABLE | $677 |
| TOTAL CREDIT LIMIT | $700 |
| TOTAL CREDIT LIMIT AVAILABLE | $677 |
| STATEMENT DATE | 11/01/06 |

| PAYMENT SUMMARY | |
|---|---|
| MINIMUM PAYMENT* | $18.00 |
| CURRENT PAYMENT DUE* | $18.00 |
| PAYMENT DUE DATE | 11/26/06 |
| OVERLIMIT AMOUNT | $0.00 |
| PAST DUE AMOUNT | $0.00 |
| *See reverse side for an explanation of these amounts. | |

| BALANCE SUMMARY | | |
|---|---|---|
| PREVIOUS BALANCE | | $694.47 |
| PAYMENTS/CREDITS | - | $771.56 |
| PURCHASES/DEBITS | + | $53.08 |
| LATE PAYMENT CHARGE | + | $30.00 |
| MISC. FINANCE CHARGE | + | $0.00 |
| FINANCE CHARGE | + | $12.18 |
| NEW BALANCE | = | $22.17 |

† Cash Credit Limit is a portion of the Total Credit Limit

## TRANSACTION SUMMARY
(For additional transaction detail go to www.orchardbank.com)

| TRANS DATE | POST DATE | TRANSACTION DESCRIPTION | REFERENCE NUMBER | AMOUNT CHARGES | CREDITS |
|---|---|---|---|---|---|
| 10/30 | 10/31 | CHECK BY PHONE PAYMENT | 00000000000100034444037 | | -$758.58 |
| 10/20 | 10/20 | HC5*CREDITKEEPER   877-278-3919 | PRNMCHK2SENP112004015529 | $9.95 | |
| 10/29 | 10/29 | LATE CHARGE ASSESSMENT | 10000000500800000999810740 | $30.00 | |
| 10/30 | 10/31 | LATE FEE CREDIT ADJUSTMENT | 08960900691030001765184 | | -$15.00 |
| 10/30 | 10/30 | OVERLIMIT CHARGE ASSESSMENT | 10000000500800009998008940 | $30.00 | |
| 10/30 | 10/31 | CHECK BY PHONE FEE (ACH) | 00000000000100034444036 | $12.06 | |
| 11/01 | 11/01 | ACCOUNTSECURE PLUS 800-890-1837 | | $0.18 | |

## PERIODIC FINANCE CHARGE SUMMARY
This is a grace account. Grace period information on back.

| | Balance Subject To Finance Charge Average Daily Balance | Daily Periodic Rate | Days In Billing Cycle | Finance Charges At Periodic Rate | NOMINAL ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|
| PURCHASES | $640.38 | 0.06342% | 30 | $12.18 | 23.15% |
| CASH ADVANCES | $0.00 | 0.00060% | 30 | $0.00 | 23.19% |
| ANNUAL PERCENTAGE RATE** | 23.150% | | | | |

**May be higher than Nominal Percentage Rate if statement includes misc. finance charges.

---

✔ **MAIL PAYMENTS TO:**
HSBC CARD SERVICES
PO BOX 80090
BALTIMORE MD 21288-0001

☎ **QUESTIONS?**
24-HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH 1-503-293-4037
ESPAÑOL 1-503-293-4834
🖥 Manage your account online at
www.orchardbank.com

✉ **MAIL INQUIRIES TO:**
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912-0084

113001  01  000000000308  G    STMT07  D 2          00025148    0031

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT  To Assure Proper Credit Please Write Your Account Number On Your Check

| Account Number | | 5440-4550-1349-1074 |
|---|---|---|
| New Balance | $22.17 | |
| Payment Due Date | 11/26/06 | Current Payment Due | $18.00 |

Make checks payable to HSBC CARD SERVICES. Please write your account number on your check. Do not fold, staple or clip. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

Amount Enclosed

GWNHY5
#325013491076#

GWENDOLYN BIRD
19 WRIGHT AVE
STATEN ISLAND NY  10303-2316

HSBC CARD SERVICES
PO BOX 80000
BALTIMORE  MD  21288-0001

5440455013491074000018000000022177

# ORCHARD BANK



GWENDOLYN BIRD

Page 1 of 1

| ACCOUNT SUMMARY | |
|---|---|
| ACCOUNT NUMBER | 5440-4550-1349-1074 |
| CASH CREDIT LIMIT † | $700 |
| CASH LIMIT AVAILABLE | $0 |
| TOTAL CREDIT LIMIT | $700 |
| TOTAL CREDIT LIMIT AVAILABLE | $0 |
| STATEMENT DATE | 06/01/09 |

† Cash Credit Limit is a portion of the Total Credit Limit

| PAYMENT SUMMARY | |
|---|---|
| MINIMUM PAYMENT* | $32.00 |
| PAYMENT DUE DATE | 06/26/09 |
| OVERLIMIT AMOUNT | $99.30 |
| PAST DUE AMOUNT | $20.00 |
| CURRENT PAYMENT DUE* | $131.30 |

*To avoid additional late and/or overlimit fees, you must pay the Current Payment Due (which includes the Minimum Payment and any Past Due and/or Overlimit Amount). *See About Your Payment on reverse for an explanation of these amounts.

| BALANCE SUMMARY | | |
|---|---|---|
| PREVIOUS BALANCE | | $714.78 |
| PAYMENTS/CREDITS | - | $0.00 |
| PURCHASES/DEBITS | + | $36.00 |
| LATE PAYMENT CHARGE | + | $30.00 |
| MISC. FINANCE CHARGE | + | $0.00 |
| FINANCE CHARGE | + | $18.45 |
| NEW BALANCE | = | $799.30 |

## TRANSACTION SUMMARY
(For additional transaction detail go to www.orchardbank.com)

| TRANS DATE | POST DATE | TRANSACTION DESCRIPTION | REFERENCE NUMBER | AMOUNT | |
|---|---|---|---|---|---|
| | | | | CHARGES | CREDITS |
| 05/28 | 05/28 | LATE CHARGE ASSESSMENT | 1000000508000000029958350 | $30.00 | |
| 05/28 | 05/28 | OVERLIMIT CHARGE ASSESSMENT | 1000000503000000B99966540 | $30.00 | |
| 06/01 | 06/01 | ACCOUNTSECURE PLUS 800-890-1832 | | $6.00 | |

YOUR ACCOUNT IS NOW PAST DUE. PLEASE CALL TODAY TO MAKE YOUR PAYMENT OVER THE PHONE. CALL US AT 800-434-4964.

## PERIODIC FINANCE CHARGE SUMMARY
This is a grace account. Grace period information on back.

| | Balance Subject To Finance Charge Average Daily Balance | Daily Periodic Rate | Days In Billing Cycle | Finance Charges At Periodic Rate | NOMINAL ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|
| PURCHASES | $738.30 | 0.080609(V) | 31 | $18.45 | 29.49%(V) |
| CASH ADVANCES | $0.00 | 0.080609(V) | 31 | $0.00 | 29.49%(V) |
| ANNUAL PERCENTAGE RATE** | | 29.49% | | | |

**May be higher than Nominal Percentage Rate if statement includes misc. finance charges
(V) Indicates variable rate

✔ MAIL PAYMENTS TO:
HSBC CARD SERVICES
PO BOX 17051
BALTIMORE MD 21297-1051

☎ QUESTIONS?
24-HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH 1-800-395-4027
ESPAÑOL 1-800-395-4834
💻 Manage your account online at:
www.orchardbank.com

✉ MAIL INQUIRIES TO:
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912-0084

***0201 9 A 01  0000000008  G   STMT07  0 2                    00010422        OCS1

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT. To Assure Proper Credit Please Write Your Account Number On Your Check

| Account Number | | 5440-4550-1349-1074 |
|---|---|---|
| New Balance | $799.30 Minimum Payment | $32.00 |
| Payment Due Date | 06/26/09 Current Payment Due | $131.30 |

Include account number on check to HSBC CARD SERVICES. Do not send cash. Send payment 7 to 10 days prior to Payment Due Date to ensure timely delivery. To avoid additional late and/or overlimit fees, pay the Current Payment Due.

Amount Enclosed

#BWNHYTS
#3280134910768
GWENDOLYN BIRD
19 WRIGHT AVE
STATEN ISLAND NY  10303-2316

HSBC CARD SERVICES
PO BOX 17051
BALTIMORE MD  21297-1051

5440455013491074000131300000799301

# ORCHARD BANK



GWENDOLYN BIRD

Page 1 of 1

| ACCOUNT SUMMARY | |
|---|---|
| ACCOUNT NUMBER | 5440-4550-1349-1074 |
| CASH CREDIT LIMIT † | $700 |
| CASH LIMIT AVAILABLE | $0 |
| TOTAL CREDIT LIMIT | $700 |
| TOTAL CREDIT LIMIT AVAILABLE | $0 |
| STATEMENT DATE | 07/01/09 |

† Cash Credit Limit is a portion of the Total Credit Limit

| PAYMENT SUMMARY | |
|---|---|
| MINIMUM PAYMENT* | $33.00 |
| PAYMENT DUE DATE | 07/28/09 |
| OVERLIMIT AMOUNT | $55.18 |
| PAST DUE AMOUNT | $12.00 |
| **CURRENT PAYMENT DUE*** | **$88.18** |

To avoid additional late and/or overlimit fees, you must pay the Current Payment Due (which includes the Minimum Payment and any Past Due and/or Overlimit Amount). *See About Your Payment on reverse for an explanation of these amounts.

| BALANCE SUMMARY | | |
|---|---|---|
| PREVIOUS BALANCE | | $789.50 |
| PAYMENTS/CREDITS | - | $100.00 |
| PURCHASES/CREDITS | + | $36.29 |
| LATE PAYMENT CHARGE | + | $0.00 |
| HSBC FINANCE CHARGE | + | $0.00 |
| FINANCE CHARGE | + | $19.59 |
| NEW BALANCE | = | $755.18 |

## TRANSACTION SUMMARY
(For additional transaction detail go to www.orchardbank.com)

| TRANS DATE | POST DATE | TRANSACTION DESCRIPTION | REFERENCE NUMBER | CHARGES | CREDITS |
|---|---|---|---|---|---|
| 06/30 | 06/30 | PAYMENT BY PHONE - THANK YOU | 65440462181107N8V72Q1G3 | | -$100.00 |
| 06/28 | 06/28 | OVERLIMIT CHARGE ASSESSMENT | 10000005060000339571660 | $35.00 | |
| 07/01 | 07/01 | ACCOUNTSECURE PLUS 800-030-1532 | | $8.29 | |

## PERIODIC FINANCE CHARGE SUMMARY
This is a grace account. Grace period information on back.

| | Balance Subject To Finance Charge Average Daily Balance | Daily Periodic Rate | Days in Billing Cycle | Finance Charges At Periodic Rate | NOMINAL ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|
| PURCHASES | $606.03 | 0.080807%(V) | 30 | $19.59 | 29.49%(V) |
| CASH ADVANCES | $0.00 | 0.080807%(V) | 30 | $0.00 | 29.49%(V) |
| ANNUAL PERCENTAGE RATE** | 29.490% | | | | |

**May be higher than Nominal Percentage Rate if statement includes HSBC finance charges.
(V) indicates variable rate

| ✓ MAIL PAYMENTS TO: | ☎ QUESTIONS? | ✉ MAIL INQUIRIES TO: |
|---|---|---|
| HSBC CARD SERVICES PO BOX 80000 BALTIMORE MD 21288-0001 | 24-HOUR AUTOMATED ACCOUNT INFORMATION ENGLISH 1-800-283-4037 ESPAÑOL 1-800-283-4534 ⌨ Manage your account online at www.orchardbank.com | HSBC CARD SERVICES PO BOX 80084 SALINAS CA 90312-0084 |

110201 5 E 01  0000000509  G    STM707  D 2          00010128      C0S1

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT To Assure Proper Credit Please Write Your Account Number On Your Check

| Account Number | 5440-4550-1349-1074 |
|---|---|
| New Balance | $755.18  Minimum Payment | $33.00 |
| Payment Due Date | 07/28/09  Current Payment Due | $88.18 |

Include account number on check to HSBC CARD SERVICES.  Do not send cash.  Send payment 7 to 10 days prior to Payment Due Date to ensure timely delivery. To avoid additional late and/or overlimit fees, pay the Current Payment Due.

Amount Enclosed

#BWNHYTS
#1280134910764#
GWENDOLYN BIRD
19 WRIGHT AVE
STATEN ISLAND NY  10303-2316

HSBC CARD SERVICES
PO BOX 80000
BALTIMORE MD  21288-0001

5440455013491074000088180007551585

# ORCHARD BANK



GWENDOLYN BIRD

Page 1 of 2

| ACCOUNT SUMMARY | |
|---|---|
| ACCOUNT NUMBER | 5440-4550-1349-1074 |
| CASH CREDIT LIMIT † | $700 |
| CASH LIMIT AVAILABLE | $0 |
| TOTAL CREDIT LIMIT | $700 |
| TOTAL CREDIT LIMIT AVAILABLE | $0 |
| STATEMENT DATE | 08/02/09 |

† Cash Credit Limit is a portion of the Total Credit Limit

| PAYMENT SUMMARY | |
|---|---|
| MINIMUM PAYMENT* | $36.00 |
| PAYMENT DUE DATE | 08/27/09 |
| OVERLIMIT AMOUNT | $49.30 |
| CURRENT PAYMENT DUE* | $85.30 |

To avoid an overlimit fee on your New Balance, you must pay the Current Payment Due (which includes the Minimum Payment and any Overlimit Amount). * See About Your Payment on reverse for an explanation of these amounts

| BALANCE SUMMARY | | |
|---|---|---|
| PREVIOUS BALANCE | | $753.16 |
| PAYMENTS/CREDITS | - | $300.00 |
| PURCHASES/DEBITS | + | $271.24 |
| LATE PAYMENT CHARGE | + | $0.00 |
| MISC. FINANCE CHARGE | + | $2.00 |
| FINANCE CHARGE | + | $22.90 |
| NEW BALANCE | = | $749.30 |

## TRANSACTION SUMMARY
(For additional transaction detail go to www.orchardbank.com)

| TRANS DATE | POST DATE | TRANSACTION DESCRIPTION | REFERENCE NUMBER | AMOUNT CHARGES | CREDITS |
|---|---|---|---|---|---|
| 07/09 | 07/09 | REDEPOSIT PAYMENT | 854404591871197N8V72Q1G3 | | -$100.00 |
| 07/30 | 07/30 | PAYMENT BY PHONE - THANK YOU | 85440459211194WYE825P45XD | | -$200.00 |
| 06/33 | 07/06 | RETURNED PAYMENT | 85440456161197N8V72Q1G3 | $100.00 | |
| 07/06 | 07/03 | RETURNED PAYMENT | 854404591871197N8V72Q1G3 | $100.00 | |
| 07/06 | 07/06 | RETURNED PAYMENT FEE | 10000030000003900563460 | $35.00 | |
| 07/27 | 07/27 | OVERLIMIT CHARGE ASSESSMENT | 100000306000009860225700 | $30.00 | |
| 08/01 | 08/02 | ACCOUNTSECURE PLUS 800-690-1532 | | $6.24 | |

✓ MAIL PAYMENTS TO:
HSBC CARD SERVICES
PO BOX 60000
BALTIMORE MD 21286-0001

☎ QUESTIONS?
24-HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH 1-803-295-4037
ESPAÑOL 1-803-293-4634
✉ Manage your account online at:
www.orchardbank.com

✉ MAIL INQUIRIES TO:
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912-0084

110201 5 E 01 0000000508 G   STMT37 D 2          00018805     CDS1

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT. To Assure Proper Credit Please Write Your Account Number On Your Check

| Account Number | 5440-4550-1349-1074 |
|---|---|
| New Balance | $749.30   Minimum Payment   $36.00 |
| Payment Due Date | 08/27/09   Current Payment Due   $85.30 |

Include account number on check to HSBC CARD SERVICES. Do not send cash. Send payment 7 to 10 days prior to Payment Due Date to ensure timely delivery. To avoid an overlimit fee on your New Balance, pay the Current Payment Due.

Amount Enclosed

#BWNHYTS
#328013481076#
GWENDOLYN BIRD
19 WRIGHT AVE
STATEN ISLAND NY  10303-2316

HSBC CARD SERVICES
PO BOX 80000
BALTIMORE MD  21288-0001

5440455013491074000085300007493004

# ORCHARD BANK®



GWENDOLYN BIRD

Page 2 of 2

| PERIODIC FINANCE CHARGE SUMMARY | | | | | |
| This is a grace account. Grace period information on back. | | | | | |
| | Balance Subject To Finance Charge Average Daily Balance | Daily Periodic Rate | Days In Billing Cycle | Finance Charges At Periodic Rate | NOMINAL ANNUAL PERCENTAGE RATE |
| PURCHASES | $884.00 | 0.08060%(V) | 32 | $22.88 | 29.49%(V) |
| CASH ADVANCES | $0.00 | 0.08060%(V) | 32 | $0.00 | 29.49%(V) |
| ANNUAL PERCENTAGE RATE** | 29.490% | | | | |

**May be higher than Nominal Percentage Rate if statement includes misc. finance charges.
(V) indicates variable rate

## \*\*\*\*\*\*\*\*\*CARDMEMBER NEWS\*\*\*\*\*\*\*\*\*

Register for Online Account Access to track and manage your spending, set up Email Alerts, monitor account activity, and update your personal information anytime. Get started: go.orchardbank.com.

Save time - pay your bill online.
Don't waste time and money on stamps and checks! Simply choose your payment amount and select a payment date.
Enroll today at orchardbank.com.

✓ **MAIL PAYMENTS TO:**
HSBC CARD SERVICES
PO BOX 60000
BALTIMORE MD 21285-0001

☎ **QUESTIONS?**
24 HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH 1-503-293-4037
ESPAÑOL 1-503-293-4834
💻 Manage your account online at:
www.orchardbank.com

✉ **MAIL INQUIRIES TO:**
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93012-0084

11C201 5 E 01  0000000506  G     STMT07  D 2                    00016805        OCS1
PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT To Assure Proper Credit Please Write Your Account Number On Your Check

**ORCHARD BANK** 

GWENDOLYN BIRD

Page 1 of 2

| ACCOUNT SUMMARY | |
|---|---|
| ACCOUNT NUMBER | 5440-4550-1349-1074 |
| CASH CREDIT LIMIT † | $700 |
| CASH LIMIT AVAILABLE | $0 |
| TOTAL CREDIT LIMIT | $700 |
| TOTAL CREDIT LIMIT AVAILABLE | $0 |
| STATEMENT DATE | 05/01/09 |

† Cash Credit Limit is a portion of the Total Credit Limit

| PAYMENT SUMMARY | |
|---|---|
| MINIMUM PAYMENT* | $41.00 |
| PAYMENT DUE DATE | 06/06/09 |
| OVERLIMIT AMOUNT | $347.92 |
| PAST DUE AMOUNT | $161.00 |
| CURRENT PAYMENT DUE* | $368.92 |

To avoid additional late and/or overlimit fees, you must pay the Current Payment Due (which includes the Minimum Payment and any Past Due and/or Overlimit Amounts).   *See About Your Payments on reverse for an explanation of these amounts.

| BALANCE SUMMARY | | |
|---|---|---|
| PREVIOUS BALANCE | | $743.30 |
| PAYMENTS/CREDITS | - | $200.00 |
| PURCHASES/DEBITS | + | $443.73 |
| LATE PAYMENT CHARGE | + | $30.00 |
| MISC. FINANCE CHARGE | + | $0.00 |
| FINANCE CHARGE | + | $29.89 |
| NEW BALANCE | = | $1,047.92 |

## TRANSACTION SUMMARY
(For additional transaction detail go to www.orchardbank.com)

| TRANS DATE | POST DATE | TRANSACTION DESCRIPTION | REFERENCE NUMBER | CHARGES | CREDITS |
|---|---|---|---|---|---|
| 04/03 | 04/03 | REDEPOSIT PAYMENT | 054404592171WAYSB3PM6X0 | | -200.00 |
| 07/00 | 04/03 | RETURNED PAYMENT | 05440459211WAY5B3PM6X0 | $200.00 | |
| 04/03 | 04/10 | RETURNED PAYMENT | 054404592171WAY5B3PM6X0 | $200.00 | |
| 04/27 | 04/27 | LATE CHARGE ASSESSMENT | 10000005080000089616000 | $30.00 | |
| 04/03 | 04/03 | RETURNED PAYMENT FEE | 10000005080000089027360 | $30.00 | |
| 04/01 | 04/01 | ACCOUNTSECURE PLUS 800-800-1532 | | $3.73 | |

YOUR ACCOUNT IS NOW PAST DUE. PLEASE CALL TODAY TO MAKE YOUR PAYMENT OVER THE PHONE. CALL US AT 800-454-4954.

✓ **MAIL PAYMENTS TO:**
HSBC CARD SERVICES
PO BOX 80000
BALTIMORE MD 21288-0001

☎ **QUESTIONS?**
24-HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH 1-800-283-4337
ESPAÑOL 1-603-303-4834
🖥 Manage your account online at:
www.orchardbank.com

✉ **MAIL INQUIRIES TO:**
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912-0084

110001 5 E 01  000000000  G   STMT07 D 2                              00000733                 CD01

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT. To Assure Proper Credit Please Write Your Account Number On Your Check

| Account Number | | 5440-4550-1349-1074 |
|---|---|---|
| New Balance | $1,047.92  Minimum Payment | $41.00 |
| Payment Due Date | 06/06/09  Current Payment Due | $368.92 |

Include account number on check to HSBC CARD SERVICES. Do not send cash. Send payment 7 to 10 days prior to Payment Due Date to ensure timely delivery. To avoid additional late and/or overlimit fees, pay the Current Payment Due.

Amount Enclosed

#BWNHYTS
#328013491076#
GWENDOLYN BIRD
18 WRIGHT AVE
STATEN ISLAND NY   10303-2316

HSBC CARD SERVICES
PO BOX 82000
BALTIMORE MD   21266-0001

5440455013491074000388920010479 20

# ORCHARD BANK



GWENDOLYN BIRD

Page 2 of 2

## PERIODIC FINANCE CHARGE SUMMARY
This is a grace account. Grace period information on back.

| | Balance Subject To Finance Charge Average Daily Balance | Daily Periodic Rate | Days in Billing Cycle | Finance Charges At Periodic Rate | NOMINAL ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|
| PURCHASES | $1,026.90 | 0.08080% (V) | 30 | $24.89 | 29.49% (V) |
| CASH ADVANCES | $0.00 | 0.08080% (V) | 30 | $0.00 | 29.49% (V) |
| ANNUAL PERCENTAGE RATE** | | 29.489% | | | |

**May be higher than Nominal Percentage Rate if statement includes misc. finance charges.
(V) indicates variable rate

---

## IMPORTANT INFORMATION

Your AccountSecure® protection has been suspended due to the past due status of your account. Your benefits may be eligible for reinstatement once the status of your account meets the eligibility requirements outlined in the enrollment information.

---

## **********CARDMEMBER NEWS*********

Online Account Access lets you take control of your Account anytime, anywhere. Registration is easy, secure and waiting for you at go.orchardbank.com.

Save time – pay your bill online.
Don't waste time and money on stamps and checks! Simply choose your payment amount and select a payment date. Enroll today at orchardbank.com.

---

✓ **MAIL PAYMENTS TO:**
HSBC CARD SERVICES
PO BOX 60000
BALTIMORE MD 21268 0001

☎ **QUESTIONS?**
24-HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH 1-503-293-4037
ESPAÑOL 1-503-293-4004
▣ Manage your account online at
www.orchardbank.com

✉ **MAIL INQUIRIES TO:**
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912-0084

11U201 5 E 01  0000000606  G   STMT07  D 2                    00009763         0031

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT  To Assure Proper Credit Please Write Your Account Number On Your Check

## AFFIRMATION OF SERVICE BY MAIL

### STATE OF NEW YORK, COUNTY OF WESTCHESTER

Danielle C. Choi, Esq., being duly sworn, affirms, and says under penalties of perjury:  affirmant is no
party to the action, is over the age of 18 years, and maintains an office for the regular transaction of busin
at 500 Summit Lake Dr., Suite 4A, Valhalla, New York; affirmant served the within Notice of Motion a
Motion For Summary Judgment With Supporting Affirmation and Affidavit upon:

> STEVEN RINSLER, ESQ.
> DC37 LEGAL SERVICES PLAN
> 125 BARCLAY STREET
> NEW YORK, NY 10007

*Attorney for defendant* in this action by depositing a true copy of same enclosed in a post-paid prop
addressed wrapper, in an official depository under the exclusive care and custody of the United States Po
Service within the State of New York on the 17th day of March 2011.

Dated:  March 17, 2011
         Valhalla, New York

                                  Danielle C. Choi, Esq.

Index No. 15324 RCV10

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF: RICHMOND**

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF HSBC BANK NEVADA, N.A.

, Plaintiff

-against-

GWENDOLYN BIRD

, Defendant(s)

---

---

## MOTION FOR SUMMARY JUDGMENT

---

**Danielle C. Choi, Esq.**
**Choi Law Office, PLLC**
Attorney for Plaintiff
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993

# Service and Management Agreement ("SMA") dated June 13, 2003 between SPV I and CPS.

### SERVICING AND MANAGEMENT AGREEMENT

This Servicing and Management Agreement ("Agreement") is made and entered into effective as of June 13, 2003 (the "Effective Date") by and between CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company ("Servicer"), and CAVALRY SPV I, LLC, a Delaware limited liability company ("Owner"), as follows:

Owner purchases and acquires portfolios of consumer accounts (each such consumer account, together with the respective obligations included therein and the rights, remedies and powers related thereto, an "Account" and, collectively, the "Account Portfolios").

Servicer is experienced in servicing consumer accounts of the type included in the Account Portfolios and has the expertise and resources to manage, collect and generally service the respective obligations included in the Account Portfolios for the purpose of maximizing the value thereof. Owner desires to retain the services of Servicer to perform servicing and management of the Account Portfolios.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, it is hereby agreed by and between Owner and Servicer as follows:

1.   Definitions.  The following definitions shall apply in this Agreement:

"Account" has the meaning prescribed in the Recitals to this Agreement.

"Account Debtor" means any Person who is or who may become obligated under or with respect to any Account.

"Account Portfolio" has the meaning prescribed in the Recitals to this Agreement.

"Action" has the meaning prescribed by Section 15.

"Collections" means all cash, checks, notes, instruments, money orders and other items of payment or proceeds in respect of the Account Portfolio or any portion thereof.

"Business Day" means any day on which Owner is open for business other than a Saturday, a Sunday or a federal holiday.

"Collection Fee Deductions" means, in respect of Collections, the amount thereof, if any, which, prior to receipt by Owner or Servicer, is deducted or otherwise netted therefrom by attorneys or agents in respect of (and pursuant to fee arrangements entered into with Owner or Servicer in the ordinary course of business in consideration of) services rendered by such attorneys or agents to Owner or Servicer in enforcing or otherwise obtaining payment of such Collections.

"Court Costs" means the actual aggregate disbursements in payment of repossession costs, foreclosure costs and direct court costs incurred by Servicer in respect of filing fees, service or other

SERVICING AND MANAGEMENT AGREEMENT – Page 1

process fees, garnishment fees and other direct court costs in connection with judicial enforcement of payment of the Account Portfolio, or any portion thereof.

"Effective Date" has the meaning prescribed in the opening paragraph of this Agreement.

"Governing Documents" means, with respect to any Person, the certificate or articles of incorporation or formation, by-laws, limited liability company agreement or other organizational documents of such Person.

"Governmental Authority" means any federal, state, local, or other governmental or administrative body, instrumentality, department, or agency or any court, tribunal, administrative hearing body, arbitration panel, commission, or other similar dispute-resolving panel or body.

"Owner" has the meaning prescribed in the opening paragraph of this Agreement.

"Person" means natural persons, corporations, limited liability companies, limited partnerships, general partnerships, limited liability partnerships, joint ventures, trusts, land trusts, business trusts, or other organizations, irrespective of whether they are legal entities, and governments and agencies and political subdivisions thereof.

"Prevailing Party" has the meaning prescribed in Section 15.

"Professional Costs" means amounts payable by Servicer to attorneys for both reasonable attorney's fees, and reasonable out of pocket costs reimbursable to attorneys, incurred by Servicer in connection with the enforcement of the Account Portfolios, or any portion thereof.

"Service Fee" has the meaning prescribed by Section 4.

"Servicer" has the meaning prescribed in the opening paragraph of this Agreement.

"Termination Date" means the effective date of any termination of this Agreement pursuant to Section 10.

2.      Servicer Servicing Duties.  Subject to the terms of this Agreement, Servicer agrees to provide servicing and management of the Account Portfolio at all times on and after the Effective Date and continuing through the Termination Date.  Such services include, without limitation, (a) receiving, processing and accounting for all Collections in respect of the Account Portfolio, (b) monitoring and pursuing payment of obligations included in the Account Portfolio, (c) subject to Section 7, judicial enforcement of obligations included in the Account Portfolio, including engagement of attorneys for such purpose, and (d) taking all lawful actions and procedures as reasonably required to maximize the value of the Account Portfolio and collect on the obligations included therein.

3.     Servicer's Reporting Duties.  Servicer will provide such reports and information with respect to the Account Portfolio as may be requested by Owner.

4.     Service Fee.  In consideration of Servicer's services under this Agreement, Owner shall pay to Servicer, on or before the second Business Day of each calendar week or at such other times as the parties hereto may agree, a service fee ("Service Fee") in an amount, determined for the preceding calendar week (or other such time period as the parties hereto may agree), equal to the sum REDACTED             REDACTED          REDACTED

REDACTED             REDACTED  In addition, Owner shall reimburse Servicer for any Professional Fees relating to any answer or counterclaim brought by Servicer on any Account that was not caused by Servicer's acts or omissions or breach of this Agreement.

5.     Servicer's Performance; Standard of Care and Diligence.

(a)     Servicer will perform its obligations under this Agreement in full compliance with all applicable laws, rules, regulations and orders of any Governmental Authority, including, without limitation, the Fair Labor Standards Act, the Americans with Disabilities Act, and all state and federal laws, rules, regulations and orders governing debt collection and credit reporting practices, including without limitation, the Gramm-Leach Bliley Act, the Consumer Credit Protection Act, the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

(b)     At all times Servicer shall perform its duties under this Agreement with respect to the Account Portfolio in accordance with prudent industry standards for the servicing and management of similar property and use the same degree of care and diligence in service, collection and reporting that Servicer would use in servicing and managing a similar portfolio for its own account.  Servicer will use commercially reasonable efforts to maximize collections in respect of the Account Portfolio.   Servicer will not engage or use any subservicer or agent in connection with its obligations under this Agreement except as provided by Section 7 of this Agreement.

6.     Compromise Authority.  Unless and until otherwise instructed by Owner, Servicer shall have authority in its sole discretion, subject to Section 5(b), to compromise and settle obligations included in the Account Portfolio, provided, that Servicer has concluded that such compromise and settlement is necessary for maximizing the value of the Account Portfolio.

7.     Litigation; Court Costs; Professional Costs.  Servicer will not institute legal proceedings against Account Debtors unless Servicer has determined that to do so is reasonably expected to enhance the likelihood of maximizing the amount recoverable in respect of the Account Portfolio.  Servicer will monitor and control the incurrence of Professional Costs to maximize recovery.  Servicer will prosecute such legal proceedings subject to the direction of Owner.  Servicer shall be solely responsible for payment of all Court Costs and attorneys fees, in each case incurred by Servicer in connection with judicial enforcement of the obligations in the Account Portfolio.

8.    Servicer Representations and Warranties.  Servicer represents and warrants to Owner as follows:

(a)    Servicer is, and will continue to be, a duly organized and validly existing limited liability company in good standing under the laws of the State of Delaware, having all requisite power and authority to own and operate its property and assets and to conduct it business.

(b)    Servicer is duly qualified, in good standing and, where required, licensed, in each state where the nature of its business or the character of its properties makes such qualification or licensing necessary except for jurisdictions where, individually or in the aggregate, failure to so qualify would not have a material adverse effect on its business, properties or condition, financial or otherwise, or preclude Servicer from availing itself of legal process to enforce obligations included in the Account Portfolio.

(c)    Servicer has all requisite power and authority to execute, deliver and carry out the provisions of this Agreement, and has duly and properly taken all necessary action to permit and authorize the execution, delivery and performance of this Agreement.  This Agreement constitutes the legal, valid and binding obligation of Servicer, enforceable in accordance with its terms. Neither the execution nor delivery by Servicer of this Agreement nor the consummation by Servicer of the transactions contemplated hereby, nor compliance by Servicer with any of the provisions hereof, will (a) conflict with or result in a breach of any provision of the Governing Documents of Servicer,  (b) result in the breach of, or conflict with, any of the terms and conditions of, or constitute a default (or an event which, with or without the giving of notice or the lapse of time or both would constitute a default) under, any agreement or instrument to which Servicer is a party or by which it is bound or (c) violate any law, rule, regulation order, writ, injunction or decree of any Governmental Authority.

(d)    No consent, approval, license, exemption of or filing or registration with, giving of notice to, or other authorization of or by, any Governmental Authority is or will be required in connection with the execution, delivery or performance by Servicer of this Agreement or for consummation of the transactions contemplated hereby, other than consent approvals, licenses, exemptions, filings and registrations that Servicer already has obtained and that are in full force and effect.

(e)    There are no material actions, suits, proceedings or investigations pending or threatened against or affecting Servicer or its property.  There is no order, writ, injunction, decree or award affecting Servicer before any Governmental Authority which, in any case or in the aggregate, could have a materially adverse effect on the business, assets, properties, prospects or financial condition of Servicer or its ability to perform under this Agreement, and Servicer knows of no basis for any such suit, proceeding or investigation.

(f)    Servicer is in material compliance with all laws, rules, regulations, orders and decrees of Governmental Authorities that are applicable to Servicer or any of its properties or assets.

SERVICING AND MANAGEMENT AGREEMENT – Page 4

All representations and warranties under this <u>Section 8</u> shall constitute continuing representations and warranties and will survive the execution and delivery of this Agreement.

     9.    <u>Servicer's Additional Covenants</u>.  In addition to the other covenants and agreements made by Servicer under this Agreement, Servicer covenants and agrees that during the term of this Agreement it will timely perform and do each of the following:

     (a)    Assist Owner in perfecting and maintaining Owner's interest in the Account Portfolio.

     (b)    Maintain complete and accurate files with respect to each obligation included in the Account Portfolio, including all agreements, instruments and documentation in respect thereof, with complete and accurate notations of all collection activities.

     (c)    Provide such information and documentation in respect of the Account Portfolio, and Servicer's activities in performance of its duties under this Agreement, in reasonable detail, as Owner may request.

     (d)    Maintain adequate qualified personnel and appropriate equipment, facilities and support services necessary to perform its duties under this Agreement.

     (e)    Permit Owner to visit Servicer's premises and inspect and copy all records relating to the Purchased Portfolio and to discuss Servicer's affairs, finances and accounts all at such reasonable times and as often as Owner may reasonably request.

     (f)    Perform all things necessary to preserve and keep in full force and effect its existence, qualification and licensing as to where required and will comply with all laws applicable to Servicer.

     (g)    Pay when due all taxes, assessments and other governmental charges, except those being contested in good faith and for which adequate reserves have been established.

     (h)    Furnish such additional information regarding its operations, business affairs and financial condition as Owner may request.

     (i)    Take reasonable steps to maintain appropriate safeguards for Owner's "customer information," as such term is defined in the Gramm-Leach-Bliley Act, 15 U.S.C. §6801 et seq., and the regulations thereunder.

     (j)    Take reasonable steps to select and retain service providers that are capable of maintaining appropriate safeguards for any "customer information," as such term is defined in the Gramm-Leach-Bliley Act, 15 U.S.C. §6801 et seq., and the regulations thereunder.

     (k)    Do all the things necessary to preserve and keep in full force and effect its existence and all licenses, permits and qualifications necessary to perform its obligations under this Agreement.

SERVICING AND MANAGEMENT AGREEMENT – Page 5

(l)     Maintain the following insurance policies in the following amounts: (i) errors and omissions ($1,000,000); (ii) general liability ($1,000,000); (iii) employee dishonesty ($500,000); and (iv) employee practices ($1,000,000).

10.     <u>Termination</u>. Owner or Servicer may terminate this Agreement upon thirty (30) days prior written notice to the other.

11.     **<u>INDEMNIFICATION OF OWNER</u>. SERVICER HEREBY INDEMNIFIES, AND AGREES TO DEFEND AND HOLD OWNER HARMLESS FOR, FROM, AGAINST AND IN RESPECT OF, AND SHALL ON DEMAND REIMBURSE OWNER FOR, ANY AND ALL LOSS, LIABILITY OR DAMAGE TO OWNER RELATING TO (A) THE FAILURE OF SERVICER TO PERFORM ANY COVENANT OR AGREEMENT MADE HEREUNDER, (B) THE BREACH OF ANY WARRANTY OR REPRESENTATION MADE BY SERVICER HEREUNDER, (C) ANY LIABILITIES OR OBLIGATIONS (INCLUDING, WITHOUT LIMITATION, ACTUAL OR CONSEQUENTIAL DAMAGES) ARISING DIRECTLY OR INDIRECTLY FROM ANY VIOLATION OR CLAIMED VIOLATION BY SERVICER (OR OTHERS PERFORMING SERVICES ON SERVICER'S BEHALF) OF ANY FEDERAL, STATE OR LOCAL LAW GOVERNING DEBT COLLECTION AND CREDIT REPORTING PRACTICES, INCLUDING WITHOUT LIMITATION, THE GRAMM-LEACH BLILEY ACT, THE CONSUMER CREDIT PROTECTION ACT, THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT AND (D) ANY AND ALL ACTIONS, SUITS, PROCEEDINGS, CLAIMS, DEMANDS, ASSESSMENTS, JUDGEMENTS, COSTS AND EXPENSES, INCLUDING, WITHOUT LIMITATION, REASONABLE COURT COSTS, ATTORNEY' FEES AND OTHER EXPENSES INCIDENT TO ANY OF THE FOREGOING. THE PROVISIONS OF THIS <u>SECTION 11</u> SHALL SURVIVE ANY TERMINATION OF THIS AGREEMENT.**

12.     <u>Notices</u>. All notices or demands under this Agreement shall be in writing and shall be personally delivered or sent by registered or certified mail (postage prepaid, return receipt requested), overnight courier, electronic mail (at such email address as Owner, Servicer or Agent, as applicable, may designate to each other in accordance herewith), or telefacsimile to Owner, Servicer or Agent, as the case may be, at its address set forth below (in the case of any electronic mail or telefacsimile notification, the sending party agrees to promptly send a copy thereof to the other party by registered or certified mail as provided above):

<u>Servicer:</u>     Cavalry Portfolio Services, LLC
7 Skyline Drive
Hawthorne, New York 10532
Attention:  Chief Financial Officer
Fax Number: (914) 347-7552

<u>Owner:</u>     Cavalry SPV I, LLC
7 Skyline Drive
Hawthorne, New York 10532
Attention:  Chief Financial Officer

SERVICING AND MANAGEMENT AGREEMENT – Page 6

Fax Number: (914) 347-7552

Owner or Servicer may change the address at which they are to receive notices hereunder, by notice in writing in the foregoing manner given to the other party. All notices or demands sent in accordance with this <u>Section 12</u> shall be deemed received on the earlier of the date of actual receipt or three (3) Business Days after the deposit thereof in the mail.

13. <u>Governing Law; Venue; Consent to Jurisdiction</u>.

(A) THE VALIDITY OF THIS AGREEMENT, THE CONSTRUCTION, INTERPRETATION, AND ENFORCEMENT HEREOF AND THE RIGHTS OF THE PARTIES HERETO WITH RESPECT TO ALL MATTERS ARISING HEREUNDER OR RELATED HERETO SHALL BE DETERMINED UNDER, GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.

(B) THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT SHALL BE TRIED AND LITIGATED ONLY IN THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK. SERVICER AND OWNER WAIVE, TO THE EXTENT PERMITTED UNDER APPLICABLE LAW, ANY RIGHT EACH MAY HAVE TO ASSERT THE DOCTRINE OF <u>FORUM</u> <u>NON</u> <u>CONVENIENS</u> OR TO OBJECT TO VENUE TO THE EXTENT ANY PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS SECTION.

(C) SERVICER AND OWNER HEREBY WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF ANY OF THIS AGREEMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREIN, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW OR STATUTORY CLAIMS. SERVICER AND OWNER REPRESENT THAT EACH HAS REVIEWED THIS WAIVER AND EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. IN THE EVENT OF LITIGATION, A COPY OF THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

14. <u>Captions.</u> The captions of the various Sections of this Agreement have been inserted only for convenience of reference, and shall not be deemed to modify, explain, enlarge, or restrict any provision of this Agreement or affect the construction hereof.

15.     Attorney's Fees.  In the event any dispute between the parties concerning this Agreement should result in litigation for any relief against the other, declaratory or otherwise, to enforce the terms hereof or to declare rights hereunder (collectively, "Action"), the losing party shall pay to the prevailing party a reasonable sum for attorneys' fees and costs incurred in bringing and prosecuting such Action and/or enforcing any judgment, order, ruling or award granted therein. "Prevailing Party" within the meaning of this Section includes, without limitation, a party who agrees to dismiss an Action on the other party's payment of the sums allegedly due or performance of the covenants allegedly breached, or who obtains substantially the relief sought by it.

16.     Counterparts.  This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement. Delivery of a facsimile signature page shall be deemed to be delivery of a manually executed original signature page.

17.     Remedies Cumulative.  Except as otherwise expressly limited herein, the rights, remedies, powers and privileges given to any party by this Agreement shall be in addition to all rights, remedies, powers and privileges given to that party by any statute or rule of law.  Any forbearance or failure or delay in exercising any right, remedy, power or privilege hereunder shall not be deemed to be a waiver of such right, remedy, power or privilege and any single or partial exercise of any right, remedy, power or privilege shall not preclude the further exercise thereof or be deemed to be a waiver of any other right, remedy, power or privilege.

18.     Severability.  If any provision hereof shall be held invalid or unenforceable by any court of competent jurisdiction or as a result of future legislative action, such holding or action shall be strictly construed and shall not affect the validity or effect of any other provision hereof.

19.     Binding Agreement.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their successors and assigns.

20.     Amendment.  This Agreement may not be amended or modified except in writing signed by Owner and Servicer.

21.     Entire Agreement; Amendment.  This Agreement (including any exhibits and schedules hereto) contains the entire agreement between the parties with respect to the transactions contemplated hereby, and supersedes all written or oral communications and understandings prior to the date hereof. This Agreement may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements.

### [REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

THIS AGREEMENT is signed effective as of the Effective Date.

SERVICER:

CAVALRY PORTFOLIO SERVICES, LLC

By:

Michael S. Godner,
Chief Financial Officer
and Treasurer

OWNER:

CAVALRY SPV I, LLC

By:

Michael S. Godner,
Chief Financial Officer
and Treasurer

CPS 055

# Laurie Goldstein

# Case # 1: Index No. 3087-11

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF FIA CARD SERVICES, N.A.

, Plaintiff

-against-

LAURIE G GOLDSTEIN
1304 MIDLAND AVE APT
A71
YONKERS, NY 107041433

,Defendant(s)

Purchased:

Index No. 3087/11

**SUMMONS**

Basis of venue is the residence of
defendant(s) and the county where
the transaction took place

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff's address: 500 Summit Lake Drive Suite 400, Valhalla, New York 10595-1340

Defendant's address:       1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433

Dated:  December 10, 2010

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr. Suite 4A
Valhalla, NY 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff
File No. 13910868

**NOTE:** The law provides that:

1. If this summons is served by its delivery to you personally, you must appear and answer within TWENTY (20) days after such service; or

2. If this summons is served by its delivery to any person other than you personally, or by publication, or by any mean other than personal delivery to you, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of the this Court within which to appear and answer.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF: WESTCHESTER**

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A.

                                    , Plaintiff

                -against-

LAURIE G GOLDSTEIN

                                    , Defendant(s)

---

Index No. 3087/11

**VERIFIED COMPLAINT**



FILED

JAN 2 1 2011

HY C IDONI
Y CLERK
WESTCHESTER

Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF
FIA CARD SERVICES, N.A., by and through its attorney Choi Law Office, PLLC, complaining of the Defendant(s),
alleges:

FIRST: That at all times hereinafter mentioned, the Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., is a limited liability
company with a place of business in the State of New York.

SECOND: Plaintiff's primary business activity is the purchase of consumer receivables.

### AS AND FOR A FIRST CAUSE OF ACTION

THIRD: Plaintiff, through assignment, is the lawful owner of a consumer credit contract executed by the Defendant(s).

FOURTH: The Defendant(s) did breach the aforesaid consumer credit contract and owes Plaintiff the sum of $9,879.46
plus interest of $997.91. Payment has been demanded by Plaintiff but has not been made.

### AS AND FOR A SECOND CAUSE OF ACTION

FIFTH: There is due and owing from the Defendant(s) the sum of $9,879.46, plus interest of $997.91, on a certain book
account. Payment has been demanded by Plaintiff but has not been made.

### AS AND FOR A THIRD CAUSE OF ACTION

SIXTH: The Plaintiff sues the Defendant(s) for goods sold and delivered and/or services rendered by Plaintiff, its agents,
servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay the agreed amount.
Payment has been demanded by Plaintiff and has not been made.

**SEVENTH:** The Plaintiff sues the Defendant(s) for the reasonable value of the goods sold and delivered, and/or services rendered by the Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay a reasonable price for same. Payment has been demanded by Plaintiff and has not been made.

## AS AND FOR A FIFTH CAUSE OF ACTION

**EIGHTH:** The Defendant(s), being indebted to the Plaintiff in the sum of $9,879.46, plus interest of $997.91, upon an account stated between them, did promise to pay the Plaintiff said sum upon demand. Payment has been demanded by Plaintiff and has not been made.

**WHEREFORE,** Plaintiff demands Judgment against the Defendant(s) for the sum of $10,877.37, with costs and disbursements of this action, and interest thereon .

Dated:  December 10, 2010

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr. Suite 4A
Valhalla, NY 10595-1340
Phone:  (866) 434-2993
Attorney for Plaintiff
 CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF FIA CARD SERVICES, N.A.
File No. 13910868

VERIFICATION

STATE OF NEW YORK
COUNTY OF WESTCHESTER

Kristina D. Pagni, being duly sworn, deposes, and says: I am the Legal Administrator of
CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A., the Plaintiff, in the within action; I have read the
foregoing Complaint, and know the contents thereof; that the contents of the foregoing
Complaint are true of my knowledge, except as to those matters therein stated to be alleged
upon information and belief, and as to those matters, I believe them to be true. The grounds and
basis for my belief as to all matters not stated upon my personal knowledge are: the files
maintained by the Plaintiff, including all correspondence and other writings furnished to me by
Plaintiff and interviews with employees of the Plaintiff.

Subscribed and sworn to before me
on this December 10, 2010.

Cavalry Portfolio Services, LLC
By: Kristina D. Pagni
Legal Administrator

Notary Public

LOUIS DARDIGNAC
Notary Public, State of New York
No. 01DA6057380
Qualified in Rockland County
My Commission Expires MArch 25, 20

Case 2:12-cv-01061-DLI-RML   Document 1   Filed 02/22/12   Page 151 of 198 PageID #: 151



# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF WESTCHESTER

### AFFIDAVIT OF SERVICE

Index no : 3087-11
Date Index Number Purchased: 01/21/2011

*ORIGINAL*

| Plaintiff(s): | Cavalry Portfolio Services, LLC, as Assignee of Cavalry SPV I, LLC, as Assignee of FIA Card Services, N.A. |
|---|---|
| Defendant(s): | Laurie G Goldstein |

STATE OF NY
COUNTY OF Westchester          ss.:

Brian Blasi, the undersigned, being duly sworn, deposes and says that 156.... on service over the age of eighteen and not a party to this action. I reside in the STATE OF NY.

On 01/28/2011 at 8:10 PM, I served the within Summons and Verified Complaint upon Laurie G Goldstein at 1304 Midland Avenue, Apt A71, Yonkers, NY 10704 in the manner indicated below:WESTCHESTER

INDIVIDUAL: by delivering thereat a true copy of each to said recipient personally; deponent knew the person so served to be the person described herein by deponent asking the person if he or she is the named Recipient and the person responding that he or she is in fact the person named in this action as the Recipient.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Caucasian | Brown | 27 | 5'4"–5'6" | 110–120 |
| Other Features: | | | | | |

I asked the person spoken to whether Defendant(s) was in the active military service or financially dependent upon any one who is in the military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon information and belief I aver that the recipient is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to and subscribed before me on

_____ 20__

_____
NOTARY PUBLIC

X _____
Brian Blasi
J and E Process Service, Inc.
35 McDougal Drive
N. White Plains, NY 10603
914-328-1069
Atty File#: 13910868

ELLEN EAKLEY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01EA5085589
Qualified In Westchester County
My Commission Expires September 29, 2013

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A.
                                        , Plaintiff

-against-

LAURIE G GOLDSTEIN

                                        , Defendant(s)

Index No. 3087-11

**AFFIDAVIT OF FACTS**
Constituting the Claim, the Default, and the
Amount Due.

STATE OF NEW YORK
COUNTY OF WESTCHESTER

Stephanie Cappelli, being duly sworn, deposes, and says: that the deponent is the Legal Administrator, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., in the within action; that the deponent has personal knowledge of the facts constituting the claim, the default, and the amount due; that said personal knowledge is based upon the file maintained by the deponent and documents contained therein; that this is an action for:

1) money due to Plaintiff on a book account, an accounting having been mailed and delivered to Defendant(s) on 11/9/2010 and said accounting has been retained and no objections to it has been made by Defendant(s)

As of March 14, 2011, there was due and owing the Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., the amount of $10,877.37 from the Defendant(s).

WHEREFORE, your deponent demands Judgment against the Defendant(s) in the amount of $10,877.37 with interest from the March 14, 2011, together with the costs and disbursements of this action, amounting in all to a sum of $11,412.37.

Dated: 3/14/2011

Stephanie Cappelli
Cavalry Portfolio Services, LLC
500 Summit Lake Drive, Suite 400
Valhalla, New York 10595-1340
Phone: (800) 501-0909

Sworn to before me this 14 March 2011.

Notary Public, State of New York
My commission LOUIS DARDIGNAC
Notary Public, State of New York
No. 01DA5057380
Qualified in Rockland County
My Commission Expires MArch 26, 2014

| CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., , Plaintiff | Index No. 3087-11 |
|---|---|

-against-          2011 JUN -6  P 3: 51

LAURIE G GOLDSTEIN

TIMOTHY C. IDONI
WESTCHESTER COUNTY CLERK
, Defendant(s)

**STATEMENT FOR JUDGMENT**
Failure to Appear or Plead
An action against a natural person based upon
non-payment of a contractual obligation.

Judgment Rendered in Favor of Cavalry Portfolio Services,
LLC, Plaintiff, With Offices at 500 Summit Lake Drive,
Suite 400, Valhalla, New York 10595-1340.

| | |
|---|---|
| Amount claimed in Complaint............................................... | $9,879.46 |
| Amount awarded after Inquest Clerk. | N/A |
| Interest (from 2/27/2010 until 11/9/2010 at 16.99%...... | $997.91 |
| **SUB TOTAL:** | **$10,877.37** |
| Costs allowed by Statute............................................... | $200.00 |
| Service of Summons and Complaint................................ | $40.00 |
| Filing of Summons and Complaint.................................. | $210.00 |
| Prospective Sheriff's or Marshal's Fees........................... | $40.00 |
| Military Affidavit....................................................... | N/A |
| Clerks Fee to enter judgment........................................ | $45.00 |
| **COSTS TAXED AT:** | **$535.00** |
| **GRAND TOTAL:** | **$11,412.37** |

**STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

The undersigned, an attorney at law in the State of New York, affirms, deposes, and says: that she/he is the attorney of record for the Plaintiff herein; that the disbursements here specified are correct and true, and have been or will necessarily be made or incurred herein and are reasonable in amount; Defendant(s) have failed to appear, answer or move, and the time to do so has expired; Plaintiff is entitled to judgment by default; that the plaintiff waives its right to attorney fees; Deponent deposited a copy of the Summons in separate post-paid envelopes in an official depository of the US Postal Service in Valhalla, New York addressed to each defaulting defendant(s) last known address set forth below, on the following dates respectively: 2/17/2011, in an envelope marked "Personal and Confidential" not indicating it was from an attorney or concerned the alleged debt; That more than twenty days have elapsed and the same not having been returned undeliverable by the US Postal Service. Pursuant to the affidavits of service on file herein deponent alleges that defendants are not in any military services. The foregoing affirmations are made under penalties of perjury. * Plaintiff waives any cause of action it may have against Defendant(s) for breach of contract. * Plaintiff waives any cause of action it may have against Defendant(s) for goods sold and delivered and/or services rendered. * Plaintiff waives any cause of action it may have against Defendant(s) for reasonable value of goods sold and delivered and/or services rendered.*

Dated: March 14, 2011

Danielle C. Choi, Esq.
Choi Law Offices, PLLC
500 Summit Lake Dr., Suite 4A, Valhalla, New York 10595-1340
Phone: (866) 434-7993
Attorney for Plaintiff, Cavalry Portfolio Services, LLC
File no. 13910868

JUDGMENT entered this _6th_ day of _June_, 2011.
The SUMMONS and COMPLAINT in this action having been served on:
LAURIE G GOLDSTEIN - 1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433

the Defendant herein, and the time of said Defendant to Appear or Answer having expired, and said Defendant not having appeared or answered herein.
NOW, ON MOTION OF Danielle C. Choi, Esq., 500 Summit Lake Dr., Suite 4A, Valhalla, New York 10595-1340, attorney for the Plaintiff-Judgment Creditor, it is hereby
ADJUDGED, that CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595-1340, the Plaintiff, does recover of LAURIE G GOLDSTEIN, the Defendant, residing at 1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433       , the sum of $10,877.37 the amount claimed, and $535.00, costs and disbursements, amounting in all to the sum of $11,412.37 and that Plaintiff-Judgment Creditor have execution therefore.

CLERK

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC; AS
ASSIGNEE OF FIA CARD SERVICES, N.A.

, Plaintiff

-against-    2011 JUN -b P 3: 51

LAURIE G GOLDSTEIN

, Defendant(s)

Index No. 3087-11

**STATEMENT FOR JUDGMENT**
Failure to Appear or Plead
**An action against a natural person based upon
non-payment of a contractual obligation.**

Judgment Rendered in Favor of Cavalry Portfolio Services
LLC, Plaintiff, With Offices at 500 Summit Lake Drive,
Suite 400, Valhalla, New York 10595-1340

| | |
|---|---:|
| Amount claimed in Complaint............................................................... | $9,879.46 |
| Amount awarded after Inquest Clerk...................................................... | N/A |
| Interest (from 2/27/2010 until 11/9/2010 at 16.99%...... | $997.91 |
| SUB TOTAL: | $10,877.37 |
| Costs allowed by Statute........................................................................ | $200.00 |
| Service of Summons and Complaint........................................................ | $40.00 |
| Filing of Summons and Complaint.......................................................... | $210.00 |
| Prospective Sheriff's or Marshal's Fees................................................. | $40.00 |
| Military Affidavit.................................................................................. | N/A |
| Clerks Fee to enter judgment................................................................. | $45.00 |
| COSTS TAXED AT: | $535.00 |
| GRAND TOTAL: | $11,412.37 |

STATE OF NEW YORK
COUNTY OF WESTCHESTER

The undersigned, an attorney at law in the State of New York, affirms, deposes, and says: that she/he is the attorney of record for the Plair
herein; that the disbursements here specified are correct and true, and have been or will necessarily be made or incurred herein and are reasonabl
amount; Defendant(s) have failed to appear, answer or move, and the time to do so has expired; Plaintiff is entitled to judgment by default; that
plaintiff waives its right to attorney fees; Deponent deposited a copy of the Summons in separate post-paid envelopes in an official depository of
US Postal Service in Valhalla, New York addressed to each defaulting defendant(s) last known address set forth below, on the following d
respectively: 2/17/2011, in an envelope marked "Personal and Confidential" not indicating it was from an attorney or concerned the alleged debt;
more than twenty days have elapsed and the same not having been returned undeliverable by the US Postal Service. Pursuant to the affidavit
service on file herein deponent alleges that defendants are not in any military services. The foregoing affirmations are made under penaltie
perjury. * Plaintiff waives any cause of action it may have against Defendant(s) for breach of contract. * Plaintiff waives any cause of action it
have against Defendant(s) for goods sold and delivered and/or services rendered. * Plaintiff waives any cause of action it may have aga
Defendant(s) for reasonable value of goods sold and delivered and/or services rendered.*

Dated: March 14, 2011

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr., Suite 4A, Valhalla, New York 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff, Cavalry Portfolio Services, LLC
File no. 13910868

JUDGMENT entered this ____ day of _____, 2011.
The SUMMONS and COMPLAINT in this action having been served on:
LAURIE G GOLDSTEIN - 1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433

the Defendant herein, and the time of said Defendant to Appear or Answer having expired, and said Defendant not having appeared or answered
herein.
NOW, ON MOTION OF Danielle C. Choi, Esq., 500 Summit Lake Dr., Suite 4A, Valhalla, New York 10595-1340, attorney for the Plaintiff-
Judgment Creditor, it is hereby
ADJUDGED, that CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA C
SERVICES, N.A., 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595-1340, the Plaintiff, does recover of LAURIE G GOLDSTEIR
Defendant, residing at 1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433    , the sum of $10,877.37 the amount claimed, and $53
costs and disbursements, amounting in all to the sum of $11,412.37 and that Plaintiff-Judgment Creditor have execution therefore.

CLERK

COUNTY OF WESTCHESTER

COURT OF THE STATE OF NEW YORK

Index No. 3087-11

Judgment Creditor(s)
CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF
CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD
SERVICES, N.A.
500 Summit Lake Drive Suite 400
Valhalla, New York 10595-1340

**INCOME EXECUTION**

THE PEOPLE OF THE STATE OF NEW YORK
TO THE ENFORCEMENT OFFICER, GREETING

Judgment Debtor(s) LAURIE G GOLDSTEIN 1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433
Social Security No(s): XXX-XX-XXXX

Employer's Name and Address:   Kohls Department Stores, 2350 Central Park Ave, Yonkers, NY 10710
Attention: Personnel/Human Resources Department
Telephone: 9147931124

### TO THE ENFORCEMENT OFFICER:

WHEREAS, a Judgment was docketed on 6/6/2011, in the Supreme Court Of The State Of New York, County Of: Westchester, index number 3087-11, in the within entitled action in favor of the Judgment Creditor and against the Judgment Debtor for the sum of $11,412.37. The judgment debtor has paid a total of $.00 towards the total judgment award leaving $11,412.37 actually due thereon, with interest accruing from 6/6/2011.

WHEREAS, the Judgment Debtor is receiving, or will receive from his/her employer disposable earnings exceeding 30 times the current Federal Minimum Hourly Wage per week, to wit, $65,000.00 annually to be paid in weekly installments of $1,250.00 each.

You are directed to satisfy the judgment with interest together with your fees and all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR §5231.

### DIRECTIONS TO THE JUDGMENT DEBTOR:

You are notified and commanded immediately to start paying to the Enforcement Officer, installments amounting to 10% (but no more than the federal units set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages, or other income, including any and all overtime earnings, commissions, or other irregular compensation received hereafter to be received from your employer and to continue paying such installments until the judgment of interest and the fees and expenses of this Income Execution are finally paid and satisfied.

If you fail to begin to make these payments within TWENTY (20) DAYS after receiving this Execution, it will be served on your employer who will deduct payments from your earnings.

Pursuant to CPLR §5205(l), $2,500.00 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR §5205(l)(2), is exempt from the execution and true that the garnishment cannot levy upon or restrain $2,500.00 in such an account.

Pursuant to CPLR §5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law §652 as in effect at the time the earnings are payable, except such part as court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or hers other dependants.

### DIRECTIONS TO THE EMPLOYER:

THIS EXECUTION requires you to withhold and pay over to the Enforcement Officer installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages, or other income, including any and all overtime earnings, commissions or other irregular compensations, received hereafter until the judgment of interest and the fees and expense of this Income Execution are finally paid and satisfied.

Dated: July 11, 2011

Danielle C. Choi, Esq.
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993
Attorney for Judgment Creditor
CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE
OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD
SERVICES, N.A.
File No. 13910868

however, State and Federal Law does not permit the withholding of the full TEN PERCENT (10%) of the Judgment Debtor's gross income. In certain cases, the Judgment Debtor is referred to New York Civil Practice Law and Rules Sec. 5231 and 15 U.S.C. Sec. 1671 et. Seq.

## I. LIMITATIONS ON THE AMOUNT THAT CAN BE WITHHELD.

A.   An Income Execution for installments from a Judgment Debtor's gross income cannot exceed TEN PERCENT (10%) of the Judgment Debtor's gross income.

B.   If a Judgment Debtor's weekly disposable earnings are less than the greater or Thirty (30) times the present Federal Minimum Hourly Wage of $7.25 per hour, or the New York State minimum wage ($7.25 per hour or $217.50) no deduction can be made under this Income Execution.

C.   A Judgment Debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying Thirty (30) times the greater of the present Federal Minimum Hourly Wage of $7.25per hour, or $217.50 or the New York State minimum wage ($7.25 per hour or $217.50).

D.   If deductions are made from a Judgment Debtor's gross income under any order for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed Twenty-five percent (25%) of the Judgment Debtor's disposable earnings, no deduction can be made under this Income Execution.

E.   If deductions are being made from a Judgment Debtor's gross income under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than Twenty-five percent (25%) of the Judgment Debtor's disposable earnings, deductions can be made under this Income Execution. However, the amount arrived at by adding the deductions made under this Execution to the deductions made under any order for alimony, support or maintenance for family members or former spouses cannot exceed Twenty-five percent (25%) of the Judgment Debtor's disposable earnings.

Nothing in this Notice limits the proportion or amount which may be deducted under any Order for alimony, support or maintenance for family members or former spouses.

## II. EXPLANATION OF LIMITATIONS. DEFINITIONS.

DISPOSABLE EARNINGS.   That part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example—Federal and State income tax withholding, Social Security withholding and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

GROSS INCOME.   Salary, wages or other income including all overtime earnings, commissions and income from trusts, before deductions are made from such income.

ILLUSTRATIONS.

| If disposable earnings are: | Amount to pay or deduct under this Income Execution is: |
|---|---|
| a) 30 times the greater of federal minimum wage ($217.50) or the New York State minimum wage ($217.50) or less. | No payment or deduction allowed. |
| b) more than 30 times the greater of the federal minimum wage ($217.50) or the New York State minimum wage ($290.00 ) less than 40 times federal minimum wage ($290.00) | The lesser of: the excess over the greater of 30 times the federal minimum ($217.50) or the New York State minimum wage ($217.50) in disposable earnings, or 10% of gross earnings. |
| c) 40 times the greater of the federal minimum wage ($290.00) or the New York state minimum wage ($290.00) or more | The lesser of: 25% of disposable earnings or 10% of gross earnings. |

## III. NOTICE.

You may be able to challenge this Income Execution through procedures provided in CPLR Sec. 5231(i) and CPLR Sec. 5240.  If you think the amount being deducted from your earnings under this Income Execution exceeds the amount permitted by Federal and State law, you should act promptly because the money will be applied to the JUDGMENT.  If you claim that the amount being deducted from your earnings under this Income Execution exceeds the amount permitted by Federal and State law, you should contact your employer or other person paying your earnings.  Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY.  New York State law provides two procedures through which an Income Execution can be challenged.

CPLR SEC. 5231(i) MODIFICATION.  At any time the Judgment Debtor may make a motion to a Court for an Order modifying an Income Execution.

CPLR SEC. 5240 MODIFICATION OR PROTECTIVE ORDER; SUPERVISION OF ENFORCEMENT.  At any time, the Judgment debtor may make a motion to a Court for an Order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of Income Executions.

N (FOR SHERIFF'S OR MARSHAL'S USE ONLY)

Fully satisfied_____ _____ _____ ____200_____

Partially satisfied_____ _____ ____200_____

Unsatisfied_____

Because I was unable to find the Garnishee (the Employer) within my jurisdiction, I returned this Income Execution to the Judgment Creditor's Attorney on_____ _____200___,   _____
                                                                                                Marshal, City of New York

                                                        Sheriff, County of_____

                                                        Constable of the_____

# SCHACHTER PORTNOY, L.L.C.
### ATTORNEYS AT LAW

HOWARD SCHACHTER*
DARIN S. PORTNOY**

SUSAN G. STEINMAN**□
Of Counsel

500 SUMMIT LAKE DRIVE
SUITE 4A
VALHALLA, NY 10595-1340
TEL: (888) 841-6574   (914) 747-6106
FAX: (914) 742-4398
NYC DCA LIC 1401654

STEVEN I. GREENBEF
KAPEIL MIS
KORTNEY SWANSON DAV
CRAIG FAY

* ALSO ADMITTED IN
*ALSO ADMITTED IN
○ALSO ADMITTED IN OR &
∞ ALSO ADMITTED IN
^ ONLY ADMITTED IN

COPY

October 10, 2011

*Rec'd by mail*
*10/13/11*

LAURIE G GOLDSTEIN
1304 MIDLAND AVE APT A71

YONKERS, NY 107041433

Re:   CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
      ASSIGNEE OF FIA CARD SERVICES, N.A. vs. LAURIE G GOLDSTEIN
      Index No.: 3087-11
      Our Client: CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV
      I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A.
      Our File No.: 13910868
      Original Creditor: Bank of America/FIA Card Services, N.A.
      Amount Due: $11,743.52 as of the above date

Dear LAURIE G GOLDSTEIN:

     Please be advised that your account referenced-above, which was previously
with Choi Law Office, PLLC, has been formally transferred to this firm.   A
Substitution of Counsel was recently forwarded to the appropriate Court for
filing.   Please address all future correspondence and phone calls to this office.

     If you are currently on a payment arrangement, please send your payments to
Schachter Portnoy, L.L.C., 500 Summit Lake Drive, Suite 4A, Valhalla, NY, 10595.
Your payment should be made payable to Schachter Portnoy, L.L.C. - Attorney Trust
Account and place our file number on any payment to insure proper credit.   If for
any reason your records show a different amount due than as shown above, please
contact us as soon as possible.

If you are not currently on a payment arrangement, please contact this office to discuss this matter.

Thank you for your cooperation.

### Disclosure

You are hereby notified that this firm is acting as a debt collector in this matter. We are attempting to collect a debt and any information obtained will be used for that purpose. Unless within 30 days after your receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify us in writing within the 30-day period after your receipt of this notice that you dispute the debt, or any portion thereof, we will obtain verification of the debt, or if the debt is founded upon a judgment, a copy of the judgment, and a copy of such verification or judgment will be mailed to you by us. Upon your written request within 30 days after receipt of this notice, we will provide you the name and address of the original creditor, if different from the current creditor.

Very truly yours,

Craig Faye, Esq.
For the Firm

CF

ATTORNEYS AT LAW
SUITE 4A
VALHALLA, NY 10595-1340
TEL: (888) 841-6574  (914) 747-6106
FAX: (914) 742-4398
**NYC DCA LIC 1401654**

HOWARD SCHACHTER*
DARIN S. PORTNOY**

SUSAN G. STEINMAN**ᵋ
Of Counsel

STEVEN I. GREENBERG
KAPEIL MISIR
KORTNEY SWANSON DAVIS
CRAIG FAYE◦

* ALSO ADMITTED IN N
°ALSO ADMITTED IN P
ᴸ ALSO ADMITTED IN OR & W
∞ ALSO ADMITTED IN F
^ ONLY ADMITTED IN N

⎕ COPY

October 24, 2011

*Recd by mail
10/27/11*

LAURIE G GOLDSTEIN
1304 MIDLAND AVE APT A71

YONKERS, NY 107041433

Re:   CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS
      ASSIGNEE OF FIA CARD SERVICES, N.A. vs. LAURIE G GOLDSTEIN
      Index No.: 11101-11
      Our Client: CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV
      I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A.
      Our File No.: 13950600
      Original Creditor: Bank of America/FIA Card Services, N.A.
      Amount Due: $12,556.38 as of the above date

Dear LAURIE G GOLDSTEIN:

     Please be advised that your account referenced-above, which was previously
with Choi Law Office, PLLC, has been formally transferred to this firm.  A
Substitution of Counsel was recently forwarded to the appropriate Court for
filing.  Please address all future correspondence and phone calls to this office.

     If you are currently on a payment arrangement, please send your payments to
Schachter Portnoy, L.L.C., 500 Summit Lake Drive, Suite 4A, Valhalla, NY, 10595.
Your payment should be made payable to Schachter Portnoy, L.L.C. - Attorney Trust
Account and place our file number on any payment to insure proper credit.  If for
any reason your records show a different amount due than as shown above, please
contact us as soon as possible.

If you are not currently on a payment arrangement, please contact this office to discuss this matter.

Thank you for your cooperation.

## Disclosure

You are hereby notified that this firm is acting as a debt collector in this matter. We are attempting to collect a debt and any information obtained will be used for that purpose. Unless within 30 days after your receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If you notify us in writing within the 30-day period after your receipt of this notice that you dispute the debt, or any portion thereof, we will obtain verification of the debt, or if the debt is founded upon a judgment, a copy of the judgment, and a copy of such verification or judgment will be mailed to you by us. Upon your written request within 30 days after receipt of this notice, we will provide you the name and address of the original creditor, if different from the current creditor.

Very truly yours,

Craig Kaye, Esq.
For the Firm

CF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

_Cavalry Portfolio Services LLC,_
[Fill in name(s)] Plaintiff(s)/Petitioner(s)

Index No.

_3087-11_

-against-

_Laurie Goldstein_,

AFFIDAVIT
IN SUPPORT
WITH TRO

[Fill in name(s)] Defendant(s)/Respondent(s)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STATE OF NEW YORK
COUNTY OF _____ ss:

_Laurie Goldstein_ [your name],

being duly sworn, deposes and says:

1. I am the plaintiff/petitioner/(defendant)/respondent [circle the
right one] in this matter. I make this affidavit in support of this
motion for an order [Describe what you are asking the Court to do. This
relief must also be stated in the Notice of Motion or Order to Show
Cause.] _to show cause to vacate the_
_judgement entered against me on June 6, 2011,_
_pursuant §CPLR 5015(a)(4) because I was never_
_served and given notice of the case against me._

2.(a) Pursuant to Section 202.7(f) of the Uniform Civil Rules for
the Supreme and County Courts I have made a good faith effort to notify
[the opposing attorney or adversary] by (telephone) letter or fax] on
_11/11/11 @ 10:30AM & I was_ [time/day] that I would be submitting
_told by the telephone person that I have to call the court and they_
an application to the court seeking interim relief at ___:___ a.m./p.m.
_don't do that,_
on _____.

(b) Pursuant to Section 202.7(f) of the Uniform Civil Rules for the

Supreme and County Courts I have NOT notified [the opposing attorney or adversary] as to do so would result in significant prejudice to me as follows: _____

_____

_____

_____

3. I believe the Court should grant this motion because [Explain why you should be granted what you are requesting. Attach any exhibits. Use more paper if needed.] I was never served the summons and given of the case against me. The affidavit of service the plaintiff filed was false. (Please see attached exhibit.)

I do not look 27 and am actually 55.
I have dirty blonde hair, not brown hair.
My weight is 240 pounds, not 110—130 pounds
My height is 5'3", not 5'4" to 5'6".
No one else was in my apartment 1/18/11
who would fit the description in the affidavit.

Moreover, I have good defenses:
1. I dispute the amount of the debt.
2. I do not have a business relationship
with Plaintiff.
3. The amount demanded is excessive
compared to the original debt (unjust
enrichment).

4. [If you are moving by Order to Show Cause you must fill in this paragraph.] No prior application has been made for the relief sought herein except: [List all prior requests for the same relief made in this or any other court and the results of those applications. Use more paper if needed. If no prior requests have been made, write "none"]. _____

_____

_____

_____

_____

WHEREFORE, I respectfully request that this motion be granted, and that I have such other and further relief as may be just and proper.

Sworn to before me on the
___ day of _____ 20__

_____
Notary Public

_____
[Sign your name before a Notary]

_Laurie Goldstein_
[Print your name]

Aff-Supp-6/02

LENORE SHERROD HIGGS
Notary Public, State of New York
No. 04SH6038517
Qualified in Westchester County
Commission Expires June 20__



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF: WESTCHESTER

---

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A.

                       , Plaintiff

          -against-

LAURIE G GOLDSTEIN

                   , Defendant(s)

---

## AFFIRMATION IN OPPOSITION TO DEFENDANT'S
## ORDER TO SHOW CAUSE

---

**Craig Faye, Esq.**
**Schachter Portnoy, L.L.C.**
Attorney for Plaintiff
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (888) 841-6574

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A.

Index No. 3087-11

, Plaintiff

-against-

LAURIE G GOLDSTEIN

, Defendant(s)

AFFIRMATION IN OPPOSITION TO
DEFENDANT'S ORDER TO SHOW
CAUSE

Craig Faye, Esq., an attorney admitted to practice law in the State of New York hereby affirms the following to be true under the penalties of perjury:

1. I am a attorney of Schachter Portnoy, L.L.C., for Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., and as such I am fully familiar with the facts and circumstances of the within action.

2. This affirmation is submitted in opposition to the Defendant's motion for an Order: vacating the default judgment entered on June 6, 2011 against the Defendant; and adding the matter back on the calendar or dismissing the Plaintiff's action against the Defendant.

3. The within action was commenced because of a breach and default on a FIA CARD SERVICES, N.A. credit card and a balance existing thereunder, said balance owed to Plaintiff's assignor by the Defendant. Annexed hereto as Exhibit A is a copy of Plaintiff's Summons and Complaint relative to the matter along with the subject default judgment.

4. At present, Defendant seeks to vacate the underlying default judgment on grounds that are not alone sufficient to grant the redress presently sought by the Defendant.

5. The Defendant was served pursuant to the CPLR, at her home address, on January 28, 2011. Pursuant to the affidavit of service it appears that the Defendant was personally served within the within Summons and Complaint. Annexed hereto as Exhibit B is an Affidavit of Service in connection to the within matter. Plaintiff requests the Court to take notice that the address of Service is identical to the address set forth in Defendant's Answer and Order to Show Cause application.

6. The affidavit of a process server constitutes *prima facie* evidence of proper service sufficient to withstand a naked denial of receipt of process, (*Nazarian v. Monaco Imports, Ltd.*, 255 AD2d 265, 266, 680 NYS2d 252 [1st 1998]), or a conclusory denial of service, (*Manhattan Savings Bank v. Williamsburgh Savings Bank*, 231 AD2d 499, 500 647 NYS2d 256, 257 [2nd Dept 1996]).

7. Defendant, in her Affidavit in support of his Order to Show Cause, merely denies receipt. Therefore, the Defendant's affidavit is wholly conclusory and insufficient to rebut the veracity or content of the affidavit of service (see *Dominican Sister's of Ontario, Inc. v. Dunn* 272 AD2d 367, 707 NYS2d 215, 216 [2nd Dept. 2000]).

8. At all times prior to making the within motion, the Defendant was well aware of the pending legal action and voluntarily chose to ignore same.

   **WHEREFORE**, it is respectfully requested that the Court deny the Defendant's motion in its entirety, and grant such other further relief as it may deem just proper.

Dated: December 14, 2011

Craig Kaye, Esq.
Attorney for Plaintiff
Schachter Portnoy, L.L.C.
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (888) 841-6574

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF: WESTCHESTER

000123813

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF FIA CARD SERVICES, N.A.

, Plaintiff

Purchased:

Index No.   3087/11

**SUMMONS**

-against-:

LAURIE G GOLDSTEIN
1304 MIDLAND AVE APT
A71
YONKERS, NY 107041433

,Defendant(s)

Basis of venue is the residence of
defendant(s) and the county where
the transaction took place **FILED**

JAN 2 1 2011
TIMOTHY C IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an answer to the complaint in this
action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is
complete if this summons is not personally delivered to you within the State of New York.  In case of your failure to answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff's address: 500 Summit Lake Drive Suite 400, Valhalla, New York 10595-1340

Defendant's address:          1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433

Dated:  December 10, 2010

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr. Suite 4A
Valhalla, NY 10595-1340
Phone:  (866) 434-2993
Attorney for Plaintiff
File No. 13910868                          **ORIGINAL**

NOTE:  The law provides that:

1.      If this summons is served by its delivery to you personally, you must appear and answer within TWENTY (20) days
after such service; or

2.      If this summons is served by its delivery to any person other than you personally, or by publication, or by any means
other than personal delivery to you, you are allowed THIRTY (30) days after the proof of service thereof is filed with
the Clerk of the this Court within which to appear and answer.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
This communication is from a debt collector.

# DECISION AND ORDER

FILED & ENTERED
/ ᵍ)/12

To commence the statutory
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this Order,
with notice of entry, upon all
parties.

*Recⁱⱼ by maⁱⱼ*
*2/1/12*

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, WESTCHESTER COUNTY

Present:  HON. MARY H. SMITH
          Supreme Court Justice

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CAVALRY PORTFOLIO SERVICES LLC,

                                        MOTION DATE:1/27/12
                        Plaintiff,      INDEX NO.: 3087/11

        -against-

LAURIE G. GOLDSTEIN,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        The following papers numbered 1 to 5 were read on this motion
by pro se defendant for an Order pursuant to CPLR 5015, subdivision
(a), paragraph 4, vacating a default judgment, etc.[1]

                                            **Papers Numbered**

Order to Show Cause - Affidavit (Goldstein) - Exhs. ..........1-3
Answering Affirmation (Faye) - Exhs. .......................4-5

        Upon the foregoing papers, it is Ordered that this motion by

pro se defendant for an Order pursuant to CPLR 5015, subdivision

(a), paragraph 4, vacating a default judgment is granted to the

_____

        ·The parties are advised that this Court's published Part
Rules require separately tabbed exhibits

                        -1-

extent that a Traverse Hearing shall be held to determine whether jurisdiction over defendant has been conferred.

Contrary to plaintiff's argument herein that defendant's mere denial of service is insufficient to warrant any relief in the face of the filed affidavit of service which prima facie establishes proper personal in-hand service upon her, defendant has submitted at bar sworn averments, supported at least partially by a copy of her recently issued New York State driver's license, that the physical characteristics of the person served do not match hers, including specifically with respect to defendant's age and weight. See U.S. Bank v. Arias, 85 A.D.3d 1014 (2nd Dept. 2011).

The parties shall appear in the Settlement Conference Part, Room 1600, at 9:30 a.m., on March 12, 2012, for the scheduling of a Traverse hearing. This date shall not be adjourned without the Court's consent. Any party's failure to appear may result in the imposition of costs and/or sanctions.

In the event that service upon defendant ultimately is upheld, this Court does not otherwise find any basis to grant defendant relief vacating the judgment herein pursuant to CPLR 5015, subdivision (a), paragraph 1, based upon her demonstration of excusable default and a meritorious defense; accordingly, to that extent her motion is denied. In such circumstance, this Court otherwise cannot find that defendant has any reasonable excuse for

-2-

her default herein and it matters not whether she may have a meritorious defense. See Centennial Elevator Industries, Inc. v. Ninety-Five Madison Corp., 90 A.D.3d 689 (2nd Dept. 2011); Assaele v. 15 Broad Street, LLC, 71 A.D.3d 802 (2nd Dept. 2010); Jagiela v. 1329 Realty, LLC, 17 A.D.3d 533 (2nd Dept. 2005); Persaud v. Gallante Properties, Inc., 11 A.D.3d 442 (2nd Dept. 2004); Udell v. Alcamo Supply & Contracting Corp., 275 A.D.2d 453 (2nd Dept. 2000).

Dated: January 31 , 2012
       White Plains, New York

_____
MARY H. SMITH
J.S.C.

Laurie Goldstein
Pro Se Pet.
1304 Midland Avenue
Yonkers, New York 10704

Schachter Portnoy, LLC
Attys. For Pltf.
500 Summit Lake Drive, Suite 4A
Valhalla, New York 10595

Robert Arena

-3-

# Laurie Goldstein

# Case # 1: Index No. 11101-2011

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE
OF FIA CARD SERVICES, N.A.

, Plaintiff

-against-

LAURIE G GOLDSTEIN
1304 MIDLAND AVE APT
A71
YONKERS, NY 107041433

,Defendant(s)

Purchased:

Index No. 1101/11

SUMMONS

Basis of venue is the residence of
defendant(s) and the county where
the transaction took place

FILED
MAY 13 2011
TIMOTHY C IDONI
COUNTY COUNTY CLERK
COUNTY OF WESTCH

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff's address: 500 Summit Lake Drive Suite 400, Valhalla, New York 10595-1340

Defendant's address: 1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433

Dated: April 4, 2011

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr. Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff
File No. 13950600

NOTE: The law provides that:

1.   If this summons is served by its delivery to you personally, you must appear and answer within TWENTY (20) days after such service; or

2.   If this summons is served by its delivery to any person other than you personally, or by publication, or by any means other than personal delivery to you, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of the this Court within which to appear and answer.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A.

Index No.

, Plaintiff

**VERIFIED COMPLAINT**

-against-

LAURIE G GOLDSTEIN

, Defendant(s)

Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., by and through its attorney Choi Law Office, PLLC, complaining of the Defendant(s), alleges:

**FIRST:** That at all times hereinafter mentioned, the Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., is a limited liability company with a place of business in the State of New York.

Plaintiff has been duly granted License #1327348

**SECOND:** Plaintiff's primary business activity is the purchase of consumer receivables.

## AS AND FOR A FIRST CAUSE OF ACTION

**THIRD:** Plaintiff, through assignment, is the lawful owner of a consumer credit contract executed by the Defendant(s).

**FOURTH:** The Defendant(s) did breach the aforesaid consumer credit contract and owes Plaintiff the sum of $10,860.97 plus interest of $1,695.41. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A SECOND CAUSE OF ACTION

**FIFTH:** There is due and owing from the Defendant(s) the sum of $10,860.97, plus interest of $1,695.41, on a certain book account. Payment has been demanded by Plaintiff but has not been made.

## AS AND FOR A THIRD CAUSE OF ACTION

**SIXTH:** The Plaintiff sues the Defendant(s) for goods sold and delivered and/or services rendered by Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay the agreed amount. Payment has been demanded by Plaintiff and has not been made.

**SEVENTH:** The Plaintiff sues the Defendant(s) for the reasonable value of the goods sold and delivered, and/or services rendered by the Plaintiff, its agents, servants, and/or employees to the Defendant(s), upon the promise by the Defendant(s) to pay a reasonable price for same. Payment has been demanded by Plaintiff and has not been made.

## AS AND FOR A FIFTH CAUSE OF ACTION

**EIGHTH:** The Defendant(s), being indebted to the Plaintiff in the sum of $10,860.97, plus interest of $1,695.41, upon an account stated between them, did promise to pay the Plaintiff said sum upon demand. Payment has been demanded by Plaintiff and has not been made.

**WHEREFORE,** Plaintiff demands Judgment against the Defendant(s) for the sum of $12,556.38, with costs and disbursements of this action, and interest thereon .

Dated:  April 4, 2011

Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff
  CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNE
  OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARI
  SERVICES, N.A.
  File No. 13950600

**VERIFICATION**

STATE OF NEW YORK
COUNTY OF WESTCHESTER

Stephanie Cappelli, being duly sworn, deposes, and says: I am the Legal Administrator of Cavalry Portfolio Services, LLC and an authorized agent for the Plaintiff, in the within action; I have read the foregoing Complaint, and know the contents thereof; that the contents of the foregoing Complaint are true of my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The grounds and basis for my belief as to all matters not stated upon my personal knowledge are: the records maintained by the Plaintiff, including all correspondence and other writings furnished to me by Plaintiff and interviews with employees of the Plaintiff.

Plaintiff has been duly granted License #1327348

Dated: April 4, 2011

By: Stephanie Cappelli

Subscribed and sworn to before me
on this April 4, 2011.

Notary Public

LOUIS DARDIGNAC
Notary Public State of New York
No 01DA4057380
Qualified in Rockland County
My Commission Expires MArch 25, 20/

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

------------------------------------------------------------x   Index No. 11101-2011

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A.                          **ANSWER**

                        Plaintiff,

                                                            **FILED**

                    – against –
                                                            JUN 28 2011

LAURIE GOLDSTEIN
                                                            TIMOTHY C. IDONI
                                                            COUNTY CLERK
                                                            COUNTY OF WESTCHESTER

                        Defendant,

------------------------------------------------------------x

        As and for his/her answer to the complaint herein, the defendant ___ Laurie

___ Goldstein ___ respectfully shows and alleges as follows:

_____, Admits the truth of the allegations of Paragraph(s) _____ of the complaint.

__X__, Denies the knowledge or information sufficient to form a belief as to the

        truth of the allegations of Paragraph(s) 1-8 of the complaint.

__X__, Denies the allegations of Paragraph(s) ___1-8___ of the complaint.

__X__, I dispute the amount of debt allegedly owed.

__X__, Plaintiff lacks standing.  I do not have nor ever had a business relationship

        with the Plaintiff.

## AFFIRMATIVE DEFENSES

WHEREFORE, defendant prays that his Court dismiss the complaint of the plaintiff herein, with costs and disbursements to defendant, together with any other relief the Court finds to be just and proper.

Dated: _June 27, 2011_

_Laurie Goldstein_
Signature

Laurie Goldstein

1304 Midland Avenue

Sworn to before me this _27_ day

of _June_, 20 _11_.

Yonkers, NY   10704
Plaintiff

NICHOLAS VERLIZZO
Notary Public - State of New York
NO. 01VE4712465
Qualified in Westchester County
My Commission Expires _11·30·14_

Choi Law Office, PLLC
Attorney for Plaintiff
500 Summit Lake Drive, Suite 4A
Valhalla, NY   10595-1340
Phone: 866-434-2993
Defendant

_Nicholas Verlizzo_
NOTARY PUBLIC

CAVALRY PORTFOLIO SERVICES, LLC, AS
ASSIGNEE OF CAVALRY SPV I, LLC, AS
ASSIGNEE OF FIA CARD SERVICES, N.A.

Index No. 11101-11

, Plaintiff

**RESPONSE TO DEMAND FOR
DOCUMENTS AND
INFORMATION**

-against-

LAURIE G GOLDSTEIN

, Defendant(s)

Plaintiff, CAVALRY PORTFOLIO SERVICES, LLC, AS ASSIGNEE OF CAVALRY SPV I, LLC, AS ASSIGNEE OF FIA CARD SERVICES, N.A., by and through its attorney Danielle C. Choi, Esq., responding to the Defendant's Demand for Documents and Information dated July 26, 2911, and as and for its Response to Demand for Documents and Information states:

## GENERAL OBJECTIONS

First Objection: Plaintiff objects to Defendant's Demand for Documents and Information to the extent that it requests information gathered in anticipation of litigation in violation of the Work Product Doctrine.

Second Objection: Plaintiff objects to Defendant's Demand for Documents and Information to the extent that it requests information not reasonably calculated to lead to the discovery of admissible evidence.

Third Objection: Plaintiff objects to Defendant's Demand for Documents and Information to the extent that it seeks information in violation of the Attorney-Client privilege.

Without waiving said objections, Plaintiff responds as follows:

1. Plaintiff OBJECTS to Defendant's Demand No. 1 to the extent that it is overbroad and unduly burdensome. Without waiving said objection, Plaintiff responds as follows: annexed hereto as "Response 1" are true and accurate copies of the terms and conditions of the underlying account, monthly statements from the original creditor sent to the Defendant, Plaintiff's Affidavit of Debt with Bill of Sale, Assignment, and redacted list of accounts transferred, Defendant's redacted credit bureau reports, and a redacted screen shot of Plaintiff's database pertaining to the subject account.

Plaintiff's Response to Demand for Documents and Information is a continuing discovery response and as such, Plaintiff reserves the right to amend and supplement said Response to Demand for Documents and Information up to and including the time of trial.

Dated:  August 3, 2011

_____
Danielle C. Choi, Esq.
Choi Law Office, PLLC
500 Summit Lake Dr., Suite 4A
Valhalla, New York 10595-1340
Phone: (866) 434-2993
Attorney for Plaintiff
File No.:  13950600

STATE OF NEW YORK          )
                           ) SS
COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC as assignee of Bank of America/FIA Card Services, N.A.

vs.

LAURIE G GOLDSTEIN

I, Stephanie Cappelli, being duly sworn on oath, depose and say:

1. I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

2. I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

3. That the defendant, LAURIE G GOLDSTEIN, the account holder(s), opened an account with Bank of America/FIA Card Services, N.A. on 5/1/1977, which account became delinquent and was charged off on 3/31/2010 (the "Account").

4. As of 8/10/2011, the balance due and owing by the account holder(s) on the account is $14541.8, which balance is comprised of $10860.97 of principal balance and $3680.83 + $0 + $0 of other charges. The principal balance continues to accrue interest as of the date hereof at a rate of 24.99%. The account holder(s) have been credited for all payments, set-offs or other credits due.

5. That the Account was purchased by Cavalry SPV I, LLC on 4/23/2010 and the servicing and collection rights for the account were assigned by Cavalry SPV I, LLC to Cavalry Portfolio Services, LLC.

6. In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and if called as a witness, I could testify to the matters set forth herein based on that review.

7. In connection with the purchase of the account, Bank of America/FIA Card Services, N.A. transferred copies of its electronic business records to Cavalry SPV I, LLC, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format.

8. Upon information and belief, no Defendant is an infant or incompetent or an active member of the United States Armed Forces who would be entitled to stay relief.

9. Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Legal Administrator

Choi Law Office, PLLC
13950800

Subscribed and sworn to before me on 8/10/2011

Notary Public, State of New York

LOUIS DARDIGNAC
Notary Public · State of New York
No. 01DA5057380
Qualified in Rockland County
My Commission Expires March 25, 2014



## EXHIBIT C

### BILL OF SALE AND ASSIGNMENT OF LOANS

The undersigned Assignor ("Assignor") on and as of the date hereof hereby absolutely sells, transfers, assigns, sets-over, quitclaims and conveys to Cavalry SPV I, LLC a limited liability company organized under the laws of Delaware ("Assignee") without recourse and without representations or warranties of any type, kind, character or nature, express or implied, subject to Buyer's repurchase rights as set forth in Sections 8.1 and 8.2, all of Assignor's right, title and interest in and to each of the loans identified in the loan schedule ("Loan Schedule") attached hereto (the "Loans"), together with the right to all principal, interest or other proceeds of any kind with respect to the Loans remaining due and owing as of the Cut-Off Date applicable to such Loans as set forth in the Loan Sale Agreement pursuant to which the Loans are being sold (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Loans into cash or other liquidated property).

DATED:  April 23, 2010.

ASSIGNOR: FIA CARD SERVICES, N.A.

Name: Debra L Pellicciaro
Title:  Assistant Vice President

## ASSIGNMENT

The undersigned Cavalry SPV I, LLC ("Assignor"), effective as of April 26, 2010 hereby transfers and assigns to Cavalry Portfolio Services, LLC, a limited liability company organized under the laws of the State of Delaware ("Assignee"), all of Assignor's rights to pursue collection and judicial enforcement of obligations under each of the Assignor's accounts purchased pursuant to that Purchase Agreement dated March 17, 2010 (collectively, the "Agreement"), by and between Cavalry SPV I, LLC and FIA Card Services, N.A., including engagement of attorneys and commencement of legal actions reasonably required to enforce said obligations, for the consideration of Assignor's covenants in the Servicing and Management Agreement between Assignor and Assignee dated as of June 13, 2003.

This assignment of Accounts shall be governed by the laws of the State of New York without regard to the conflict-of-laws rules thereof.

ASSIGNOR:
**Cavalry SPV I, LLC**

By: _____

Name: Donald E. Strauch
Title:   Executive Vice President

BofA_Combined Fresh 4.10

Loan Schedule

| ACCOUNT | PORTFOLIO | ORIGINAL CREDITOR | ORIGINAL ACCOUNT | BALANCE PURCHASED | PURCHASED | NAME |
|---------|-----------|-------------------|------------------|-------------------|-----------|------|
| 3960600 | 0364 | Bank of America/FIA Card Services, N.A. | 5452356001750930 | 10860.97 | 4/23/2010 | GOLDSTEIN;LAURIE G |



**STATE OF NEW YORK, COUNTY OF WESTCHESTER**

Danielle C. Choi, Esq., being duly sworn, affirms, and says under penalties of perjury: affirmant is not a party to the action, is over the age of 18 years, and maintains an office for the regular transaction of business at 500 Summit Lake Dr., Suite 4A, Valhalla, New York; affirmant served the within Response to Demand for Documents and Information upon LAURIE G GOLDSTEIN, 1304 MIDLAND AVE APT A71 , YONKERS, NY 107041433, Pro Se Defendant in this action, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an  official depository under the exclusive care and custody of the United States Postal Service within the State of New York on _____.

Dated: _____

_____
Danielle C. Choi, Esq.

# Service and Management Agreement ("SMA") dated June 13, 2003 between SPV I and CPS.

.

## SERVICING AND MANAGEMENT AGREEMENT

This Servicing and Management Agreement ("Agreement") is made and entered into effective as of June 13, 2003 (the "Effective Date") by and between CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company ("Servicer"), and CAVALRY SPV I, LLC, a Delaware limited liability company ("Owner"), as follows:

Owner purchases and acquires portfolios of consumer accounts (each such consumer account, together with the respective obligations included therein and the rights, remedies and powers related thereto, an "Account" and, collectively, the "Account Portfolios").

Servicer is experienced in servicing consumer accounts of the type included in the Account Portfolios and has the expertise and resources to manage, collect and generally service the respective obligations included in the Account Portfolios for the purpose of maximizing the value thereof. Owner desires to retain the services of Servicer to perform servicing and management of the Account Portfolios.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, it is hereby agreed by and between Owner and Servicer as follows:

1.    Definitions. The following definitions shall apply in this Agreement:

"Account" has the meaning prescribed in the Recitals to this Agreement.

"Account Debtor" means any Person who is or who may become obligated under or with respect to any Account.

"Account Portfolio" has the meaning prescribed in the Recitals to this Agreement.

"Action" has the meaning prescribed by Section 15.

"Collections" means all cash, checks, notes, instruments, money orders and other items of payment or proceeds in respect of the Account Portfolio or any portion thereof.

"Business Day" means any day on which Owner is open for business other than a Saturday, a Sunday or a federal holiday.

"Collection Fee Deductions" means, in respect of Collections, the amount thereof, if any, which, prior to receipt by Owner or Servicer, is deducted or otherwise netted therefrom by attorneys or agents in respect of (and pursuant to fee arrangements entered into with Owner or Servicer in the ordinary course of business in consideration of) services rendered by such attorneys or agents to Owner or Servicer in enforcing or otherwise obtaining payment of such Collections.

"Court Costs" means the actual aggregate disbursements in payment of repossession costs, foreclosure costs and direct court costs incurred by Servicer in respect of filing fees, service or other

process fees, garnishment fees and other direct court costs in connection with judicial enforcement of payment of the Account Portfolio, or any portion thereof.

"Effective Date" has the meaning prescribed in the opening paragraph of this Agreement.

"Governing Documents" means, with respect to any Person, the certificate or articles of incorporation or formation, by-laws, limited liability company agreement or other organizational documents of such Person.

"Governmental Authority" means any federal, state, local, or other governmental or administrative body, instrumentality, department, or agency or any court, tribunal, administrative hearing body, arbitration panel, commission, or other similar dispute-resolving panel or body.

"Owner" has the meaning prescribed in the opening paragraph of this Agreement.

"Person" means natural persons, corporations, limited liability companies, limited partnerships, general partnerships, limited liability partnerships, joint ventures, trusts, land trusts, business trusts, or other organizations, irrespective of whether they are legal entities, and governments and agencies and political subdivisions thereof.

"Prevailing Party" has the meaning prescribed in Section 15.

"Professional Costs" means amounts payable by Servicer to attorneys for both reasonable attorney's fees, and reasonable out of pocket costs reimbursable to attorneys, incurred by Servicer in connection with the enforcement of the Account Portfolios, or any portion thereof.

"Service Fee" has the meaning prescribed by Section 4.

"Servicer" has the meaning prescribed in the opening paragraph of this Agreement.

"Termination Date" means the effective date of any termination of this Agreement pursuant to Section 10.

2.      Servicer Servicing Duties.  Subject to the terms of this Agreement, Servicer agrees to provide servicing and management of the Account Portfolio at all times on and after the Effective Date and continuing through the Termination Date. Such services include, without limitation, (a) receiving, processing and accounting for all Collections in respect of the Account Portfolio, (b) monitoring and pursuing payment of obligations included in the Account Portfolio, (c) subject to Section 7, judicial enforcement of obligations included in the Account Portfolio, including engagement of attorneys for such purpose, and (d) taking all lawful actions and procedures as reasonably required to maximize the value of the Account Portfolio and collect on the obligations included therein.

3.     Servicer's Reporting Duties.  Servicer will provide such reports and information with respect to the Account Portfolio as may be requested by Owner.

4.     Service Fee.  In consideration of Servicer's services under this Agreement, Owner shall pay to Servicer, on or before the second Business Day of each calendar week or at such other times as the parties hereto may agree, a service fee ("Service Fee") in an amount, determined for the preceding calendar week (or other such time period as the parties hereto may agree), equal to the sum

REDACTED                 REDACTED                    REDACTED
          REDACTED                   REDACTED

REDACTED              REDACTED   In addition, Owner shall reimburse Servicer for any Professional Fees relating to any answer or counterclaim brought by Servicer on any Account that was not caused by Servicer's acts or omissions or breach of this Agreement.

5.     Servicer's Performance; Standard of Care and Diligence.

(a)     Servicer will perform its obligations under this Agreement in full compliance with all applicable laws, rules, regulations and orders of any Governmental Authority, including, without limitation, the Fair Labor Standards Act, the Americans with Disabilities Act, and all state and federal laws, rules, regulations and orders governing debt collection and credit reporting practices, including without limitation, the Gramm-Leach Bliley Act, the Consumer Credit Protection Act, the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

(b)     At all times Servicer shall perform its duties under this Agreement with respect to the Account Portfolio in accordance with prudent industry standards for the servicing and management of similar property and use the same degree of care and diligence in service, collection and reporting that Servicer would use in servicing and managing a similar portfolio for its own account.  Servicer will use commercially reasonable efforts to maximize collections in respect of the Account Portfolio.  Servicer will not engage or use any subservicer or agent in connection with its obligations under this Agreement except as provided by Section 7 of this Agreement.

6.     Compromise Authority.  Unless and until otherwise instructed by Owner, Servicer shall have authority in its sole discretion, subject to Section 5(b), to compromise and settle obligations included in the Account Portfolio, provided, that Servicer has concluded that such compromise and settlement is necessary for maximizing the value of the Account Portfolio.

7.     Litigation; Court Costs; Professional Costs.  Servicer will not institute legal proceedings against Account Debtors unless Servicer has determined that to do so is reasonably expected to enhance the likelihood of maximizing the amount recoverable in respect of the Account Portfolio.  Servicer will monitor and control the incurrence of Professional Costs to maximize recovery.  Servicer will prosecute such legal proceedings subject to the direction of Owner.  Servicer shall be solely responsible for payment of all Court Costs and attorneys fees, in each case incurred by Servicer in connection with judicial enforcement of the obligations in the Account Portfolio.

8.     Servicer Representations and Warranties.  Servicer represents and warrants to Owner as follows:

(a)     Servicer is, and will continue to be, a duly organized and validly existing limited liability company in good standing under the laws of the State of Delaware, having all requisite power and authority to own and operate its property and assets and to conduct it business.

(b)     Servicer is duly qualified, in good standing and, where required, licensed, in each state where the nature of its business or the character of its properties makes such qualification or licensing necessary except for jurisdictions where, individually or in the aggregate, failure to so qualify would not have a material adverse effect on its business, properties or condition, financial or otherwise, or preclude Servicer from availing itself of legal process to enforce obligations included in the Account Portfolio.

(c)     Servicer has all requisite power and authority to execute, deliver and carry out the provisions of this Agreement, and has duly and properly taken all necessary action to permit and authorize the execution, delivery and performance of this Agreement.  This Agreement constitutes the legal, valid and binding obligation of Servicer, enforceable in accordance with its terms.  Neither the execution nor delivery by Servicer of this Agreement nor the consummation by Servicer of the transactions contemplated hereby, nor compliance by Servicer with any of the provisions hereof, will (a) conflict with or result in a breach of any provision of the Governing Documents of Servicer,  (b) result in the breach of, or conflict with, any of the terms and conditions of, or constitute a default (or an event which, with or without the giving of notice or the lapse of time or both would constitute a default) under, any agreement or instrument to which Servicer is a party or by which it is bound or (c) violate any law, rule, regulation order, writ, injunction or decree of any Governmental Authority.

(d)     No consent, approval, license, exemption of or filing or registration with, giving of notice to, or other authorization of or by, any Governmental Authority is or will be required in connection with the execution, delivery or performance by Servicer of this Agreement or for consummation of the transactions contemplated hereby, other than consent approvals, licenses, exemptions, filings and registrations that Servicer already has obtained and that are in full force and effect.

(e)     There are no material actions, suits, proceedings or investigations pending or threatened against or affecting Servicer or its property.  There is no order, writ, injunction, decree or award affecting Servicer before any Governmental Authority which, in any case or in the aggregate, could have a materially adverse effect on the business, assets, properties, prospects or financial condition of Servicer or its ability to perform under this Agreement, and Servicer knows of no basis for any such suit, proceeding or investigation.

(f)     Servicer is in material compliance with all laws, rules, regulations, orders and decrees of Governmental Authorities that are applicable to Servicer or any of its properties or assets.

SERVICING AND MANAGEMENT AGREEMENT – Page 4

All representations and warranties under this Section 8 shall constitute continuing representations and warranties and will survive the execution and delivery of this Agreement.

9.   Servicer's Additional Covenants.  In addition to the other covenants and agreements made by Servicer under this Agreement, Servicer covenants and agrees that during the term of this Agreement it will timely perform and do each of the following:

(a)   Assist Owner in perfecting and maintaining Owner's interest in the Account Portfolio.

(b)   Maintain complete and accurate files with respect to each obligation included in the Account Portfolio, including all agreements, instruments and documentation in respect thereof, with complete and accurate notations of all collection activities.

(c)   Provide such information and documentation in respect of the Account Portfolio, and Servicer's activities in performance of its duties under this Agreement, in reasonable detail, as Owner may request.

(d)   Maintain adequate qualified personnel and appropriate equipment, facilities and support services necessary to perform its duties under this Agreement.

(e)   Permit Owner to visit Servicer's premises and inspect and copy all records relating to the Purchased Portfolio and to discuss Servicer's affairs, finances and accounts all at such reasonable times and as often as Owner may reasonably request.

(f)   Perform all things necessary to preserve and keep in full force and effect its existence, qualification and licensing as to where required and will comply with all laws applicable to Servicer.

(g)   Pay when due all taxes, assessments and other governmental charges, except those being contested in good faith and for which adequate reserves have been established.

(h)   Furnish such additional information regarding its operations, business affairs and financial condition as Owner may request.

(i)   Take reasonable steps to maintain appropriate safeguards for Owner's "customer information," as such term is defined in the Gramm-Leach-Bliley Act, 15 U.S.C. §6801 et seq., and the regulations thereunder.

(j)   Take reasonable steps to select and retain service providers that are capable of maintaining appropriate safeguards for any "customer information," as such term is defined in the Gramm-Leach-Bliley Act, 15 U.S.C. §6801 et seq., and the regulations thereunder.

(k)   Do all the things necessary to preserve and keep in full force and effect its existence and all licenses, permits and qualifications necessary to perform its obligations under this Agreement.

SERVICING AND MANAGEMENT AGREEMENT – Page 5

(l)     Maintain the following insurance policies in the following amounts: (i) errors and omissions ($1,000,000); (ii) general liability ($1,000,000); (iii) employee dishonesty ($500,000); and (iv) employee practices ($1,000,000).

10.     Termination. Owner or Servicer may terminate this Agreement upon thirty (30) days prior written notice to the other.

11.     **INDEMNIFICATION OF OWNER. SERVICER HEREBY INDEMNIFIES, AND AGREES TO DEFEND AND HOLD OWNER HARMLESS FOR, FROM, AGAINST AND IN RESPECT OF, AND SHALL ON DEMAND REIMBURSE OWNER FOR, ANY AND ALL LOSS, LIABILITY OR DAMAGE TO OWNER RELATING TO (A) THE FAILURE OF SERVICER TO PERFORM ANY COVENANT OR AGREEMENT MADE HEREUNDER, (B) THE BREACH OF ANY WARRANTY OR REPRESENTATION MADE BY SERVICER HEREUNDER, (C) ANY LIABILITIES OR OBLIGATIONS (INCLUDING, WITHOUT LIMITATION, ACTUAL OR CONSEQUENTIAL DAMAGES) ARISING DIRECTLY OR INDIRECTLY FROM ANY VIOLATION OR CLAIMED VIOLATION BY SERVICER (OR OTHERS PERFORMING SERVICES ON SERVICER'S BEHALF) OF ANY FEDERAL, STATE OR LOCAL LAW GOVERNING DEBT COLLECTION AND CREDIT REPORTING PRACTICES, INCLUDING WITHOUT LIMITATION, THE GRAMM-LEACH BLILEY ACT, THE CONSUMER CREDIT PROTECTION ACT, THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT AND (D) ANY AND ALL ACTIONS, SUITS, PROCEEDINGS, CLAIMS, DEMANDS, ASSESSMENTS, JUDGEMENTS, COSTS AND EXPENSES, INCLUDING, WITHOUT LIMITATION, REASONABLE COURT COSTS, ATTORNEY' FEES AND OTHER EXPENSES INCIDENT TO ANY OF THE FOREGOING. THE PROVISIONS OF THIS SECTION 11 SHALL SURVIVE ANY TERMINATION OF THIS AGREEMENT.**

12.     Notices. All notices or demands under this Agreement shall be in writing and shall be personally delivered or sent by registered or certified mail (postage prepaid, return receipt requested), overnight courier, electronic mail (at such email address as Owner, Servicer or Agent, as applicable, may designate to each other in accordance herewith), or telefacsimile to Owner, Servicer or Agent, as the case may be, at its address set forth below (in the case of any electronic mail or telefacsimile notification, the sending party agrees to promptly send a copy thereof to the other party by registered or certified mail as provided above):

Servicer:     Cavalry Portfolio Services, LLC
              7 Skyline Drive
              Hawthorne, New York 10532
              Attention:  Chief Financial Officer
              Fax Number: (914) 347-7552

Owner:        Cavalry SPV I, LLC
              7 Skyline Drive
              Hawthorne, New York 10532
              Attention:  Chief Financial Officer

Fax Number: (914) 347-7552

Owner or Servicer may change the address at which they are to receive notices hereunder, by notice in writing in the foregoing manner given to the other party. All notices or demands sent in accordance with this Section 12 shall be deemed received on the earlier of the date of actual receipt or three (3) Business Days after the deposit thereof in the mail.

13.   Governing Law; Venue; Consent to Jurisdiction.

(A)   THE VALIDITY OF THIS AGREEMENT, THE CONSTRUCTION, INTERPRETATION, AND ENFORCEMENT HEREOF AND THE RIGHTS OF THE PARTIES HERETO WITH RESPECT TO ALL MATTERS ARISING HEREUNDER OR RELATED HERETO SHALL BE DETERMINED UNDER, GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK.

(B)   THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS AGREEMENT SHALL BE TRIED AND LITIGATED ONLY IN THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK. SERVICER AND OWNER WAIVE, TO THE EXTENT PERMITTED UNDER APPLICABLE LAW, ANY RIGHT EACH MAY HAVE TO ASSERT THE DOCTRINE OF FORUM NON CONVENIENS OR TO OBJECT TO VENUE TO THE EXTENT ANY PROCEEDING IS BROUGHT IN ACCORDANCE WITH THIS SECTION.

(C)   SERVICER AND OWNER HEREBY WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF ANY OF THIS AGREEMENT OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREIN, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW OR STATUTORY CLAIMS.   SERVICER AND OWNER REPRESENT THAT EACH HAS REVIEWED THIS WAIVER AND EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. IN THE EVENT OF LITIGATION, A COPY OF THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

14.   Captions. The captions of the various Sections of this Agreement have been inserted only for convenience of reference, and shall not be deemed to modify, explain, enlarge, or restrict any provision of this Agreement or affect the construction hereof.

15.  Attorney's Fees.  In the event any dispute between the parties concerning this Agreement should result in litigation for any relief against the other, declaratory or otherwise, to enforce the terms hereof or to declare rights hereunder (collectively, "Action"), the losing party shall pay to the prevailing party a reasonable sum for attorneys' fees and costs incurred in bringing and prosecuting such Action and/or enforcing any judgment, order, ruling or award granted therein. "Prevailing Party" within the meaning of this Section includes, without limitation, a party who agrees to dismiss an Action on the other party's payment of the sums allegedly due or performance of the covenants allegedly breached, or who obtains substantially the relief sought by it.

16.  Counterparts.  This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement. Delivery of a facsimile signature page shall be deemed to be delivery of a manually executed original signature page.

17.  Remedies Cumulative.  Except as otherwise expressly limited herein, the rights, remedies, powers and privileges given to any party by this Agreement shall be in addition to all rights, remedies, powers and privileges given to that party by any statute or rule of law.  Any forbearance or failure or delay in exercising any right, remedy, power or privilege hereunder shall not be deemed to be a waiver of such right, remedy, power or privilege and any single or partial exercise of any right, remedy, power or privilege shall not preclude the further exercise thereof or be deemed to be a waiver of any other right, remedy, power or privilege.

18.  Severability.  If any provision hereof shall be held invalid or unenforceable by any court of competent jurisdiction or as a result of future legislative action, such holding or action shall be strictly construed and shall not affect the validity or effect of any other provision hereof.

19.  Binding Agreement.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their successors and assigns.

20.  Amendment.  This Agreement may not be amended or modified except in writing signed by Owner and Servicer.

21.  Entire Agreement; Amendment.  This Agreement (including any exhibits and schedules hereto) contains the entire agreement between the parties with respect to the transactions contemplated hereby, and supersedes all written or oral communications and understandings prior to the date hereof. This Agreement may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

SERVICING AND MANAGEMENT AGREEMENT – Page 8

THIS AGREEMENT is signed effective as of the Effective Date.

SERVICER:

CAVALRY PORTFOLIO SERVICES, LLC

By: _____

Michael S. Godner,
Chief Financial Officer
and Treasurer

OWNER:

CAVALRY SPV I, LLC

By: _____

Michael S. Godner,
Chief Financial Officer
and Treasurer

CPS 055