UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JANICE KEARNEY, SAMANTHA RODRIGUEZ,
GWENDOLYN BIRD, LAURIE GOLDSTEIN, on
behalf of themselves and all others similarly situated

Case No.:
12-cv-00860 (DLI)(RML)

       Plaintiffs,

   -against-

CAVALRY PORTFOLIO SERVICE, LLC, CAVALRY
SPV I LLC, THOMAS LAW OFFICES PLLC, CHOI
LAW OFFICE PLLC, DANIELLE C. CHOI,
SCHACHTER PORTNOY, LLC, CRAIG FAYE and
JOHN DOES #1-10,

       Defendants.

-----------------------------------------------------------------X


## DEFENDANTS SCHACHTER PORTNOY, LLC AND CRAIG FAYES' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FRCP12(b)(6)


Of Counsel:

Janice J. DiGennaro, Esq.
Douglas Tischler, Esq.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

    POINT I
        TITLE TO THE UNDERLYING DEBT DOES NOT HAVE TO
        BE TRANSFERRED IN ORDER FOR THERE TO BE A VALID
        ASSIGNMENT AND STANDING TO SUE UNDER NEW YORK LAW ................ 1

    POINT II
        EVEN ASSUMING *ARGUENDO* CAVALRY PORTFOLIO HAD NO
        STANDING TO SUE THE DEFENDANTS STILL DID NOT VIOLATE
        THE FDCPA ............................................................................................................. 3

    POINT III
        PLAINTIFFS' OPPOSITION STILL DOES NOT ALLEGE ANY
        CONDUCT BY SCHACHTER THAT WOULD CONSTITUTE A
        VIOLATION OF THE FDCPA ............................................................................... 5

    POINT IV
        THE FDCPA CLAIMS ARE TIME-BARRED AS THE TOLLING
        DOCTRINES REFERRED TO IN THE OPPOSITION ARE NOT
        APPLICABLE TO THE CLAIMS AGAINST SCHACHTER ................................ 7

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Advanced Magnetics, Inc. v. Bayfrount Partners, Inc.,
  106 F.3d 11 (2d Cir. 1997) .................................................................................................. 1, 2

Cavallaro v. The Law Office of Shapiro & Kreisman,
  933 F. Supp. 1148 (E.D.N.Y. 1996) ........................................................................................ 6

Deaville v. Capital One Bank,
  425 F. Supp.2d 744 (W.D. La. 2006) .................................................................................... 10

Hahn v. Triumph Partnerships LLC,
  557 F.3d 755 (7th Cir. 2009) .................................................................................................... 4

Hasbrouck v. Arrow Fin. Servs. LLC,
  2011 WL 1899250 (N.D.N.Y. May 19, 2011) ........................................................................ 4

Klein v. Solomon & Solomon, P.C.,
  2011 WL 5354250 (D. Conn. Oct. 28, 2011) ....................................................................... 3, 4

Lane v. Fein, Such and Crane, LLP,
  767 F. Supp.2d 382 (E.D.N.Y. 2011) ...................................................................................... 4

O'Rourke v. Palisades Acquisition XVI, LLC,
  635 F.3d 938 (7th Cir. 2011) .................................................................................................... 4

Parker v. Pressler & Pressler, LLP,
  650 F. Supp.2d 326 (D.N.J. 2009) ....................................................................................... 8, 9

Ruth v. Unifund CCR Partners,
  604 F.3d 908 (6th Cir. 2010) .................................................................................................... 9

Spencer v. Standard Chemicals and Metals Corporation,
  237 N.Y. 479, 143 N.E.651 (1924) ......................................................................................... 2

Suquilanda v. Cohen & Slamowitz LLP,
  2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) ........................................................................... 6

Sykes v. Mel Harris and Associates,
  757 F. Supp.2d 413 (S.D.N.Y. 2010) ...................................................................................... 8

Wallace v. Washington Mutual Bank, F.A.,
  683 F.3d 323 (6th Cir. 2012) .................................................................................................... 6

**STATUTES**

Fair Debt Collection Practies Act ................................................................................. Passim

General Obligations Law § 13-101 ......................................................................................... 2

**OTHER AUTHORITIES**

F.R.C.P. Rule 12(b)(6) ................................................................................................... 1, 10

## PRELIMINARY STATEMENT

The instant memorandum of law is submitted on behalf of the defendants Schachter Portnoy LLC and Craig Fayes' (hereinafter collectively referred to as "Schachter") in reply and in further support of their motion to dismiss the first amended complaint (hereinafter "FAC") as against these defendants pursuant to FRCP 12(b)(6).

## POINT I

### TITLE TO THE UNDERLYING DEBT DOES NOT HAVE TO BE TRANSFERRED IN ORDER FOR THERE TO BE A VALID ASSIGNMENT AND STANDING TO SUE UNDER NEW YORK LAW

In Schacter's moving papers it was explained that Cavalry Portfolio did, in fact, have standing to sue in the underlying collection actions as the subject assignments assigned "the accounts" and "all rights" to collect and enforce the underlying debts. See Schachter's Moving Brief at p. 22-25. Under New York law, these assignments were more than just a power of attorney and were instead a complete transfer of the interest assigned making Cavalry Portfolio the real party in interest thereby giving it standing to sue. Id.

Plaintiffs' opposition repeats the allegations of the complaint virtually verbatim and continues to misstate applicable New York law concerning assignments without addressing the arguments raised in Schachter's moving papers. Inexplicably the plaintiffs continue to assert the erroneous proposition that an assignee must have title to the underlying debt in order to have standing to bring suit in its own name when some of the very cases they cite state otherwise. See Ptfs. Brief at p. 5.

In Advanced Magnetics, Inc. v. Bayfrount Partners, Inc., 106 F.3d 11 (2d Cir. 1997), relied upon by the plaintiffs, the Court made it clear that claims/choses in action are capable of being assigned:

1

> "In general, claims or choses in action may be freely transferred or assigned to others  In order to make a valid assignment, the owner must manifest an intention to make the assignee the owner of [the] claim. The validity of an assignment that meets this condition is not affected by the parties additional agreement that the transferee will be obligated to account for the proceeds of a suit brought on a claim." (emphasis added) (citations omitted)

Id. at p. 17. The Court never stated that in order to have a valid assignment and standing to sue the underlying debt had to be assigned along with all rights to collect on the debt.

Similarly, in Spencer v. Standard Chemicals and Metals Corporation, 237 N.Y. 479, 143 N.E.651 (1924), also relied upon by the plaintiffs, the Court never holds that transfer of the underlying debt must be part of the assignment in order for there to be a valid assignment. The only requirement the Court imposed was that the plaintiff "must have some title, legal or equitable, to the thing assigned." Id. at pp. 480-481 (emphasis added). In the case at bar, Cavalry Portfolio was assigned the accounts and given all rights to pursue collection and enforcement of the debt.

There is even a statute in New York which authorizes assignment of claims or demands and which does not indicate in any manner that the underlying debt also has to be assigned in order to be valid. Under General Obligations Law § 13-101 "[a]ny claim or demand" can be transferred subject to a few statutory exceptions not applicable here.

In sum, plaintiffs misstate New York law when they state that Cavalry Portfolio did not have standing to sue because they did not own the underlying debt. Under New York law a party can have standing to sue without ownership of the actual debt. Accordingly, the plaintiffs have no basis to claim Schachter violated the FDCPA, GBL § 349 or Judiciary Law § 487 based upon their claim that it was improper to pursue collection litigation in Cavalry's name.

## POINT II

### EVEN ASSUMING *ARGUENDO* CAVALRY PORTFOLIO HAD NO STANDING TO SUE THE DEFENDANTS STILL DID NOT VIOLATE THE FDCPA

The plaintiffs assert that commencing and litigating a lawsuit in the name of a party who purportedly has no standing to sue is a violation of the FDCPA. Plaintiffs have failed to cite a single FDCPA case coming to such a draconian holding. Instead, the plaintiffs analogizes the current case to cases holding that it is a violation of the FDCPA when one commences an action on a time-barred debt. Such an analogy is inappropriate and misguided.

The present circumstances is fundamentally different from the circumstances in which a collection suit is brought despite expiration of the statute of limitations. Once a debt becomes time-barred, it extinguishes everyone's ability to sue and collect on the debt. In such circumstances, the filing or pursuit of a time-barred debt might deceive the least sophisticated consumer into paying the debt that has been effectively extinguished by operation of law.

With respect to commencing an action in the name of a party who allegedly has no standing, this is a technical defect that does not extinguish the underlying debt. In the event the state court found that Cavalry Portfolio had no standing to sue it would not extinguish the underlying debt. Either the assignment could be amended to eliminate any purported deficiencies in the original assignment and enable Cavalry Portfolio to sue in its own name or Cavalry SPV could be named the party plaintiff. Additionally, such a technical defect, even if true, was not materially deceptive because it was irrelevant to the debtor's liability for the debt or its decision to pay or challenge it. See Klein v. Solomon & Solomon, P.C., 2011 WL 5354250 (D. Conn. Oct. 28, 2011). In Klein the plaintiff alleged that the lender violated the FDCPA in connection with the collection of a debt in part because the wrong entity commenced the action. The Court held there was no FDCPA violation as the allegations of the complaint did not contain

3

any allegations of false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt.

Plaintiffs assert that Klein is not relevant because the decision was based on Connecticut state law and under Connecticut state law a mortgage servicer can sue in its own name. See Ptfs. Brief at p.12. This is simply incorrect as the Klein Court did not rely upon nor mention Connecticut state law throughout its opinion and instead relied upon FDCPA principles and case law holding that for a section 1692e violation the statement must be more than literally false, the statement must also be material. Id. <u>Statements are material false and misleading only if they influence a consumer's decision or ability to pay or challenge a debt.</u> Id. The Court held that bringing a collection action in the name of the wrong entity is not such a material false statement and therefore not a violation of the FDCPA. Ironically, the Klein Court based its holding not on Connecticut state law but rather on two New York cases, Hasbrouck v. Arrow Fin. Servs. LLC, 2011 WL 1899250 (N.D.N.Y. May 19, 2011) and Lane v. Fein, Such and Crane, LLP, 767 F. Supp.2d 382 (E.D.N.Y. 2011) that had similar holdings. Id.; See also Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938 (7th Cir. 2011) ("Naturally we have used that understanding of the Act to interpret § 1692e , holding that to be actionable a misleading statement must have the ability to influence a *consumer's* decision.").

Based on the foregoing, naming Cavalry Portfolio as the party plaintiff was not a materially deceptive representation or statement that impeded plaintiffs' ability to pay or challenge the debt that was incurred. Accordingly, the plaintiffs have not stated a claim for violation of the FDCPA as against Schachter.

4

## POINT III

## PLAINTIFFS' OPPOSITION STILL DOES NOT ALLEGE ANY CONDUCT BY SCHACHTER THAT WOULD CONSTITUTE A VIOLATION OF THE FDCPA

Plaintiffs' single brief in opposition inappropriately lumps all of the defendants together and fails to recognize that Schachter is differently situated than the co-defendants. Virtually the entire brief in opposition to the motions to dismiss is devoted to arguing that due to alleged misrepresentations in the collection complaints and as a result of alleged improper service of process in two instances "the defendants" violated the FDCPA. Schachters' moving brief made it clear that they had nothing to do with the drafting or filing of the subject summons and complaints in the collection actions against the plaintiffs nor did they have anything to do with service of process. Plaintiffs do not refute this very important fact and provides absolutely no legal basis whatsoever to hold Schachter liable for events/conduct allegedly done at a point in time when Schachter was not involved in the litigation.

Plaintiffs' opposition still pleads no facts whatsoever indicating that Schachter was in any way involved in the Rodriguez collection matter. Rodriguez in fact does not refer to Schachter at all and for this reason Rodriguez' claims as against Schachter must be dismissed.

Similarly, plaintiffs' opposition like the FAC does not indicate that Schachter took any action whatsoever in the collection action against Bird. The sole allegation made relative to Schachter is that it substituted in as counsel in already pending litigation. Since no wrongful conduct is alleged by Bird against Schachter her claims must be dismissed as well.

With respect to Goldstein, the opposition complains about two letters Schachter sent to Goldstein informing her that her two accounts have been transferred to them from attorney Choi. Goldstein originally alleged that the letters violated the FDCPA because they seek different amounts owed. See FAC at ¶91. The moving papers noted that this was a frivolous allegation as

Schachter's letters clearly did not pertain to the same debt but rather two different debts. See Schachter's Brief at p. 8, fn 3. Recognizing the frivolity of their claim, plaintiffs now change their legal theory and allege in their opposition that the letters violate the FDCPA because the name of the creditor is not listed as required under 15 U.S.C. § 1692g.

However, Cavalry SPV is listed in the letter in the "re" section of the letter and therefore the name of the creditor does appear on the letter. The letter goes over and beyond the statutory requirements and also provided Goldstein with the name of the original creditor and the last assignee's name, Cavalry Portfolio. Providing information more than what was required by section 1692g of the statute is not a violation of the FDCPA. See, e.g., Cavallaro v. The Law Office of Shapiro & Kreisman, 933 F. Supp. 1148 (E.D.N.Y. 1996). The purpose of this section is to give the debtor sufficient information about the debt so they have the ability to verify or dispute the debt. Goldstein was provided more than the required information to accomplish this task. It should also be noted that this letter was sent after collection efforts already began by predecessor counsel and after the collection lawsuit was already commenced.

Plaintiffs' reliance on Wallace v. Washington Mutual Bank, F.A., 683 F.3d 323 (6th Cir. 2012), is misplaced inasmuch in that action a foreclosure action was commenced naming the assignee as plaintiff even though the transfer documents had not yet been executed. In the case at bar, there is no dispute that the assignment documents were executed prior to the subject collection letter to Goldstein was sent out by Schachter.

The case of Suquilanda v. Cohen & Slamowitz LLP, 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011), also relied upon by the plaintiffs, is similarly distinguishable to the case at bar as the collection letter in that case misidentified the name of the creditor and the entity named was not even registered in the state to do business. The collection letter sent to Goldstein does not

6

misidentify the name of the creditor and instead accurately lists all the assignments that had occurred.

Lastly, as previously mentioned in the moving papers, the consensual settlement negotiated by Schachter on behalf of Cavalry with Kearney's counsel was also not a violation of the FDCPA. See Schachter's Moving Brief at p. 11. Plaintiffs' opposition does not dispute that Kearney had her own counsel for the settlement, that the terms of the settlement do not misrepresent in any fashion the nature of the interest that was assigned and does not dispute that the settlement was for a nominal amount of one dollar. Instead plaintiffs claim in conclusory fashion that Kearney was "strong-armed" into the nominal settlement because if she lost the collection case she would be liable for the full amount. See Ptfs. Brief at p. 25. Kearney is describing the normal risks of litigation in determining whether to settle or not that every litigant faces, not a FDCPA violation. Since Schachter did not use false, deceptive or misleading representations or means in connection with this settlement nor did they use harassing oppressive or unconscionable conduct when negotiating a settlement with Kearney's independent counsel, there can be no FDCPA violation.

## POINT IV

### THE FDCPA CLAIMS ARE TIME-BARRED AS THE TOLLING DOCTRINES REFERRED TO IN THE OPPOSITION ARE NOT APPLICABLE TO THE CLAIMS AGAINST SCHACHTER

Schachter noted in its moving papers that four out of the five FDCPA claims were time-barred as this action was commenced more than one year after the alleged improper collection lawsuits were filed. Plaintiffs now erroneously claim that these claims are timely as the running of the one year statute of limitations was tolled.

The plaintiffs' assert that the statute of limitations should be equitably tolled in Rodriguez and Goldstein # 1 because they were "victims of sewer service". With respect to

7

Rodriguez, this argument is nothing more than a distraction insofar as neither the FAC nor plaintiffs' opposition plead that Schachter had <u>any</u> involvement whatsoever in connection with the underlying collection action against Rodriguez. Therefore there is no conceivable FDCPA claim as against Schachter to toll in the first instance.

Insofar as Goldstein is concerned, the Court never held in the Goldstein collection matter that Goldstein was not properly served. Additionally, service of process on Goldstein was not effectuated by SamServe, the process server allegedly involved in the wrongdoing in <u>Sykes v. Mel Harris and Associates</u>, 757 F. Supp.2d 413 (S.D.N.Y. 2010). <u>See</u> Exhibit at p. 123. Therefore there is no factual predicate to toll the running of the one year statute of limitations.

Moreover, equitable tolling of the statute of limitations is an extraordinary remedy that permits a court to sparingly toll the statute of limitations when the plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances. <u>See Sykes v. Mel Harris and Associates</u>, <u>supra</u>; <u>Parker v. Pressler & Pressler, LLP</u>, 650 F. Supp.2d 326 (D.N.J. 2009). The doctrine applies only where: (1) the defendant has actively misled/concealed from the plaintiff the existence of his cause of action; (2) the plaintiff remained in ignorance of that cause of action until some length of time within the statutory period before the commencement of the action; and (3) plaintiff's continuing ignorance was not attributable to lack of diligence on his part. <u>Id</u>.

The equitable tolling doctrine has no applicability to the claims against Schachter inasmuch as Schachter had nothing to do with hiring the process server and had nothing to do with service of process. Plaintiffs' opposition does not refute the foregoing, and, in fact, acknowledges that Schachter was not involved in service of process or drafting of the collection complaints against the plaintiffs. <u>See</u>, <u>e.g.</u>, Ptfs. Brief at ¶ 51. Since Schachter was not involved in the so-called sewer service and accordingly did not actively mislead Rodriguez or Goldstein in

8

this regard, there is no basis to toll the running of the statute of limitations for the FDCPA claims that were asserted against Schachter. See Parker v. Pressler & Pressler, LLP, supra (holding the FDCPA statute of limitations should not be tolled as plaintiff did not state what it was that defendant did to mislead or otherwise prevent her from timely filing her complaint).

The plaintiffs also claim that the statute of limitations should be tolled even in the absence of sewer service because of purported affirmative misrepresentations in the collection complaints concealed the FDCPA violation. See Ptfs. Brief at p. 19. As duly noted in Schacter's moving papers, which plaintiffs do not refute in their opposition, Schachter did not draft or file the collection complaints against the plaintiffs. Accordingly, there is no basis to toll the running of the statute of limitations for the FDCPA claims against Schachter as the alleged affirmative misrepresentations in the collection complaints were not done by Schachter and therefore Schachter was not the one that is alleged to have actively misled or concealed the pertinent facts to warrant the tolling of the statute of limitations.

Moreover, even assuming, *arguendo*, an equitable toll applied it would only apply until such point the plaintiffs began challenging the assignments in question. For example, plaintiff Bird asserted as an affirmative defense in her underlying October 17, 2010 answer that Cavalry Portfolio lacked standing. See Exhibit at p. 68. Similarly, plaintiff Kearney challenged the sufficiency of the assignment documents in her February 16, 2011 affidavit in opposition to Cavalry Portfolio's motion for summary judgment which had attached the subject assignment documents. See FAC at ¶ 61. At this point in time there was nothing preventing the plaintiffs from filing an FDCPA claim and therefore there would be no basis for applying an equitable toll thereafter. See, e.g., Ruth v. Unifund CCR Partners, 604 F.3d 908 (6th Cir. 2010) (holding in FDCPA case no tolling of statute of limitations applied as plaintiff previously uncovered the defense that plaintiff lacked capacity to sue as she raised such a theory as an affirmative

9

defense); <u>Deaville v. Capital One Bank</u>, 425 F. Supp.2d 744 (W.D. La. 2006) (holding FDCPA claim time barred as commenced more than one year after plaintiff learned of wrongful acts). Since Bird's answer and Kearney's affidavit were filed more than one year prior to the commencement of this action on February 22, 2012 their FDCPA claims would be untimely even if such an equitable toll should be applied.

Based on the foregoing, the FDCPA claim should be dismissed as untimely.

## CONCLUSION

For the foregoing reasons it is respectfully requested that the defendants Schachter Portnoy, LLC and Craig Fayes' motion be granted in its entirety and the first amended complaint be dismissed as against these defendants pursuant to F.R.C.P. § 12(b)(6), together with such other and further relief as the Court deems just, proper and equitable.

Dated: Uniondale, New York
       September 24, 2012

                              RIVKIN RADLER LLP
                              Attorneys for Defendants, SCHACHTER
                              PORTNOY, LLC and CRAIG FAYE

By    _____
        DOUGLAS TISCHLER, ESQ. (DGT-5866)
        926 RXR Plaza
        Uniondale, New York 11556-0926
        (516) 357-3074
        RR File No.: 011590-00399

2658943 v1