```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
JANICE KEARNEY, SAMANTHA RODRIGUEZ,          :
GWENDOLYN BIRD, and LAURIE GOLDSTEIN on      :
behalf of themselves and all others similarly situated,  :
                                              :   **MEMORANDUM AND ORDER**
              Plaintiffs,                    :    12-CV-00860 (DLI) (RML)
                                              :
         -against-                            :
                                              :
CAVALRY PORTFOLIO SERVICES, LLC,             :
CAVALRY SPV I LLC, CHOI LAW OFFICE PLLC,     :
DANIELLE C. CHOI, SCHACHTER PORTNOY, LLC,    :
CRAIG FAYE AND JOHN DOES # 1-10,             :
                                              :
              Defendants.                     :
---------------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs Samantha Rodriguez, Janice Kearney, Gwendolyn Bird, and Laurie Goldstein ("Plaintiffs") seek reconsideration of this Court's July 31, 2014 Memorandum and Order ("July 31 Order") granting the motions to dismiss Plaintiffs' amended complaint. Defendants Cavalry Portfolio Services, LLC ("CPS"), Cavalry SPV I, LLC ("SPV I"), Choi Law Office PLLC, Danielle C. Choi (together with Choi Law Office PLLC, "Choi Defendants"), Schachter Portnoy, LLC, Craig Faye (together with Schachter Portnoy LLC, "Schachter Defendants"), oppose the motion for reconsideration, contending that Plaintiffs' challenge to the July 31 Order does not put forward any new arguments, and, therefore, lacks merit. For the reasons set forth below, Plaintiffs' motion for reconsideration is denied.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case, which are detailed in the July 31 Order. The Court sets forth here only those facts most germane to this opinion.

Plaintiffs are individuals who were defendants in collection lawsuits initiated to recover amounts due on debts that were not timely paid. (Plaintiffs' First Amended Complaint and Jury Demand ("Am. Compl."), Docket Entry No. 45, ¶ 24.) SPV I purchased title to Plaintiffs' outstanding debts from various creditors, and assigned servicer CPS "rights to seek to collect the debt, but . . . not . . . title or ownership to the debt, which remains with SPV I." ("Am. Compl. ¶ 12.) Plaintiffs claim that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), New York General Business Law § 349 ("NYGBL § 349"), and New York Judiciary Law § 487 ("NYJL § 487") by pursuing litigation in the name of CPS to collect debts that actually belonged to SPV I.

The relationship between SPV I and CPS is central to the dispute. On or about June 13, 2003, SPV I and CPS entered into a Servicing and Management Agreement ("SMA") wherein CPS agreed to manage, collect and service the accounts that were owned by SPV I at that time for the consideration set forth in the SMA. (*See* Exhibit Annexed to Am. Compl. at 161.) Beginning in December 2007, SPV I transferred accounts, including the accounts of the four named plaintiffs in this action, to CPS via assignment on a case-by-case basis. (*See generally* Am. Compl.) CPS was tasked with pursuing collection or judicial enforcement of the debt obligations under each of the assigned accounts. (*See id*. ¶ 46.) The assignments at issue are substantially the same and vest with CPS all of SPV I's rights to pursue collection or judicial enforcement of obligations under SPV I's accounts. (*See* Exhibit Annexed to Am. Compl. at 36, 87, and 157.) Subsequently, CPS, as assignee of SPV I, was the named plaintiff in separate collection lawsuits against Plaintiffs in state court. (*See* Am. Compl. ¶¶ 10-13.)

In its July 31 Order, the Court granted various motions to dismiss Plaintiffs' claims, which were predicated on the notion that the underlying collection actions should not have been

commenced on behalf of CPS, as CPS did not have standing and was not the real party in interest. (*See generally* July 31 Order, Docket No. 73.) Plaintiffs supported this conclusion by contending that the assignments only assigned to CPS the right to pursue collection of the debts, which, they asserted, was an interest insufficient to confer standing. (*See* Am. Compl. ¶ 40.)

On August 27, 2014, Plaintiff filed the subject motion for reconsideration of the July 31 Order, pursuant to Local Rule 6.3.[1] Plaintiffs argue that the Court improperly held that CPS had standing to commence the underlying debt collection lawsuits based on the above-mentioned assignments, because the Court did not consider that the assignments incorporated the SMA by reference. (*See* Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration ("Pls. Mem."), Docket No. 79, at 1-3.) Additionally, Plaintiffs argue that the Court should reconsider its dismissal of their NYJL § 487 claims, because they provided factual and legal support which the Court did not discuss in its July 31 Order. (*See id.* at 12-13.) Defendants oppose the motion on various grounds, arguing that Plaintiffs cannot satisfy the strict standard required for reconsideration, because the Court did not overlook any facts or controlling principles of law and Plaintiffs did not provide the Court with any newly discovered evidence. (*See, e.g.*, Defendants Schachter Portnoy, LLC and Craig Faye's Memorandum of Law in Opposition ("Schachter Mem."), Docket No. 82, at 6.) The Court agrees.

## DISCUSSION

### I. Standard for Reconsideration

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

---

[1] Under Local Civil Rule 6.3, an affidavit may not be filed in support of a motion for reconsideration absent court authorization. Plaintiffs' two submitted declarations are equivalent to an affidavit. *See Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("Because the rule permits such motions only to deal with matters or decisions which it is claimed the court has 'overlooked,' affidavits are not permitted inasmuch as no new facts may be adduced."). As Plaintiffs did not request such leave here, the Court will not consider the submitted declarations.

3

the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Hinds County, Miss.*, 708 F. Supp. 2d at 369; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

## I. Plaintiffs May Not Relitigate the FDCPA Claims

Plaintiffs argue that reconsideration of the dismissal of the FDCPA claims is warranted, because the Court erred in not considering the SMA in conjunction with the assignment documents in the state court file. (*See* Pls. Mem. at 1.) Plaintiffs contend that the SMA utilizes language reflecting that SPV I owned and controlled the accounts it assigned to CPS for servicing, and that the later assignment's referral to discrete paragraphs of the SMA require the two contracts to be "read in harmony." (Pls. Mem at 3.) Such a harmonious reading, Plaintiffs argue, would lead the Court to find that the June 13, 2003 SMA was "incorporated by reference" into the assignments, and, thus, SPV I retained control over the account portfolios transferred to CPS in the assignments by virtue of language in the SMA. (*Id.* at 2-3.) According to Plaintiffs, this compels the Court to conclude that CPS did not own the right to pursue collection of accounts that the assignments conveyed, and, therefore, did not have standing to sue. (*Id.* at 5-9.)

As an initial matter, this argument is inapplicable as to plaintiffs Kearney and Bird. With regard to these Plaintiffs, the Court held that their FDCPA claims are time barred as against all defendants, which warranted dismissal. (*See* July 31 Order at 8-10.) Plaintiffs Kearney and Bird do not seek reconsideration as to this Court's dismissal of their FDCPA claims on statute of limitations grounds. (*See generally* Pls. Mem.) Thus, Plaintiffs' motion for reconsideration as it relates to the FDCPA claims bears upon only plaintiffs Rodriguez and Goldstein.

With regard to the remaining FDCPA claims, it is well settled that "[a] 'motion to reconsider should not give the moving party another bite at the apple by permitting argument on issues that could have or should have been raised on the original motion.'" *Bace v. Babitt,* 2012 WL 2574750, at *4 (S.D.N.Y. July 3, 2012) (citing *Key Mechanical Inc. v. BDC 56 LLC,* 2002 WL 449856, at *2-3 (S.D.N.Y. Mar. 22, 2002), *aff'd,* 330 F.3d 111 (2d Cir. 2003)). Moreover, the goal of Local Rule 6.3 is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quotations omitted). Therefore, "[u]nder [L.C.R. 6.3], a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *E.E.O.C. v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) (quoting *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).

Plaintiffs previously did not raise their current argument regarding the impact of the SMA on the assignments, and, because they could have made this argument previously, they are precluded from raising it now. As Plaintiffs clearly state in their motion for reconsideration, the SMA was attached to the First Amended Complaint, and therefore was before this Court when it adjudicated Defendants' motions to dismiss. (*See* Pls. Mem. at 2.) In their Amended Complaint

and response to the motions to dismiss, Plaintiffs dealt directly with the impact of the SMA on the 2007 assignments and never argued that the assignments at issue incorporated the entire 2003 SMA by reference or that the SMA's language somehow supersedes the language of the subsequent assignments, as they now argue. (*See generally* Am. Compl.; Plaintiffs' Response in Opposition to All Defendants' Motions to Dismiss ("Pls. Opp. Mem."), Docket No. 55.) Instead, Plaintiffs argued that SPV I assigned CPS the right to seek to collect the debt, but not title to or ownership of the debt. (*See* Am. Compl. ¶ 12.) Moreover, the detailed arguments put forward by Plaintiffs in their Amended Complaint, and in their opposition papers to all of Defendants' motions to dismiss, related almost solely to the significance of the assignments at issue. (*See. e.g.*, Am. Compl. ¶¶ 43-51, 107-110.) Plaintiffs previously failed to argue or even suggest that the SMA decreased the rights obtained by CPS in the assignments. In fact, when acknowledging the existence of the SMA, Plaintiffs simply argued that "[t]he SMA does nothing to *increase* the assignment right of CPS." (Am. Compl. ¶¶ 79, 110 (emphasis added).) Plaintiffs' instant argument could have been made in opposition to Defendants' motions to dismiss, but they failed to do so. Plaintiffs may not do so now through a motion for reconsideration.

In the instant motion, Plaintiffs also contend that, even if the Court does not consider the SMA, the dismissal of their FDCPA claims was in error due to this Court's incorrect interpretation of *Advanced Magnetics Inc. v. Bayfront Partners, Inc.,* 106 F .3d 11 (2d Cir. 1997). (*See* Pls. Mot. at 9.) This argument is similarly inappropriate for a motion for reconsideration, because Plaintiffs have failed to "point to controlling decisions or data that the court overlooked" and, instead are reiterating arguments the Court has rejected. *See Shrader*, 70 F.3d at 257. The Court examined *Advanced Magnetics Inc.* extensively in its July 31 Order, and found Plaintiffs' reliance on this case to be misplaced. (*See* July 31 Order at 11-13.) Moreover,

6

Plaintiffs' present argument does not reflect any intervening change of controlling law or the availability of new evidence that would require reconsideration by the Court. Plaintiffs may not use this motion for reconsideration "as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Accordingly, Plaintiffs' motion for reconsideration as to the dismissal of their FDCPA claims is denied.

## II. NYJL § 487

NYJL § 487 provides that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is guilty of a misdemeanor and is liable for treble damages recoverable in a civil action. In its July 31 Order, the Court dismissed Plaintiffs' allegations that CPS, SPV I, the Choi Defendants, and the Schacter Defendants violated section 487 by bringing and participating in the underlying debt collection law suits and "deceiv[ing] consumers into believing that they had no basis to challenge the claim that CPS had a legal right to bring suit." (Am. Compl. ¶ 149.) In dismissing this claim, the Court stated that Plaintiffs' section 487 claims "relies extensively on their claim that CPS did not have standing to bring these suits, a claim this Court has rejected." (July 31 Order at 17.) The Court further noted that, even if CPS lacked standing in the underlying debt collection suits, Plaintiffs failed to plead plausibly their section 487 claim, as: (1) a lack of standing is a curable procedural defect; and (2) Plaintiffs cite no cases supporting the conclusion that a mere lack of standing demonstrates the intent to deceive. (*Id.*) Plaintiffs now request reconsideration of the Court's dismissal of their section 487 claims against the Choi Defendants and the Schacter Defendants. (*See* Pls. Mot. at 11-12.) The request is denied.

Plaintiffs have failed to raise any new evidence, controlling decisions, or arguments that the Court overlooked with regard to their section 487 claims. As the Choi Defendants aptly note,

7

"In support of their argument, plaintiffs reiterate the precise arguments that have already been rejected. They compare an [allegedly] improper assertion of standing to the filing of collection lawsuits without any meaningful attorney review, including the submission of false affidavits." (Defendants Choi Law Office PLLC and Danielle C. Choi's Memorandum of Law in Opposition, Docket No. 81, at 13.) Plaintiffs' continued reliance on this argument is misplaced, as "[a] motion for reconsideration is not 'an occasion for repeating old arguments previously rejected.'" *Hicks v. T.L. Cannon Corp.*, 2014 U.S. Dist. LEXIS 144210 (W.D.N.Y. Oct. 8, 2014) (citing *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)); *see also Dinsio v. F.B.I.*, 2007 WL 2581214, at *1 (W.D.N.Y. Sept. 5, 2007) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments.").

Moreover, courts repeatedly have dismissed section 487 claims where, as here, there is an absence of evidence of the requisite intent to deceive. *See O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 596-597 (S.D.N.Y. 2008) (granting Defendants' motion to dismiss section 487 claim as the record lacked any evidence of intent to deceive); *McNamara v. Estis*, 226 A.D.2d 258 (1st Dep't 1996)( granting summary judgment and dismissing section 487 claim as plaintiffs failed to show an intent to deceive). In their instant motion, Plaintiffs still "cite no cases supporting the conclusion that a mere lack of standing demonstrates the intent to deceive." (July 31 Order at 18.) Plaintiffs have failed to articulate any reason for the Court to revisit its prior ruling, and, therefore, Plaintiffs' motion to reconsider the Court's dismissal of their section 487 claims is denied.

## III.  NYGBL § 349

Plaintiffs' motion for reconsideration does not address the Court's dismissal of the NYGBL § 349 claims. Accordingly, reconsideration is inappropriate.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2015

/s/
DORA L. IRIZARRY
United States District Judge